**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ALLSCRIPTS HEALTHCARE, LLC,** *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| **v.** | : | NO.  21-704 |
| | : | |
| **ANDOR HEALTH, LLC,** *et al.* | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                        **September 7, 2021**

Federal courts must protect their jurisdiction. We must ensure parties comply with our Orders.  But parties may try to creatively exert leverage by protecting their rights as to non-parties outside of our jurisdiction so long as they do not abuse lawful process.  We today address if or how we should address one defendant's private criminal complaint in India against non-parties somehow affiliated with the plaintiff relating to the same subject matter before us.  We appreciate a plaintiff's frustration in spending time and effort to address an allegedly transparent effort to chill its rights here by criminal investigations of plaintiff's affiliates in India especially if the plaintiff believes the criminal allegations are demonstrably false.

But the factual record is not clear and the legal right to stop an Indian entity from cooperating with an Indian police investigation is far from clear. The Indian entity defendant confirms it has not, and agrees it will not, seek civil remedies against the parties before us outside of the counterclaims and defenses it filed here. The parties stipulated last month to our personal jurisdiction to resolve the issues between them. But they did not agree to our jurisdiction or venue as to issues involving non-parties although they knew of the ongoing criminal investigation involving the non-parties in India.

The frustrated plaintiffs offer no basis under a contract, an Order, the All Writs Act, or our inherent authority to preliminarily enjoin the Indian entity defendant from cooperating in an ongoing criminal investigation in India against non-parties although the investigation may relate to issues in the same defendant's counterclaims. Our view does not change because plaintiff claims the criminal investigation is based on false reports. We cannot preliminarily enjoin this Indian entity defendant from participating in the Indian criminal matters because the plaintiff believes the criminal allegations are false. We trust the Indian authorities will discern the veracity of the criminal allegations and appropriately address false reports if warranted. The parties agree the results of those findings are not binding on us. And it is not our role, nor do we have the evidence, to make those findings on a preliminary record.

We deny the plaintiffs' motion for immediate extraordinary relief in either enforcing a stipulation to pursue civil remedies here (as there is no risk of defendants not doing so) or to preliminarily enjoin the Indian entity defendant from further cooperating in an ongoing criminal investigation against non-parties in India. Nothing in our analysis today on this preliminary record should be read by anyone as approving the defendant Indian entity's leverage tactic. The parties are aware this conduct may be presented to the jury if shown to be relevant under plaintiff's pending abuse of process claims.

## I.    Facts

Allscripts Healthcare, LLC acquired software known as Health Grid along with its related business operations. Allscripts planned to use Health Grid, a mobile application platform used in the delivery of healthcare, to complement its flagship product, FollowMyHealth. FollowMyHealth is a mobile application allowing patients, doctors, hospitals, and health systems to communicate

over mobile devices through a "Mobile Patient Experience," personal health record, and telehealth applications.

Allscripts acquired Health Grid under the terms of an April 2018 Merger Agreement with Raj Toleti, Health Grid's owner and Chief Executive Officer. Allscripts agreed to employ Mr. Toleti as Senior Vice President and General Manager of Allscripts's Health Grid business unit. Allscripts also hired Health Grid employee Amar Bulsara. Messrs. Toleti and Bulsara each signed an Inventions Restrictive Covenant Agreement in May 2018 which included confidentiality, non-disclosure, non-solicitation, and non-compete provisions. Messrs. Toleti and Bulsara became deeply involved in Allscripts's business, confidential information, and trade secrets, particularly Allscripts's patient engagement, Mobile Patient Experience, and telehealth capabilities.

At Mr. Toleti's suggestion, Allscripts contracted with two healthcare technology companies he founded, Andor Health, LLC and Mahathi Software Pvt., Ltd. ("Mahathi India") to support the Health Grid product. One contract is a Statement of Work with Mahathi India. Mahathi India contends it owns the intellectual property rights for the standard user interface used in the Health Grid platform and Allscripts did not acquire the intellectual property rights as part of the transaction.[1] Allscripts disagrees, contending Mahathi India has no interest in the intellectual property rights having assigned the rights to Andor Health.[2]

Allscripts and Andor Health entered into a Reseller Agreement in September 2019 sublicensing to Allscripts the implementation tool (known as the "Config Tool") for the Health Grid product. Under the terms of the Reseller Agreement, Allscripts sought to license certain Andor Health products for sublicensing to its customers. Andor Health granted Allscripts a non-exclusive, non-transferable, revocable license to use, reproduce, and modify Andor Health products, market and sublicense use of Andor Health products, and enable Allscripts products to

3

interface or integrate with Andor Health products. The Reseller Agreement contained non-solicitation, non-compete, confidentiality, and non-disclosure obligations on Andor Health.

