IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLSCRIPTS HEALTHCARE, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-704 |
| | : | |
| ANDOR HEALTH, LLC, *et al.* | : | |

## ORDER - MEMORANDUM

**AND NOW**, this 13th day of December 2021, upon considering Defendants Andor Health, LLC, Mahathi Software Pvt., Ltd., and Raj Toleti's Motion for judgment on the pleadings (D.I. 142), Plaintiffs' Response (D.I. 166), Defendants' Reply (D.I. 171), and for reasons below, it is **ORDERED** Defendants' Motion (D.I. 142) is **DENIED**.

*Analysis*

Andor Health, LLC, Mahathi Software Pvt., Ltd., and Raj Toleti ("Mahathi") move for judgment dismissing Allscripts's claim for abuse of process arguing Allscripts cannot maintain a claim for abuse of process against them arising from a criminal prosecution in India.[1] Mahathi argues: (1) initiation of criminal charges is never abuse of process; (2) participating in a criminal investigation and court proceeding is not abuse of process; and (3) sending a demand letter is not abuse of process.[2] Allscripts counters: (1) an abuse of process claim can be based on a criminal proceeding; and (2) it sufficiently states a claim for abuse of process by pleading numerous "processes" Mahathi has used for an improper purpose.[3] Mahathi doubles down, arguing a claim

---

[1] D.I. 142–43.

[2] D.I. 143.

[3] D.I. 166.

based on a criminal complaint is malicious prosecution, not abuse of process, and Allscripts's reliance on cases involving civil actions is misplaced.[4] We disagree with Mahathi. Allscripts has adequately plead a claim precluding judgment as a matter of law at this stage.[5]

Abuse of process claims under Delaware Law require Allscripts plead (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceedings.[6] In pleading or proving the second prong, "there must be a 'definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process.'"[7] "'Some form of coercion to obtain collateral advantage, not properly involved in the proceeding itself, must be shown, such as obtaining the surrender of property or the payment of money by the use of the process as a threat or club. In other words, a form of extortion is required.'"[8] "Abuse of

---

[4] D.I. 171.

[5] "After pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008). "[W]e must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988)); *see also Gebhart v. Steffen,* 574 F. App'x 156, 158 (3d Cir. 2014) (citing *Turbe v. Gov. of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)) ("Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the pleadings for failure to state a claim are judged according to the same standard.").

Allscripts raises a choice of law issue about whether we should apply Delaware or Illinois law. D.I. 166. Mahathi applies Delaware law. D.I. 143. Allscripts raises the issue, finds the two laws have no actual conflict, and proceeds to apply Delaware law to its analysis. D.I. 166. We will apply Delaware law consistent with the parties' agreement.

[6] *Nix v. Sawyer*, 466 A.2d 407, 412 (Del. Super. Ct. 1983).

[7] *Korotki v. Hiller & Arban, LLC*, 2016 WL 3637382, at *2 (quoting *Preferred Inv. Servs., Inc. v. T & H Bail Bonds, Inc.*, 2013 WL 3934992, at *23 (Del. Ch. July 24, 2013)).

[8] *Id.* (quoting *Preferred Inv. Servs., Inc.*, 2013 WL 3934992, at *23 and citing *Stevens*, 1988 WL 25377, at *8 (discussing "[d]ifferent kinds of process [that] have lent themselves to such coercion," including "attachment, execution, garnishment, sequestration proceedings, arrest of the person and

process 'contemplates some overt act done *in addition to* the initiating of the suit' such that 'the *mere filing or maintenance* of a lawsuit, even for an improper purpose, is not a proper basis for an abuse of process action.'"[9]

The Delaware Superior Court regards the distinction between the torts of malicious prosecution and abuse of process "somewhat confusing," "at best, unclear," and addressing "the same general wrong of abusive litigation."[10] The tort of "[a]buse of process is concerned with 'perversion of the process after it has been issued,' in comparison to malicious prosecution which focuses on the initiation of that process. It only makes sense that malicious prosecution addresses a litigant's intent in initiating a legal action against an individual, while abuse of process addresses a litigant's use of the legal system to perpetuate an improper purpose to sue by using, or abusing,

---

criminal prosecution" as well as certain discovery devices such as depositions and interrogatories)).

