# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| Allscripts Healthcare, LLC, a North Carolina LLC, Health Grid Holding Company, LLC, Health Grid, LLC, Health Grid Coordinated Care Solutions, Inc., and Mahathi Software, LLC, | : : : : : : | |
| Plaintiffs, | : : | C.A. No. 1:21-cv-00704-MAK |
| v. | : : : | |
| Andor Health, LLC, a Delaware Corporation; Mahathi Software Pvt., Ltd.; Raj Toleti, individually and as Representative of the Participating Equityholders under the Merger Agreement; Paul Tyriver, individually; and Amar Bulsara, individually, | : : : : : : : | |
| Defendants. | : | |
| Andor Health, LLC, Mahathi Software Pvt., Ltd., and Raj Toleti, | : : : | |
| Counterclaim Plaintiffs, | : : | |
| v. | : : | |
| Allscripts Healthcare, LLC, James Hewitt, Jeff Franks, Warren Nash, and Bryan Seaborn, | : : : | |
| Counterclaim Defendants. | : : | |

## MAHATHI SOFTWARE PVT., LTD.'S ANSWERS TO
## PLAINTIFFS' SECOND SET OF INTERROGATORIES

Defendant Mahathi Software Pvt., Ltd. ("Mahathi") hereby responds to Plaintiffs' Second

Set of Interrogatories.

## GENERAL OBJECTIONS

The following objections are incorporated into Mahathi's response to each Interrogatory,

whether or not specific reference is made to such objection in the response to a particular

Interrogatory.

62997/0001-42212201v1

A.    Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules.

B.    Mahathi objects to the Interrogatories to the extent that they seek to discover information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

C.    Mahathi objects to the Interrogatories to the extent that they seek information or documents protected by the attorney-client privilege, the work-product doctrine, a joint defense privilege, or any other privilege available under federal or state statutory, constitutional, or common-law authority.

D.    Mahathi objects to the Interrogatories to the extent that they are overly broad and unduly burdensome. Mahathi further objects to the Interrogatories to the extent they impose

2

obligations beyond what is required under the Federal Rules of Civil Procedure and other applicable laws.

E.      Mahathi objects to the Interrogatories to the extent that they are unreasonably cumulative or duplicative, or seek discovery that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

F.      Mahathi objects to the Interrogatories to the extent that they are unintelligible, vague, confusing, unclear, and/or ambiguous, and therefore not capable of being answered.

G.      Mahathi objects to the Interrogatories to the extent that they call for one or more legal conclusions.

H.      Mahathi objects to the Interrogatories to the extent that they seek information for a period of time not relevant to the subject matter involved in this lawsuit.

I.      Mahathi objects to the Interrogatories to the extent that they misstate facts and/or assume facts not in evidence and/or facts which do not exist or are otherwise incorrect.

## SPECIFIC OBJECTIONS AND ANSWERS

13.     Identify by date and build number the "standard" UI Mahathi referred to in the May 18, 2018 SOW.

**ANSWER:**   Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y.

3

Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules.

14.     Identify with particularity all PHI (as that term is defined in the Business Associate Agreement attached as Exhibit B to the May 18, 2018 SOW and, if different, as Mahathi uses the term "PHI" in Mahathi's response to Allscripts' Interrogatory No. 11) that was accessed or removed from Mahathi's computers or its Azure tenant without authorization on or after May 14, 2021 and continuing through June 30, 2021, and for each piece of data identify the person who removed it and the physical address of the server hosting the data at the time it was removed.

**ANSWER:**    Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules.

Mahathi further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive in that it seeks narrative information that is more properly obtained through a

4

deposition. *See SafeCo of Am. v. Rawston*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-87 (D. Kan. 1997). This is especially true when viewing the second set of interrogatories as a whole, which taken together, seek to force Mahathi to produce the "equivalent of a narrative or otherwise detailed account of [its] entire case in chief" and defenses relating to the parties competing computer fraud claims and Allscripts "abuse of process" claim. *See Hilt*, 170 F.R.D. at 186. Mahathi further objects to this interrogatory as unreasonably cumulative and duplicative of information sought by prior interrogatories.

15.     Was any data stored under subscription IDs cb31cca4-a319-4df7-90de-50f5ef33560a, 34bfa59b-e86b-4e42-b268-6efl56977306, or 68980f53-3adb-4406-b9d3-01c781693f6a (to which Mahathi refers in its response to Allscripts' Interrogatory No. 11) stored on a server physically located in India at any point in time from May 14, 2021 to May 21, 2021? If so, identify the data, the subscription, the address of the server, and the date it was in India.

**ANSWER:**     Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules.

5

16.    Identify each person who had any involvement in the events that form the basis for Mahathi's criminal complaints in India and state with specificity what each person did, when that person took the specified action, and whether that person was in India at the time it took the specified action.

