IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLSCRIPTS HEALTHCARE, LLC, HEALTH GRID HOLDING COMPANY, LLC, HEALTH GRID, LLC, HEALTH GRID COORDINATED CARE SOLUTIONS, INC., and MAHATHI SOFTWARE, LLC,<br><br>        Plaintiffs,<br><br>   v.<br><br>ANDOR HEALTH, LLC, MAHATHI SOFTWARE PVT., LTD., RAJ TOLETI, PAUL TYRIVER, and AMAR BULSARA,<br><br>        Defendants,<br><br>ANDOR HEALTH, LLC, MAHATHI SOFTWARE, PVT., LTD., and RAJ TOLETI,<br><br>        Counterclaim Plaintiffs,<br><br>   v.<br><br>ALLSCRIPTS HEALTHCARE, LLC, JAMES HEWITT, JEFF FRANKS, WARREN NASH, and BRYAN SEABORN,<br><br>        Counterclaim Defendants. | C.A. No. 1:21-cv-00704-MAK |

**O R D E R**

Pursuant to Judge Kearney's Order of January 5, 2022, the parties have conferred with me as the designated discovery master under Fed.R.Civ.P. 53 to resolve Defendants' Motion for Privilege and Work Product Determination (D.I. 191) and the Response thereto (D.I. 195). Although the parties have resolved their dispute regarding the specific document referenced in

1

the Motion, there remain outstanding disputes regarding the criteria used to designate protected material.

Therefore, in order to expedite document production, it is ORDERED that the parties re-evaluate documents previously withheld or clawed back as protected under either the attorney-client privilege or work-product doctrine, as well as all future such designations, consistent with the following criteria:

1, **Federal privilege law applies to privilege determinations in this case.**

This case involves both federal and state law claims, and was filed in the District of Delaware under federal-question and supplemental jurisdiction. (D.I. 1)  Pursuant to Fed. R. Evid. 501, federal common law generally governs a claim of privilege under these circumstances.  And where there is no conflict between state law and the federal common law regarding whether the attorney-client privilege or work product doctrine are recognized, the guideposts as to when to allow such protections should be inspired by federal common law.  *See Swanger v. Warrior Run School District,* 659 Fed. App'x 120, *124 (3d Cir. 2016).  This guidance is particularly apt if the evidence in dispute may be relevant to both the state and federal law claims.  *Id.*

2. **The party asserting the privilege has the burden of establishing such.**

The party claiming attorney-client privilege has the burden of demonstrating its applicability.  *In re Grand Jury,* 705 F.3d 133, 160 (3d Cir. 2012); *Idenix Pharmaceuticals, Inc. v. Gilead Sciences, Inc.,* 195 F. Supp. 3d 639, 642 (D. Del. 2016).

The party asserting the attorney-client privilege, therefore, must demonstrate that the document or other evidence is: "(1) a communication (2) made between privileged persons (3)

in confidence (4) for the purposes of obtaining or providing legal assistance for the client." *In re Chevron Corp.,* 650 F.3d 276, 289 (3d Cir. 2011).

### 3. All four prongs of the above test must be satisfied.

In this regard, the "protection of the privilege extends only to *communications* and not to facts." *Upjohn Co. v. U.S.,* 449 U.S. 383, 395 (1981). Although the "client, the attorneys, and any of their agents that help facilitate attorney-client communications or legal representation are included within 'privileged persons,'" *WebXchange Inc. v. Dell Inc.,* 264 F.R.D. 123, 126 (D. Del. 2010), merely sending a communication to an attorney does not necessarily provide protection to that communication under the attorney-client privilege. *See, e.g., In re Gabapentin Patent Litigation,* 214 F.R.D. 178, 186 (D.N.J. 2003). Likewise, merely attaching a document to a privileged or protected communication does not automatically extend the protection of the privilege to the attachment. *See, e.g., Idenix,* 195 F. Supp. 3d at 646 n.5. Importantly, "[t]he primary purpose of a communication" must be to solicit or render legal advice to bring it within the scope of the attorney-client privilege. *See Hercules, Inc. v. Exxon Corp.,* 434 F. Supp. 136, 147 (D. Del. 1977); *TC Technology LLC v. Sprint Corp.,* 2018 WL 6584122, at *3 (D. Del. Dec. 13, 2018); *Idenix,* 195 F. Supp. 3d at 64. As explained by the court in *Hercules,* although business and legal advice is often "inextricably interwoven" in a communication, the proponent of the privilege has the burden of demonstrating that the lawyer was "'acting as a lawyer' giving advice with respect to the legal implications of a proposed course of conduct." *Hercules,* 434 F. Supp. at 147.