Mr. Toleti resigned from Allscripts in March 2020. The relationship between Mr. Toleti, Andor Health, Mahathi India, and Allscripts soured, and the parties resolved their disputes through a Settlement Agreement. Mr. Toleti agreed the non-compete and non-solicitation obligations in the Merger Agreement, Reseller Agreement, and Restrictive Covenants remained in effect to bind him, Andor Health, and Mahathi India. After the parties executed the Settlement Agreement, Mr. Toleti became the Chairman and Chief Executive Officer of Andor Health.

Andor Health and Allscripts then entered into a Marketing Services Agreement after Mr. Toleti's departure where the two entities agreed to provide one another with marketing and sales services in the United States. Andor Health agreed not to refer to incorporation or implementation of direct patient messaging functionality in the FollowMyHealth campaigns.

Andor Health sought permission from Allscripts in September 2020 to hire key former Allscripts employees including Mr. Bulsara. Allscripts denied the request. Andor Health still engaged Mr. Bulsara's services through a consulting company.

### *Allscripts brings this case.*

Allscripts filed this case on May 17, 2021 against Andor Health, LLC, Mahathi India, and Messrs. Toleti and Bulsara alleging Andor Health exploited Mr. Bulsara's knowledge of Allscripts's trade secrets to unfairly compete. Allscripts also alleges Andor Health and Mahathi India engaged one of Allscripts's largest clients, Optum, Inc., to augment its staff while implementing FollowMyHealth. Allscripts alleges it agreed to this arrangement to preserve its relationship with Optum, Inc. Allscripts alleges Andor Health offered telemedicine, patient

4

engagement, and mobile patient experience solutions using an interface nearly identical to FollowMyHealth and sold its mobile telehealth programs to Allscripts's client, Health First.

Allscripts also alleges Andor Health, Mahathi India, and Messrs. Toleti and Bulsara violated contractual restrictions on solicitation, competition, use of confidential information, intentionally and willfully misappropriated trade secrets, and tortiously interfered with Allscripts's business relationships. It also sought injunctive relief.

### *Mahathi India responds by filing a private criminal complaint in India.*

Two weeks after Allscripts sued here, Mahathi India filed a criminal complaint in India alleging theft, mischief, forgery, cheating, criminal conspiracy, hacking, "computer related offenses," and criminal breach of trust against Allscripts Healthcare Technologies (India) Private Limited ("Allscripts India"); its director Jaydeep Wakankar; Allscripts's employees James Hewitt (Executive Vice President), Jeff Franks (Senior Vice President), and Warren Nash (Senior Systems Engineer); and non-parties Ravi Soorasani and Nick Rivali.[3] Mahathi India asked the Indian police to investigate and order the "immediate arrest" of Messrs. Hewitt, Franks, Nash, Soorasani, Rivali, and Wakankar. Mahathi India told the Indian police it provided services to Allscripts from June 2018 to May 17, 2021 (the date of Allscripts's complaint) and Allscripts "breached [Mahathi's] privacy" and stole its confidential data from Mahathi India's computers in India.[4]

### *Mahathi India provides a June 12, 2021 "First Information Report" in India.*

Mahathi India then submitted a Declaration of its Vice President Maddi on June 12, 2021 after the Cyber Crime Police in India questioned him for over two hours regarding the allegations made in its May 31, 2021 private criminal complaint, took a written statement from him, and registered a "First Information Report."[5] Chanakya Basa of the Chandrasen Law Offices, Mahathi India's counsel in India, swears a "First Information Report" is filed by police after conducting a

preliminary investigation of the allegations in a criminal complaint and it is the police and not a private citizen who determine whether a First Information Report is "registered" as an "official record."[6] Allscripts does not dispute the sworn description of this process.