[9] *Id.* (emphasis in original) (quoting Am. Jur. 2d, Abuse of Process § 11); *see also Batchelor v. Alexis Properties, LLC*, 2018 WL 5919683, at *4 (Del. Super. Ct. Nov. 13, 2018).

[10] *Adams v. Aidoo*, 2012 WL 1408878, at *12 (Del. Super. Ct. Mar. 29, 2012), *aff'd*, 58 A.3d 410 (Del. 2013), *as revised* (Jan. 3, 2013) (citing *Toll Bros. v. Gen. Acc. Ins. Co.*, 1999 WL 744426, at *5 (Del. Super. Ct. Aug. 4, 1999), *aff'd*, 765 A.2d 953 (Del. 2000)) (describing the Pennsylvania Supreme Court's distinction between malicious prosecution and abuse of process).

> Abuse of process contemplates some overt act done in addition to the initiating of the suit; thus, the mere filing or maintenance of a lawsuit, even for an improper purpose, is not a proper basis for an abuse of process action. Generally, therefore, no right of action exists for damages resulting from the institution and prosecution of a civil action if the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint even if the plaintiff had an ulterior motive in bringing the action or if the plaintiff knowingly brought suit upon an unfounded claim. However, if the suit is brought not to recover on the cause of action stated in the complaint but to accomplish a purpose for which the process was not designed, there is an abuse of process.

*See* 1 Am. Jur. 2d Abuse of Process § 11.

the imposition of proceedings that accompany litigation upon an individual."[11] "The quintessential case of abuse of process is the initiation of a valid law suit to compel the payment of a debt unrelated to the suit (a collateral purpose) and an offer to terminate such litigation upon payment of the unrelated debt."[12]

### *Abuse of process claims may arise from the initiation and involvement of a non-governmental party in criminal proceedings*.

Mahathi first argues Allscripts cannot sustain a claim for abuse of process arising from criminal proceedings because the claim is really (in its mind) for malicious prosecution. Allscripts relies upon the Delaware Superior Court pattern jury instructions and *Rhinehardt v. Bright* to argue a claim for abuse of process can exist with private citizens instituting and abusing criminal proceedings. Mahathi counters the jury instructions are not binding on us and *Rhinehardt* is distinguishable. We disagree with Mahathi on this preliminary record.

Delaware's pattern jury instructions for abuse of process provide: "One who willfully uses the legal system, whether through a criminal or civil action in the courts or in a regulatory agency, against another primarily to accomplish a purpose for which the system is not designed is responsible to the person against whom the legal process was used for any harm caused by such use. I have determined as a matter of law that [*defendant's name*] caused legal process to issue against [*plaintiff's name*] in the nature of [state process]. The purpose of which [state process] is designed is to [state purpose.] The elements that [*plaintiff's name*] must prove are: (1) an improper

---

[11] *Adams*, 2012 WL 1408878, at *13; *see also Batchelor*, 2018 WL 5919683, at *4.

[12] *Toll Bros. v. Gen. Acc. Ins. Co.*, 1999 WL 744426, at *5 (Del. Super. Ct. Aug. 4, 1999), *aff'd*, 765 A.2d 953 (Del. 2000) (detailing the torts of malicious prosecution and abuse of process and citing *Limiting the Antitrust Immunity for Concerted Attempts to Influence Courts and Adjudicatory Agencies: Analogies to Malicious Prosecution and Abuse of Process*, 86 Harv. L. Rev. 715, 732 (1973)) (thereafter applying Pennsylvania law).

or wrongful purpose in using the legal process; and (2) a willful act in the use of the system not proper in the regular conduct of legal proceedings."[13] The Delaware Superior Court cited this instruction approvingly in a decision addressing a post-trial motion in a civil case.[14] These instructions detailing Delaware law are not governing but can persuade us an abuse of process claim can arise from a criminal action.

We are also persuaded by *Rhinehardt v. Bright*, where the Delaware Superior Court denied a motion for summary judgment when a non-government actor sued for "willful and malicious use of the criminal process" after the defendants involved the police, causing the plaintiff to be arrested allegedly for the improper purpose of making the plaintiff give up his land.[15] Mr. Rhinehardt brought claims against his neighbors and the State of Delaware Department of Transportation alleging willful and malicious use of the criminal process because defendants reported Mr. Rhinehart to the police for trespassing, criminal mischief, and harassment following a property boundary dispute.[16] Mr. Rhinehardt argued "[d]efendants' course of conduct [including involving the police] illustrate[d] their bad faith motive to intimidate [him] into surrendering [his]

---

[13] Abuse of Process, 12.6, https://courts.delaware.gov/forms/download.aspx?id=85928 (last visited December 9, 2021) (bold and italics in original).