**ANSWER:**    Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules.

Mahathi further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive in that it seeks narrative information that is more properly obtained through a deposition. *See SafeCo of Am. v. Rawston*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-87 (D. Kan. 1997). This is especially true when viewing the second set of interrogatories as a whole, which taken together, seek to force Mahathi to produce the "equivalent of a narrative or otherwise detailed account of [its] entire case in chief" and defenses relating to the parties competing computer fraud claims and Allscripts "abuse of process" claim. *See Hilt*, 170 F.R.D. at 186. Mahathi further objects to this Interrogatory on the grounds that it

6

seeks information that is far more likely to be known by Allscripts. Mahathi further objects that the phrase "person who had any involvement in the events that form the basis for Mahathi' s criminal complaints in India" is vague an ambiguous. For example, the interrogatory assumes, wrongly, that more than one criminal complaint was filed.

17.     Identify the data and applications at issue, and the computers on which they are stored, that are physically located in India on which You base Your denial of Paragraph 318 of the Second Amended Complaint. ("None of the data or applications at issue, or the computers on which they are stored, are physically located in India. Answer: Defendants deny the allegations of this paragraph.")

**ANSWER:**    Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules.

Mahathi further objects to this interrogatory as unreasonably cumulative and duplicative of information sought by prior interrogatories.

18.     Describe in detail the circumstances of the creation and execution of the letter dated September 6, 2019 attached as Exhibit 1 (DEF_0035094), including without limitation, the date it was created, who created and edited it, why it was created, how it was created (e.g., on a computer

7

using Microsoft Word), the location or locations it or copies or drafts of it were stored (e.g., on a computer located at Mahathi's offices in Florida), in what format or formats it or copies or drafts of it were stored (e.g., paper, electronic), what metadata and other evidence exists of its creation storage, and/or transfer between the signing parties, including, without limitation, metadata for copies or drafts thereof, if no versions of the document exist in their original form (e.g.., Microsoft Word), when they were destroyed and why, the date it was signed by each signatory, whether the signatories were together at the time it was created and where they were.

**ANSWER:**    Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules.

Mahathi further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive in that it seeks narrative information that is more properly obtained through a deposition. *See SafeCo of Am. v. Rawston*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-87 (D. Kan. 1997). This is especially true when viewing the second set of interrogatories as a whole, which taken together, seek to force Mahathi to produce the "equivalent of a narrative or otherwise detailed account of [its] entire case in chief" and defenses

8

relating to the parties competing computer fraud claims and Allscripts "abuse of process" claim.

*See Hilt*, 170 F.R.D. at 186.

19.     Describe in detail the circumstances of the creation and execution of the letter dated July 1, 2020 attached as Exhibit 2 (DEF_0034451), including without limitation, the date it was created, who created and edited it, why it was created, how it was created (e.g., on a computer using Microsoft Word), the location or locations where it or copies or drafts of it were stored (e.g., on a computer located at Mahathi's offices in Florida), in what format or formats it or copies or drafts of it were stored (e.g., paper, electronic), what metadata and other evidence exists of its creation storage, and/or transfer between the signing parties, including, without limitation metadata for copies or drafts thereof, if no versions of the document exist in their original form (e.g.., Microsoft Word), when they were destroyed and why, the date it was signed by each signatory, whether the signatories were together at the time it was created and where they were.

**ANSWER:**     Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules.

Mahathi further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive in that it seeks narrative information that is more properly obtained through a deposition. *See SafeCo of Am. v. Rawston*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998); *Hilt v. SFC,*

9

*Inc.*, 170 F.R.D. 182, 186-87 (D. Kan. 1997). This is especially true when viewing the second set of interrogatories as a whole, which taken together, seek to force Mahathi to produce the "equivalent of a narrative or otherwise detailed account of [its] entire case in chief" and defenses relating to the parties competing computer fraud claims and Allscripts "abuse of process" claim. *See Hilt*, 170 F.R.D. at 186.

20.    Identify every organization for which Mahathi provided development and support services on or after May 1, 2017 and for each describe the type of services provided and the dates the services were provided.

**ANSWER:**    Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules.

Mahathi further objects to this Interrogatory on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Mahathi further objects to this Interrogatory on the grounds that it is vague and ambiguous, in that the phrase "development and support services" is undefined. Mahathi further

10

objects to this interrogatory as unreasonably cumulative and duplicative of information sought by prior interrogatories.

21.     Describe the factual basis for your claim that You own the Mahathi Azure tenant, as You use that phrase in Your Third Amended Counterclaims and identify by control number each document (if any) that forms part of the factual basis for Your claim of ownership.

**ANSWER:**    Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules.

22.     What was the last date on which Mahathi or Andor performed development services for Allscripts at Allscripts' request?

**ANSWER:**    Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-

11

DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules.