### 4. Because the privilege precludes discovery of potentially relevant information, it is narrowly construed.

*See Westinghouse Elec. Corp. v. Republic of Philippines,* 951 F.2d 1414, 1423 (3d Cir. 1991).  I will endeavor to ensure that the burdens assigned are carried, while balancing the value of the privilege and the importance of discovery in a civil case.

**5. The party asserting that evidence is protected by the work-product doctrine bears the burden of establishing such.**

The party asserting that evidence is protected by the work-product doctrine must demonstrate that the material consists of:  "(1) documents or tangible things, (2) prepared in anticipation of litigation or for trial, and (3) by or for [a] party or by or for that [] party's representative."  *Immersion Corp. v. HTC Corp.,* 2014 WL 3948021 at *2 (D. Del. Aug. 7, 2014).  *See also In re Grand Jury Subpoena,* 745 F.3d 681, 693 (3d Cir. 2014).

**6. All three prongs of the above test must be satisfied.**

Although the work product doctrine is meant to protect an attorney's thought processes, it does not protect the facts that underlie such thoughts and opinions.  *See Leonen v. Johns-Manville,* 135 F.R.D. 94, 96 (D.N.J. 1990).  Only documents "prepared 'in the course of preparation for possible litigation'" may be brought within the protection of the work-product doctrine.  *Immersion,* 2014 WL 3948021 at *2.

**7. The protection afforded by the work-product doctrine can be overcome only by a showing of a substantial need.**

The work-product doctrine is codified in Fed.R.Civ.P. 26(b)(3), and is considered broader than the attorney-client privilege.  *See Leonen,* 135 F.R.D. at 96.  The protection is abrogated only upon a showing of substantial need and that the substantial equivalent cannot be obtained without undue hardship.  *See Immersion,* 2014 WL 3948021 at *2.

**8. For the documents a party claims are protected by either the attorney-client privilege or work-product doctrine, the party must provide a privilege log.**

The privilege log must establish on a document-by-document basis "sufficient detail to show a prima facie basis to support" the claimed protection. *In re Joy Global, Inc.,* 2008 WL 2435552, at *5 (D. Del. June 16, 2008). The log, therefore, must set "forth facts that, if credited, would suffice to establish each element of the" claimed protection. *Id.*

**9. Parties should redact partially privileged documents and produce non-privileged portions, including attachments.**

Where documents, particularly emails or email chains, contain both privileged and non-privileged portions, the producing party should redact the privileged portions and produce the rest. *See Elm 3DS Innovations, LLC v. Samsung Electronics Co. Ltd.,* 2021 WL 4819904, at *4 (D. Del. Oct. 15, 2021). *See also Rhone-Poulenc Rorer Inc. v. Home Indem. Co.,* 32 F.3d 851, 864 (3d Cir. 1994).

**10. After a review of their respective privilege logs in light of the above guidelines and after any adjustments to such, remaining disputes will be resolved by an *in camera* review of up to ten (10) documents selected from the privilege log of the opposing party, such documents to be submitted for my review no later than February 24, 2022.**

A document-by-document review should only be necessary for those communications, e.g., where there is an admixture of legal and business advice and the primary purpose of the lawyer's role is not clear. The party claiming protection, as noted above, has the burden of demonstrating that the primary purpose of the communication is to solicit or render advice on legal matters.

**11.  As per Judge Kearney's January 5, 2022 Order**, **the parties have 24 hours from filing to submit objections not exceeding five pages to this recommended Order.**

Respectfully submitted,

/s/  Sue L. Robinson

Sue L. Robinson, serving as Special Master
Dated:  January 27, 2022