Mahathi India described its claims as including Allscripts India agreeing to the May 18, 2018 Statement of Work, terminated by Allscripts India on May 14, 2021 which then "breached [Mahathi's] privacy" by illegally accessing its servers, removing the subscription and potentially confidential data, and disabling Mahathi India's access to its own computers.[7]

### *Allscripts files its first amended Complaint on June 14, 2021.*

Allscripts filed a first amended Complaint on June 14, 2021 before us against Andor Health, Mahathi India, Messrs. Toleti and Bulsara, and a new defendant, Andor Health employee Paul Tyriver.[8] Allscripts alleged Mahathi India, Andor Health, Mr. Toleti, and Mr. Tyriver conspired to launch a cyberattack on Allscripts's mobile patient experience application. It alleged civil conspiracy, tortious interference with existing and prospective economic advantage, trespass, conversion, misappropriation of trade secrets under the federal Defend Trade Secrets Act, misappropriation of trade secrets under the Illinois Trade Secrets Act, violation of Florida's Deceptive and Unfair Trade Practices Act, breach of the Settlement Agreement, breach of the Restrictive Covenants, breach of the Reseller Agreement, breach of the Merger Agreement, breach of the Market Services Agreement, and injunctive relief.

### *Defendants answer part of the first amended Complaint and file counterclaims.*

Andor Health, Mahathi India, and Mr. Toleti answered some of the claims in the first amended Complaint and filed counterclaims against Allscripts and Messrs. Hewitt, Franks, Nash, and Bryan Seaborn, a Principal Software Engineer at Allscripts.[9] Andor Health alleged Allscripts failed to operate Health Grid in good faith and "maliciously" seized control of Mahathi India's

"Microsoft Azure tenant" by hacking into its system and locking out Mahathi India administrators, removing data, and stealing a source code for its User Interface system. They allege essentially the same facts as those the Indian police began investigating but couched them in terms of violations of the federal Computer Fraud and Abuse Act, tortious interference with prospective economic advantage, unfair competition, commercial disparagement under the Illinois Deceptive Trade Practices Act, misappropriation of trade secrets under the federal Defend Trade Secrets Act, breach of the Reseller Agreement, breach of the implied covenant of good faith and fair dealing of the Reseller Agreement, breach of the Merger Agreement, Specific Performance of the Merger Agreement, breach of Mahathi India's "User Interface" license, and violation of Florida's Computer Crimes Act.[10]

### *Indian police email individuals named in Mahathi India's criminal complaint.*

On July 3, 2021, Indian police emailed Messrs. Hewitt, Franks, Nash, Soorasani, and Rivali in the United States and Mr. Wakankar in India notifying them of a criminal complaint "registered in cyber crime police station" against them and Allscripts for illegal access to Mahathi India's data.[11] The Indian police demanded information. Mahathi India's Vice President Maddi swears the Cyber Crime Police in India sent a "Section 91 Notice" in the July 3, 2021 email and Mahathi India did not direct or control the Cyber Crime Police's decision to issue such notice.[12] Attorney Basa swears a Section 91 Notice under India's Code of Criminal Procedure is a mechanism to produce documents related to a criminal investigation.[13]

Allscripts does not dispute Mahathi India's description of Indian criminal procedure. Its in-house counsel, Catherine Spector, responded to the Indian police inquiries and, while objecting to the jurisdiction of the Indian police, provided documents and a summary of the dispute and litigation between the parties.[14] Investigators into the Indian criminal complaint—some of whom

Allscripts believes to be Mahathi India employees—demanded documents from Mr. Wakankar, the manager of Allscripts India.[15]

The Cyber Crime Police then issued to Mr. Wakankar a "Section 41A Notice" on July 13, 2021, under India's Penal Code.[16] Attorney Basa swears a Section 41A Notice is issued to a person where there is a "reasonable complaint" or "credible information" or "reasonable suspicion" the person has committed a "cognizable offence" and to appear before the police for questioning.[17] Allscripts also does not contest this process under Indian criminal law.

Forced to retain legal counsel to avoid arrest, non-parties Mr. Wakankar and Allscripts India began proceedings in India to set aside the criminal complaint. An Indian court granted Mr. Wakankar's petition seeking an order preventing the Indian police from arresting him on July 17, 2021. The Indian court's order quashing the arrest warrant for Mr. Wakankar found: "A perusal of the material available on record prima facie shows that the aforesaid two companies viz., Allscripts Healthcare LLC and Allscripts (India) LLP are separate and independent legal entities. It also shows the petitioner [Mr. Wakankar] is in no way concerned with the administrative affairs of the accused Company. Therefore, in the facts and circumstances of the case, the Court is of the considered view that there shall be a direction to the Investigating Officer not to take any coercive steps against the petitioner including arrest."[18] Andor Health and Mahathi India do not contest the substance of the Indian court's order.