[14] *Adams*, 2012 WL 1408878, at *4–9 (citing to jury instructions provided by trial court based on model instruction and upholding jury verdict finding "[i]t is sufficient only that the jury believed, by a preponderance of the evidence, that Adams used the legal system to carry out her lawsuit against the Aidoos for a purpose other than to seek compensation for some injury resulting from wrongful conduct. Since the Aidoos presented evidence of several conceivable improper purposes which might underlie Adams' intentions, the Court finds the jury's verdict that Adams abused process is not against the great weight of the evidence, and therefore it shall not be disturbed.").

[15] 2006 WL 2220972, at *4 (Del. Super. Ct. July 20, 2006).

[16] *Id.* at *1–2.

property."[17] But the defendants claimed "they were justified in calling the police."[18] Judge Young denied summary judgment because "there appear[ed] to be a conceivable genuine issue of material fact in dispute as to whether [d]efendants intended to gain a tactical advantage by involving the police in this dispute."[19]

Mahathi attempts to distinguish *Rhinehardt* arguing: (1) the plaintiff in *Rhinehardt* did not bring an abuse of process claim; (2) criminal charges had been dropped at the time of suit; and (3) "despite the court's unexplained discussion of the elements of abuse of process, there was no abuse of process claim actually asserted in the litigation."[20] We are unpersuaded. As Mahathi concedes, Judge Young describes plaintiff's claim as a claim of "willful and malicious use of the criminal process," but applies the requisite elements and analysis for a claim of abuse of process.[21] In *Rhinehardt*, Judge Young also found the parties relied on authority involving abuse of process claims.[22] And the Superior Court in *Adams* later discussed *Rhinehardt*, finding, "Rhinehardt sued Bright and the Merkels alleging several claims in tort, including willful and malicious use of criminal process, **which the parties and the Court analogized to abuse of process**."[23] We are not persuaded the plaintiff in *Rhinehardt* did not bring a claim for abuse of process nor are we

---

[17] *Id.* at *4.

[18] *Id.*

[19] *Id.*

[20] D.I. 171.

[21] *Id.*

[22] *Id.* at *3–4 (citing *Stevens v. Indep. Newspapers, Inc.*, 1988 WL 25377, at *8 (Del. Super. Ct. Mar. 10, 1988)).

[23] *Adams*, 2012 WL 1408878, at *5 (emphasis added).

6

persuaded – as Mahathi suggests – the plaintiff brought a claim for malicious prosecution. The difference is in name only, as the parties and the Court applied the abuse of process standard, thereby allowing a claim functionally for abuse of process against a non-government official for instituting criminal proceedings against the plaintiff to obtain tactical advantage. And we do not find Judge Young's discussion of the abuse of process standard "unexplained" nor is it of any moment to us whether the criminal proceedings have been resolved at all – let alone favorably – as this is not an element of an abuse of process claim.[24]

### *Allscripts pleads an abuse of process claim.*

Allscripts pleads an abuse of process claim. Allscripts does more than just allege Mahathi initiated criminal proceedings with the improper purpose of using it as collateral in this civil litigation and to harm Allscripts's reputation and customer relationships.[25] Allscripts alleges: Mahathi filed a false complaint with the Inspector of Police in Visakhapatnam City, India in order to pressure Allscripts to abandon its civil claims here in the United States; Mahathi later pursued an additional criminal complaint for perjury against an individual associated with Allscripts in India, Mr. Wakankar;[26] Mahathi retained counsel to support and pursue the investigation with the Indian police; Mahathi appealed the ruling quashing Mr. Wakankar's immediate arrest; Mahathi

---

[24] *See, e.g.*, *Batchelor*, 2018 WL 5919683, at *3–4 (discussing different elements for malicious prosecution and abuse of process); *Adams*, 2012 WL 1408878, at *12–13 (same).

[25] *See, e.g.*, *Batchelor*, 2018 WL 5919683, at *3–4 (dismissing claim when no allegations of overt act after filing of lawsuit for improper purpose); *Korotki*, 2016 WL 3637382, at *4 (dismissing claim for abuse of process when failed to plead additional act when plaintiff claimed additional acts included filing amended complaints, dragging out lawsuit, and sent demand letter pre-litigation).