Mahathi further objects to this Interrogatory on the grounds that it consists of multiple subparts, each of which should be counted as its own interrogatory, and Plaintiffs have already exceeded the number of interrogatories allowed under Rule 33.

23.     Identify and describe in detail the "work with Mahathi on Healthgrid projects and its relationship to Allscripts Healthcare LLC" to which You refer in your answer to Allscripts' Interrogatory No. 1 with respect to Jaydeep Wakankar and Nihar Sheth, including without limitation the date the work was performed and the name of all clients or prospective clients to which the work related.

**ANSWER:**     Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the

12

62997/0001-42212201v1

beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules. Mahathi further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive in that it seeks narrative information that is more properly obtained through a deposition. *See SafeCo of Am. v. Rawston*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-87 (D. Kan. 1997). This is especially true when viewing the second set of interrogatories as a whole, which taken together, seek to force Mahathi to produce the "equivalent of a narrative or otherwise detailed account of [its] entire case in chief" and defenses relating to the parties competing computer fraud claims and Allscripts "abuse of process" claim. *See Hilt*, 170 F.R.D. at 186.

24.    Identify every person with whom you have communicated via any method regarding the Indian criminal complaints or the related proceedings, excluding law enforcement officials and then-current employees of Mahathi or Andor, state the date of the communication, and describe the substance of the communication, the method of the communication (e.g., in person, via text, email, telephone), and identify the individuals involved in the communication and their respective affiliations.

**ANSWER:**    Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the

13

beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules. Mahathi further objects to this Interrogatory on the grounds that it is vague and ambiguous, in that the phrase "Indian criminal complaints or the related proceedings" is undefined. Mahathi further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or a joint defense privilege.

25.    Describe the philanthropic healthcare services Mahathi provides in India and how they were disrupted, as alleged in Paragraph 31 of the Third Amended Counterclaims, including the identity of the individuals to whom Mahathi provides the services, what services were provided, how they were disrupted, and the person with the most knowledge of the services and their alleged disruption.

**ANSWER:**    Mahathi objects to the Interrogatories on the grounds that Plaintiffs have exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure to be served on Andor, Mahathi, Toleti, and Tyriver ("Defendants"). Where parties are acting in unison and are represented by the same counsel, they should be treated as one "party" for purposes of interrogatory limits set forth in Rule 33. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan 17, 2020); *Allen v. Sch. Bd. For Santa Rosa Cnty.*, Fla., No. 3:10cv142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490 RCC FM, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996). Defendants have acted in unison and have been represented by the same counsel from the beginning of this litigation. Plaintiffs appear to be reading Rule 33 literally, which would permit Plaintiffs/Counterdefendants to issue 900 interrogatories to Defendants. This type of abuse of discovery process is not permitted under the Federal Rules. Mahathi further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive in that it seeks narrative

14

information that is more properly obtained through a deposition. *See SafeCo of Am. v. Rawston*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-87 (D. Kan. 1997). This is especially true when viewing the second set of interrogatories as a whole, which taken together, seek to force Mahathi to produce the "equivalent of a narrative or otherwise detailed account of [its] entire case in chief" and defenses relating to the parties competing computer fraud claims and Allscripts "abuse of process" claim. *See Hilt*, 170 F.R.D. at 186.

**COLE SCHOTZ P.C.**

Of Counsel:

Jennifer A. Kenedy (admitted *pro hac vice*)
Bilal Zaheer (admitted *pro hac vice*)
W. Allen Woolley (admitted pro hac vice)
David T. Van Der Laan (admitted pro hac vice)
LOCKE LORD LLP
111 South Wacker Drive, Suite 4100
Chicago, IL  60606
Tel:  (312) 443-0377
Jkenedy@lockelord.com
Bilal.zaheer@lockelord.com
Allen.Woolley@lockelord.com
Dave.VanDerLaan@lockelord.com

Dated: December 20, 2021

/s/  Andrew L. Cole
Andrew L. Cole (No. 5712)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131 (Phone)
acole@coleschotz.com

*Attorneys for Defendants/Counterclaim Plaintiffs, Andor Health, LLC, Mahathi Software Pvt., Ltd., Raj Toleti, and Paul Tyriver*

62997/0001-42212201v1

**CERTIFICATE OF SERVICE**

I, Andrew L. Cole, an attorney, hereby certify that, on December 20, 2021, I caused the foregoing to be served via email to the counsel of record identified below.

Chad S.C. Stover
1000 N. West Street, Suite 1500
Wilmington, DE  19801
Tel: (302) 300-3474
Fax: (302) 300-3456
E-mail: chad.stover@btlaw.com

Mark L. Durbin
Scott T. Peloza
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois  60606
Phone: (312) 357-1313
Fax: (312) 759-5646
Mark.Durbin@btlaw.com
speloza@btlaw.com

*Attorneys for Plaintiff Allscripts Healthcare*

/s/ *Andrew L. Cole*

62997/0001-42212201v1