In response to the Indian court's July 17, 2021 Order quashing the warrant for Mr. Wakankar's arrest, Mahathi India appealed the Order and accused Mr. Wakankar of perjury again seeking his arrest.[19] Mahathi India does not contest it appealed from the Indian court's July 17, 2021 Order.

***Andor Health, Mahathi India, and individual defendants move to dismiss.***

Mr. Tyriver moved to dismiss the claims against him in this case for lack of personal jurisdiction on July 13, 2021.[20] Mr. Bulsara joined in the Motion.[21] Defendants Andor Health, Mahathi India, and Mr. Toleti moved to partially dismiss the first amended Complaint.[22] Mr. Bulsara joined in this Motion as well.[23]

***Our status call with the parties regarding personal jurisdiction.***

We held a status call one week later to discuss the parties' stipulation extending time to respond to the motions to dismiss and counterclaims and the need for jurisdictional discovery. Allscripts already filed its first amended Complaint, the Andor Health defendants filed counterclaims, and Mahathi India brought its criminal complaint in India which Allscripts's in-house counsel, Attorney Spector, responded to by providing documents to the Indian police. Allscripts's counsel did not advise us about the Indian criminal complaint or then object to it as abusive or improper contrary to the parties' stipulation.

Our July 20, 2021 status call focused solely on the jurisdictional issues raised by Messrs. Tyriver and Bulsara. Allscripts told us the parties hoped to streamline the case and resolve the jurisdictional issues through a second amended Complaint. We granted Allscripts leave to file a second amended Complaint without objection, allowed expedited jurisdictional discovery, and held the personal jurisdiction motion pending completion of jurisdictional discovery.

***Indian criminal complaints move forward between July 23 and August 6, 2021 and Mahathi India's counsel in India threatens Allscripts with civil action.***

The Indian authorities' investigation into the Indian criminal complaint brought by Mahathi India against Mr. Wakankar continued through late July and early August 2021. Mahathi, through its Attorney Basa, sent a July 30, 2021 "Legal Notice" to Allscripts and Allscripts entities in India demanding Allscripts cease and desist from using mobile patient engagement applications or face

9

additional civil and criminal action in India: "… you are hereby called upon by my client to cease and desist forthwith from using the intellectual property of my client in any manner including the Standard User Interface ("UI"), Source Code of the Mobile Applications, its derivatives, for commercial or personal use or creating deceptively similar works and reply/report within 7 days from the date of receipt of this notice about the compliance of this Cease and Desist Notice, failing which my client will be constrained to initiate civil and criminal proceedings against you, including claiming damages and making you liable for all costs and consequences thereof."[24]

### *The parties' August 2, 2021 stipulation regarding personal jurisdiction.*

The parties in this Court filed a stipulation on August 2, 2021 agreeing to withdraw Mr. Tyriver's Motion to dismiss for lack of personal jurisdiction; consenting to this Court "***as the forum in which to litigate the claims asserted by and against each of them*** including [Messrs.] Tyriver, Bulsara, Hewitt, Franks, Nash, Seaborn ***in this lawsuit***;" (3) vacating the personal jurisdiction discovery order; and (4) vacating the briefing on Mr. Tyriver's Motion to dismiss for lack of personal jurisdiction.[25]

We approved the parties' stipulation, denied Mr. Tyriver's Motion to dismiss for lack of personal jurisdiction as withdrawn, and vacated the discovery and briefing obligations relating to personal jurisdiction.[26]

### *Allscripts files its second amended Complaint.*

Allscripts filed its second amended Complaint on August 6, 2021, adding Health Grid Holding Company, LLC; Health Grid LLC; Health Grid Coordinated Care Solutions, Inc.; and Mahathi Software, LLC as plaintiffs (collectively, "Allscripts").[27] Allscripts asserts claims against Andor Health, Mahathi India, Mr. Toleti (individually and as representative of the participating equity holders of the Merger Agreement), and Messrs. Tyriver and Bulsara individually for: civil

10

conspiracy; violation of the federal Computer Fraud and Abuse Act; violation of the federal Stored Wire and Electronic Communications and Transactional Records Act; violation of Florida's Computer Abuse and Data Recovery Act; violation of Illinois' Computer Tampering Act; misappropriation of trade secrets under the federal Defend Trade Secrets Act; misappropriation under Illinois' Trade Secrets Act; violation of Florida's Deceptive and Unfair Trade Practices Act; abuse of process; unfair competition; tortious interference with existing and prospective economic advantage; breach of the duty of loyalty against Mr. Toleti; breach of the Settlement Agreement; breach of the Restrictive Covenant Agreements; breach of the Reseller Agreement; breach of the Marketing Services Agreement; breach of the Merger Agreement; breach of the Shared Work Agreements; declaratory judgment; and injunctive relief. The abuse of process claim pertains to the private criminal complaint filed by Mahathi India in India.[28] The injunctive relief seeks to enjoin Defendants from "threatening and/or pursuing further criminal and civil action in India."[29]