[26] Mr. Wakankar is a manager for Allscripts Healthcare Technologies (India) Private Limited and Allscripts (India) LLP. He is also the "designated partner" of Allscripts (India) LLP. D.I. 41 ¶¶ 28–29, n.1.

also actively participated in the criminal process by "fil[ing] affidavits and briefs in the Indian court to support the prosecution, resist the efforts to quash the investigation, and to appeal the adverse ruling"; and Mahathi sent a cease and desist letter to further the criminal proceedings, among other things—all purportedly for the purpose of obtaining tactical advantage in this civil litigation.[27]

Mahathi argues these post-initiation steps do not constitute "process." We disagree at this stage relying on the pleadings alone. Mahathi argues we should adopt the narrow definition of process used by Judge Rodriguez in *Zebrowski v. Wells Fargo Bank, N.A.* applying New Jersey law to the tort of abuse of process.[28] We decline to do so.

First, Judge Fallon recommended denying a motion to dismiss an abuse of process claim under Delaware Law when the allegations included initiating an allegedly sham patent infringement lawsuit and then sending out press releases regarding the lawsuit to interfere with the patent-defendant's business.[29] Judge Fallon found the dissemination of a press release constituted the "overt act done in addition to the initiating of the lawsuit."[30] Judge Fallon found this act and

---

[27] D.I. 41 ¶¶ 4, 29, 316, 323, 328–32.

[28] 657 F. Supp. 2d 511, 518 (D.N.J. 2009).

[29] *Nuance Commc'ns, Inc. v. MModal LLC*, 2018 WL 6804488, at *7 (D. Del. Dec. 27, 2018) (finding distribution of misleading press release after instituting lawsuit sufficient to be the "overt act done in additional to instituting the lawsuit"), *report and recommendation adopted*, 2019 WL 181322 (D. Del. Jan. 11, 2019); *see also PhishMe, Inc. v. Wombat Sec. Techs., Inc.*, No. 16-403, 2017 WL 3821107, at *9 (D. Del. Aug. 31, 2017) (finding "[t]his Court and Delaware state courts have repeatedly found that if a party files a lawsuit, and then is alleged to have (with an ulterior motive) tried to use the fact of that suit to cause extra-litigation or extra-judicial injury to another party, a Delaware state law claim for abuse of process can stand" and recommending denying counterclaim defendant's motion to dismiss where counterclaim defendant initiated lawsuit and then abused litigation through dissemination of press releases, social media posts and conversations with customers as means to interfere with business).

[30] *Nuance Commc'ns, Inc.*, 2018 WL 6804488, at *7.

the allegation of a sham patent lawsuit sufficient to state an abuse of process claim.[31] The Delaware Superior Court similarly found "[d]ifferent kinds of process have lent themselves to such coercion, including attachment, execution, garnishment, sequestration proceedings, arrest of the person, and criminal prosecution. . . . It has also been said that 'in a proper case an abuse of the powers which a litigant derives from the taking of a deposition on proper notice gives such notice the status of 'process' for the purpose of the tort under consideration . . . [And] [t]he use of an interrogatory may be an abuse of process where, for example, it is being used to disclose a potentially damaging fact that has no logical relation to the lawsuit."[32]

Second, Allscripts's allegations involve conduct in an Indian criminal proceeding. Neither party briefs Indian criminal procedure. Neither addresses the possibility of non-parties affiliated with Mahathi engaged in the conduct in India. But even if they did, we today resolve a motion for judgment on the pleadings, not for summary judgment. We do not have sufficient information at this stage to determine as a matter of law Mahathi's conduct is not "process" under Delaware law. Accepting the allegations as true, Allscripts states a claim. Allscripts alleges Mahathi initiated and participated in the criminal proceeding against Allscripts and the individuals – going so far as appealing a court's ruling quashing an arrest warrant and filing "affidavits and briefs" in the Indian courts in support of the criminal prosecution. Whether Allscripts can prove its claim after discovery is not before us.

We deny Mahathi's motion for judgment on the pleadings.

**KEARNEY, J.**

---

[31] *Id.*

[32] *Stevens*, 1988 WL 25377, at *8.