### *Allscripts moves for a preliminary injunction and to enforce our August 2, 2021 Order.*

On August 11, 2021, five days after filing its second amended Complaint, Allscripts moved to enforce our August 2, 2021 Order and for a preliminary injunction. Allscripts seeks to: enforce the parties' stipulation and our August 2, 2021 Order "by compelling Defendants to litigate their claims in this Court and barring them from opening or pursuing litigation in any other forum related to the same subject matter"; enjoin Mahathi from "voluntarily taking any action in support or furtherance of the Indian criminal proceedings and from opening or pursuing any civil action related to the subject matter of this action in any other forum"; and granting such other or further relief as the Court deems fair and just.[30]

*Oral argument.*

We held oral argument on Allscripts's motion to enforce our August 2, 2021 Order and for a preliminary injunction. The thrust of Allscripts's argument is Mahathi India's criminal complaints brought in India are based on facts Mahathi India knows are false yet continues to advance in India to gain leverage here. Allscripts contends Mahathi India's private criminal complaint and later cooperation is an abuse of process (as plead in the second amended Complaint) we may enjoin under the terms of the parties' stipulation, our equitable powers, and the All Writs Act. Allscripts focused on disputed facts and argued we must grant the extraordinary remedy of enjoining Mahathi India from acting in support or furtherance of a criminal claim against non-parties in India. It concedes there is no present risk of the parties before us seeking a civil remedy against each other anywhere but here. It could not answer why it did not expand the August 2, 2021 stipulation to affiliates of the parties especially when it knew several weeks earlier of Indian authorities investigating its affiliates. Allscripts also could not cite authority for its extraordinary relief but instead argued the challenged conduct is so reprehensible it has not happened before. We reminded counsel of several instances where parties, especially in hotly disputed domestic relations or partnership disputes, attempt to use the leverage of  local police power by reporting alleged crimes by their adversaries in the civil case. Allscripts focused on their assertions we must intervene because Mahathi India is lying to the Indian authorities and Allscripts can prove it.

Andor Health and Mahathi India's United States counsel argued Mahathi India is an Indian entity, harmed in India, and has the right to report criminal conduct in India. Counsel disputed claims of several criminal complaints and explained the police required further explanations to support Mahathi India's one private criminal complaint. Counsel offered very little to explain Mahathi India's leverage play; its reasons are manifest and will need further scrutiny. But counsel

focused on its view of the law: we may not enjoin the Indian criminal investigation under the law of this Circuit and it has not breached and will not breach the August 2, 2021 stipulation. Its United States counsel disavowed much knowledge of her client's activity in the Indian criminal investigation because she does not represent Mahathi India in India. We cautioned Mahathi India's counsel to avoid trying to distance herself from her principal's conduct. She must be aware of her client's conduct and we will not allow ignorance of a client's acts in India to excuse counsel's professional obligations nor the obligations of Mahathi India to this Court.

## II. Argument

Allscripts asks we enjoin Mahathi India from pursuing a threatened civil action against it and its employees in India and continuing its criminal complaints against Allscripts India and the manager of a non-party affiliate in India. Mahathi India responded to the filing of this case by filing a criminal complaint against Mr. Wakankar in India and, on July 30, 2021, its Indian counsel threatened Allscripts with civil litigation based on the same facts and issues before us. To date, there are no civil proceedings filed by Mahathi in India against Allscripts Healthcare LLC, Allscripts India, or individuals named in the criminal complaint. And Mahathi India repeatedly represented to us it will not seek civil remedies against parties before us outside of our Court.

### A. Allscripts offers no present basis to find anyone violated our August 2, 2021 Order.

Allscripts first seeks to enforce our August 2, 2021 Order approving the parties' negotiated agreement for this Court to be "the forum in which to litigate the claims asserted by and against each of them in this lawsuit" precluding Mahathi India from pursuing litigation in India based on the same facts and arguments pending here. Allscripts concedes this agreement only applies to civil remedies.[31]

There is no question a court has the power to enforce its own orders.[32] We need not resolve the parties' dispute over whether the stipulation, and our Order approving it, is a venue provision or an agreement to personal jurisdiction only. The negotiated language of the stipulation confirms the limited scope of its protection: "***All parties***, including Tyriver, Bulsara, Hewitt, Franks, Nash, and Seaborn, consent to this Court as the forum in which to litigate the claims ***asserted by and against each of them in this lawsuit***[.]"[33] The plain and unambiguous language of the stipulation pertains to the parties and claims asserted by and against each of the parties in this lawsuit. While Mahathi India is a party to the stipulation, Allscripts India and its manager Mr. Wakankar are not parties under the stipulation. Allscripts's counsel conceded at oral argument Allscripts India and Allscripts Healthcare, LLC are "cousins" as subsidiaries, through different levels of owners related in some manner to non-party Allscripts Healthcare Solutions, Inc. And Allscripts concedes it seeks to enforce the August 2, 2021 stipulation as to threatened civil actions only.[34]

Andor Health and Mahathi India represented they "do[] not intend to seek civil remedies against [Allscripts] in India relating to the allegations or claims at issue in this lawsuit."[35] There are no currently pending civil actions in India. Mahathi India's Indian counsel admittedly threatened to sue Allscripts; true to its threat, Mahathi India filed counterclaims against Allscripts and its employees in this case.

At this stage, Mahathi India has not violated the stipulation relating to a civil case. There is also no basis under the stipulation to enforce our Order as to the criminal action in India against non-parties. Mahathi India brought a criminal complaint against Allscripts India and Mr. Wakankar, non-parties to the stipulation. Allscripts added claims for abuse of process challenging this action. At oral argument, the parties agreed a decision by the Indian court, if any, in the criminal action has no preclusive effect on this action.

14

**B.  Allscripts did not meet its burden to enjoin ongoing police cooperation.**

There is no dispute Mahathi India's Indian counsel threatened Allscripts and three of its "cousin" entities directed by Mr. Wakankar in India to "cease and desist . . . from using [Mahathi India's] intellectual property" with civil litigation and a continuation of its criminal complaints for alleged breaches of Mahathi India's privacy and confidential data and use of its intellectual property.[36] The issue is whether we can enjoin Mahathi India from further proactive cooperation in the criminal investigation against nonparties in India. We find no basis to do so.

**1.  Allscripts offers no basis for an anti-suit injunction.**

Expressing a "serious concern for comity," our Court of Appeals applies a "restrictive approach" to the entry of anti-suit injunctions enjoining foreign litigation.[37] In *General Electric Co. v. Deutz AG*, our Court of Appeals considered two approaches applied by the federal courts of appeals in considering whether injunctions on foreign litigation are justified: a liberal standard and a more restrictive standard. Our Court of Appeals applies the more restrictive standard, "rarely permitting injunctions against foreign proceedings."[38]

Under the more restrictive standard, we may enjoin a foreign parallel proceeding "only to protect jurisdiction or an important public policy."[39] "[P]arallel proceedings are ordinarily permitted to proceed simultaneously, at least until one has reached the stage where its ruling becomes *res judicata*."[40] Parallel foreign proceedings which are vexatious, harassing, or inconvenient, and duplicative are not sufficient to enjoin a foreign parallel proceeding.[41] We are "unequivocally direct[ed]" by our Court of Appeals to "exercise restraint in enjoining foreign proceedings."[42]

Allscripts argues both exceptions are present here. It argues Defendants agreed to our jurisdiction in the venue selection clauses of the "relevant contracts." Allscripts does not provide

us with these contracts. Allscripts also argues Defendants stipulated to our jurisdiction approved by our August 2, 2021 Order. Allscripts argues Defendants' threatened civil litigation and continuing to support or further the Indian criminal investigation puts our jurisdiction at risk and is contrary to strong public policy.

We disagree. There is no civil litigation anywhere but here involving these parties and Mahathi India repeatedly represents it will not seek a civil remedy elsewhere against the parties before us. And Allscripts's cited authority is unpersuasive.[43] It conceded at oral argument of being unaware of authority supporting its request. Allscripts fails to meet the restrictive test for an anti-suit injunction set out by our Court of Appeals in *Deutz* and *Stonington Partners*.[44] There is no evidence the threatened civil litigation in India is required to protect our jurisdiction or an important public policy. We find *Deutz* and *Stonington Partners* controlling and, applying the restrictive test for the imposition of an anti-suit injunction, deny Allscripts's motion to enjoin non-existent civil litigation outside of this case or to enjoin Mahathi India from responding to police inquiries and investigations involving non-parties in India.

### 2.   Allscripts offers no basis to otherwise enjoin Mahathi India at this stage.

Allscripts conceded the anti-suit injunction analysis may not apply at oral argument but asked we still enjoin Mahathi India's proactive cooperation in the Indian criminal investigation essentially because it repeatedly lies to the Indian police authorities contrary to representations made here.  We decline this extraordinary relief based on the evidence adduced to date.

To obtain a preliminary injunction, Allscripts must establish: (1) the likelihood it will prevail on the merits; (2) the extent to which it is being irreparably harmed by the conduct complained of; (3) the extent to which Mahathi India will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest weighs in favor of granting the injunction.[45] The

first two factors are the "most critical"; Allscripts "must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief."[46] If Allscripts meets "these gateway factors," we "then consider[] the remaining two factors and determine[] in [our] sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."[47]

Allscripts fails to meet its burden of likelihood of success on the merits of its abuse of process claim. Under Delaware law, the elements of abuse of process are "(1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceedings."[48]

Abuse of process is a tort "chiefly concerned with perversion of the process after it has been issued."[49] Allscripts offers no persuasive authority for us to stop Mahathi India's cooperation in a criminal investigation involving non-parties in India. Allscripts's theory is based on its understanding of the facts given to Indian authorities. It asks us to find the statements made to the Indian authorities are false and thus we should enjoin further proactive cooperation. It also characterizes reports to the police as criminal complaints and the sworn undisputed evidence confirms Mahathi India has filed only one private criminal complaint. We are aware of no authority to stop Indian citizens from cooperating with Indian police authorities. We are also aware of no authority to enjoin unknown speculative communications based on disputed facts. We trust the Indian investigators and courts will determine the truth of statements Mahathi India made to police authorities regarding non-parties in India. Allscripts has not met its burden of demonstrating a clear legal right to enjoin potential cooperation with Indian police authorities under its abuse of process theory at this stage. Allscripts is not entitled to a preliminary injunction absent a showing

17

of likelihood of success on this abuse of process theory especially when the present evidence would allow a fact finder to conclude Mahathi India is required to cooperate and further a police investigation.

We are concerned with Mahathi India's conduct as it relates to the action before us. It claims the same injuries in its counterclaim in this action as it does in the criminal action it initiated in India. We are particularly concerned with Mahathi India's United States counsel seemingly unaware of the legal effect of her client's activities in India. Mahathi India, as a party in this action, and its United States counsel owes a duty of candor to this Court.  We expect Mahathi India will proceed consistent with its obligations of promptly supplementing discovery including detailing any change in its role in the continuing criminal investigation and producing any further information provided to the Indian authorities.

## III. Conclusion

Mahathi India agreed to resolve all claims for a civil remedy and defenses arising from Allscripts's trade secret and anti-competitive allegations and counterclaims before us. Mahathi India's counsel threatened seeking a civil remedy unless Allscripts ceased the challenged conduct. Mahathi India filed a counterclaim here pleading its claims. It has not done so in India. We have no basis to enjoin Mahathi India's or its co-defendants' filing of civil suits against Allscripts outside of our jurisdiction when it has not done so and represents it will not do so.

We also have no basis to stop Mahathi India from cooperating with the Indian police authorities at this preliminary stage. Allscripts may later show Mahathi India or its co-defendants abused process but the record as of now does not allow us to enjoin Mahathi India from cooperating in an investigation of non-parties to our case. We trust the Indian authorities will discover and appropriately address the veracity of Mahathi India's statements to them.   We have no basis for

an anti-suit injunction or to otherwise preliminarily enjoin Mahathi India's cooperation with Indian police authorities in claims against non-parties.

We deny Allscripts's Motion to enforce our August 2, 2021 Order as there is no evidence of anyone violating the Order and thus no need to enforce. We also deny an extraordinary remedy of enjoining Mahathi India from cooperating in an ongoing Indian police investigation against non-parties.

---

[1] D.I. 64 at 3.

[2] D.I. 41 ¶¶ 80-82.

[3] D.I. 42 ¶ 3; D.I. 64-3. Mahathi India, through its Vice President Madhu Maddi, filed the private criminal complaint with the Inspector of Police, Cyber Crime Police Station.

[4] D.I. 42 ¶ 3; D.I. 64-3.

[5] D.I. 64-2 ¶¶ 8-10.

[6] D.I. 64-1 ¶¶ 6-10.

[7] D.I. 42 ¶ 4.

[8] D.I. 10.

[9] D.I. 12. Defendants filed a first amended Answer and amended Counterclaims on July 19, 2021. D.I. 34.

[10] D.I. 12.

[11] D.I. 43 at 12 (using the pagination assigned by the CM/ECF docketing system).

[12] D.I. 64-2 ¶¶ 14-15.

[13] D.I. 64-1 ¶¶ 12-14.

[14] D.I. 45, Decl. of Catherine Spector at ¶¶ 4-11.

[15] D.I. 43 at 13.

[16] D.I. 64-2 ¶ 17.

[17] D.I. 64-1 ¶¶ 15-17.

[18] D.I. 41 ¶ 328.

[19] D.I. 41 ¶ 329.

[20] D.I. 23.

[21] D.I. 32.

[22] D.I. 25.

[23] D.I. 33.

[24] D.I. 43 at 5, 10, 15; D.I. 46-4 at 7.

[25] D.I. 39 (emphasis added).

[26] D.I. 40.

[27] D.I. 41.

[28] *Id.* ¶¶ 467-74.

[29] *Id.* ¶ 579.

[30] D.I. 43 at 24.

[31] D.I. 71 at 2, n.1.

[32] *E.O.H.C. v. Sec'y U.S. Dep't Homeland Sec.*, 950 F.3d 177, 194 (3d Cir. 2020).

---

[33] D.I. 39 at 2 (emphasis added).

[34] D.I. 71 at 2, n. 1.

[35] D.I. 64 at 6-7.

[36] D.I. 46-4. Allscripts describes Allscripts India as a "distant corporate cousin" as subsidiaries, at different levels, of Allscripts Healthcare Solutions, Inc.

[37] *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 161 (3d Cir. 2001); *Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods. N.V.*, 310 F.3d 118, 126 (3d Cir. 2002).

[38] *Deutz*, 270 F.3d at 160-61 (footnote omitted).

[39] *Id.* at 161.

[40] *Id.* at 157.

[41] *Id.* at 161 (citing *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 887 (3d Cir. 1981)); *Stonington Partners, Inc.*, 310 F.3d at 127.

[42] *Stonington Partners, Inc.*, 310 F. 3d at 129; *see also Bro-Tech Corp. v. Themax, Inc.*, No. 05-2330, 2007 WL 2597618, at *5 (E.D. Pa. Sept. 4, 2007) (denying anti-suit injunction seeking to enjoying a parallel action in the English High Court of Justice, applying *Deutz*).

[43] For example, Allscripts relies on cases from the United States Court of Appeals for the Second Circuit and a district court within the Second Circuit. As explained by our Court of Appeals in *Deutz*, the courts in the Second Circuit follow the restrictive approach to anti-suit injunctions. *Deutz*, 270 F.3d at 160-61. The Court of Appeals for the Second Circuit case cited by Allscripts did not allow an anti-suit injunction. *See China Trade and Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35 (2d Cir. 1987). Another case from the United States District Court for the Southern District of New York, in the Second Circuit, granted an anti-suit injunction but on a completely different set of facts. *Farrell Lines Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118 (S.D.N.Y. 1997). There the district court already entered a judgment making comity considerations less strong. Allscripts also cites a case from this District entering an anti-suit injunction but decided in 2001 before our Court of Appeals's decision in *Deutz*. *Younis Bros. & Co., Inc. v. CIGNA Worldwide Ins. Co.*, 167 F. Supp. 2d 743 (E.D. Pa. 2001). The *Younis* decision relied on the district court's reasoning in *Deutz* before our Court of Appeals reversed the district court's decision. *Id.* at 745-46 (citing *Gen. Elec. Co. v. Deutz AG*, 129 F. Supp. 2d. 776 (W.D. Pa. 2000)). *Younis* is not the law of this Circuit.

[44] D.I. 64 at 9-14.

[45] *Ramsay v. Nat'l Bd. of Med. Exam'rs*, 968 F.3d 251, 256 (3d Cir. 2020) (quoting *Greater Phila. Chamber of Commerce v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020)).

[46] *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (footnote omitted).

[47] *Id.* (footnote omitted).

[48] *Cantatore v. Univ. of De.*, 2021 WL 2135120, at *2 (Del. Super. May 21, 2021) (citing *Pfeiffer v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 7062498, at *5 (Del. Super. Dec. 20, 2011), *aff'd*, 45 A.3d 149 (Del. 2012)).

[49] *Id.*