**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Allscripts Healthcare, LLC, a North Carolina LLC, Health Grid Holding Company, LLC, Health Grid, LLC, Health Grid Coordinated Care Solutions, Inc., and Mahathi Software, LLC, | : : : : : : |
| Plaintiff, | : : C.A. No. 1:21-cv-00704-MAK |
| v. | : : |
| Andor Health, LLC, a Delaware Corporation; Mahathi Software Pvt., Ltd.; Raj Toleti, individually and as Representative of the Participating Equityholders under the Merger Agreement; Paul Tyriver, individually; and Amar Bulsara, individually, | : : : : : : : |
| Defendants. | : : |
| Andor Health, LLC, Mahathi Software Pvt., Ltd., Raj Toleti, and Paul Tyriver, | : : : |
| Counterclaim Plaintiffs, | : : |
| v. | : : |
| Allscripts Healthcare, LLC, James Hewitt, Jeff Franks, Warren Nash, and Bryan Seaborn, | : : : |
| Counterclaim Defendants. | : |

**ANDOR HEALTH, LLC, MAHATHI SOFTWARE PVT., LTD., AND RAJ TOLETI'S
MOTION TO COMPEL COMPLETE RESPONSES TO INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 37(a)(3), Defendants/Counterclaim Plaintiffs

Andor Health, LLC, Mahathi Software Pvt., Ltd., and Raj Toleti move for an Order compelling

Plaintiff Allscripts Healthcare, LLC to provide complete answers to the Interrogatories listed

below within seven days of the Court's order.

62997/0001-42738554

## I.      Allscripts failed to fully identify documents supporting specific allegations.

Defendants asked Allscripts to identify by Bates number all documents produced by Allscripts (nearly 500,000 documents totaling 1.9 million pages) that support certain key allegations in Allscripts's 111-page, twenty-one count complaint. Ex. A, Interrogatories, Nos. 16, 17, 18, 19, 20, 22, and 24. For example, in twelve different counts of the complaint, Allscripts alleges that defendants are unlawfully competing against it in the telehealth space, breaching various contracts and allegedly violating trade secret misappropriation laws. Thus, interrogatories 16 and 17 ask Allscripts to identify all documents supporting Allscripts's allegations that: (i) HealthGrid was marketing telehealth products at the time Allscripts acquired it (which defines the scope of the non-compete provisions); and, (ii) defendant Toleti worked on telehealth products while working for Allscripts (which is relevant to Allscripts's trade-secret claim). Ex. 1, Nos. 16, 17. In nine separate counts of the complaint, Allscripts seeks to hold Defendants liable for an alleged "attack" on Allscripts' Mobile Patient Engagement platform. Interrogatories 18 and 19 ask Allscripts to identify all documents reflecting activity: (i) in the Azure tenant at issue; and, (ii) in the MPE applications at issue. *Id.*, Nos. 18, 19. Interrogatory 20 asks Allscripts to identify all documents supporting its claim that defendant Andor failed to deliver a functioning version of its Config Tool, which is relevant to Allscripts' claim for breach of the Reseller Agreement between Andor and Allscripts and Allscripts's defense of unclean hands and inequitable conduct. *Id.*, No. 20. Interrogatory No. 22 asks Allscripts to identify all documents supporting its allegation that Defendants received information relating to Defendants' right to an earn-out payment under the Merger Agreement, which is relevant to Allscripts defenses of waiver, estoppel, and laches. *Id.*, No. 22. Interrogatory No. 24 asked Allscripts to identify all documents supporting its allegation that Defendants downloaded, emailed, or otherwise took Allscripts's trade secret materials, which is relevant to numerous counts in the complaint, including Allscripts' trade-secret claims. *Id.*,

Allscripts refused to fully answer each request, instead objecting to identifying "all documents" supporting its contentions. Allscripts then qualified its answer by stating responsive documents were, "includ[ed], but not limited to," certain documents, or by stating responsive documents, "includ[ed]," certain documents.[1]

Allscripts's written interrogatory responses, which it served on February 10, 2022, did not object to these interrogatories based on work product. Allscripts raised that additional objection for the first time during a telephone conference with Defendants' counsel on March 2, 2022, and then by email on March 3, 2022.

### A.    Allscripts's objection to identifying all documents is baseless.

The Court should require Allscripts to identify all—not merely some—documents in Allscripts' document productions that Allscripts believes support the contentions Defendants referenced in their interrogatories. Defendants properly used an interrogatory to ask Allscripts to identify all documents in its own productions supporting various allegations. *See, e.g., Int'l Bus. Machines Corp. v. The Priceline Grp. Inc.*, 2016 WL 6305981, at *1 (D. Del. Sept. 29, 2016) (ordering a party to "describe and identify" documents requested by interrogatories); *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 158 (D. Del. 1977) ("Even though defendant may have physical possession of most of the documents concerned, it would be more efficient for plaintiff's representatives, who are responsible for answering the interrogatories and who are familiar with the documents, to identify relevant material, especially since the information requested relates to the contentions of plaintiff"); *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 232

---

[1] By agreement of the parties, Defendants have not attached Allscripts's interrogatory responses to this motion because Allscripts designated the responses as confidential. The parties can provide a copy of the responses for *in camera* review upon request, though Defendants believe the critical objections and format of the responses communicated in this motion provide an adequate basis for the Court to rule.

(N.D. Ind. 1992) (listing all documents produced is insufficient response to interrogatory asking plaintiff to identify documents allegedly taken by defendants from employer). Allscripts's incomplete response unfairly leaves Defendants unable to prepare to respond to evidence Allscripts may present at trial. This is particularly unfair given that Allscripts has produced nearly 500,000 documents totaling 1.9 million pages in this case; Defendants cannot be expected to guess which of those documents Allscripts may use to support its core contentions in this case. The Court should therefore order Allscripts to identify all responsive documents and remove the qualifying language from its response. Further, given the compressed discovery schedule, the Court should order Allscripts to respond within four days of the Court's order.

### B.    Allscripts waived any work-product objection, which is invalid in any event.

Allscripts recently raised a work-product objection to these interrogatories for the first time in a telephone conference with Defendants' counsel. Allscripts did not raise that objection in their written response to Interrogatories, so Allscripts has waived the objection. Fed. R. Civ. P. 33(b)(4) ("[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). *See also Am. C.L. Union v. Gonzales*, 237 F.R.D. 120, 131 (E.D. Pa. 2006) ("to the extent that defendant has not specifically raised privileges in his opposition to the individual contention interrogatories, he may not do so for the first time at this late date."); *Meridian Tr. Co. v. Provident Life and Cas. Ins. Co.*, No. 91–4504, 1992 WL 73094, at *1 (E.D. Pa. Apr. 1, 1992) ("defendant waived the work-product privilege by failing to make timely objections to plaintiff's request for production of the Law Department files … [f]ailure to make timely objections constitutes a waiver of those objections even if they are based upon the work-product doctrine.").

Beyond waiver, Allscripts's work-product objection is baseless in any event. Defendants have not asked Allscripts to produce or discuss any documents it created for purposes of litigation;

62997/0001-42738554

Defendants have asked Allscripts to identify which documents—of the over 500,000 documents that Allscripts already produced—support specific allegations. Courts have specifically rejected the argument that parties can use a work-product objection in response to such a request, finding that such an objection would be unfair in cases—like this one—involving voluminous documents:

> Finally, Plaintiffs' argument that identifying specific documents responsive to the interrogatories violates the work product doctrine when they had already been produced as part of an earlier production is less persuasive in a complex commercial case. In today's electronic age, a complex commercial case can easily involve a production of several hundred thousand, if not millions, of pages of documents. Upholding such a rigid rule would encourage parties to overproduce documents in order to make it more difficult for the receiving party to locate the documents that are truly relevant. Such conduct unnecessarily drives up both the cost and duration of litigation.

*Engage Healthcare Comms., LLC v. Intellisphere, LLC*, No. 12–cv–00787, 2017 WL 2371834, at *9 (D.N.J. Feb. 10, 2017), *Special Master report adopted at* 2017 WL 2367058 (D.N.J. May 21, 2017); *Directory Dividends, Inc. v. SBC Comms., Inc.*, No. Civ. A. 01–CV–1974, 2003 WL 23208804, at *2-3 (E.D. Pa. Dec. 31, 2003) (overruling work-product objection to interrogatory asking identification of documents supporting plaintiff's damages claims based on FRCP 33(c);[2] "Interrogatories 8 and 9 seek the application of law to fact in an effort to uncover the factual basis of Plaintiff's damages claim. As such, they are expressly permitted by Rule 33(c)."); *Foster v. Berwind Corp.*, CIV. A. No. 90–0857, 1990 WL 59332, at *2 (E.D. Pa. May 2, 1990) (collecting cases rejecting work-product objection to interrogatory seeking identification of documents supporting party's contention).

---

[2] Federal Rule of Civil Procedure 33 has since been amended and this provision is now in Rule 33(a)(2).

For these reasons, Defendants ask the Court to order Allscripts to supplement its responses to Interrogatory Numbers 16, 17, 18, 19, 20, 22, and 24 by removing the qualifying language and providing fulsome responses by identifying all other responsive documents within four days.

|  | **COLE SCHOTZ P.C.** |
|---|---|
| Of Counsel: | */s/ Andrew L. Cole*<br>Andrew L. Cole (No. 5712)<br>Jack M. Dougherty (No. 6784) |
| Jennifer A. Kenedy (admitted *pro hac vice*)<br>Bilal Zaheer (admitted *pro hac vice*)<br>W. Allen Woolley (admitted *pro hac vice*)<br>P. Russell Perdew (admitted *pro hac vice*)<br>Andrew Reed (admitted *pro hac vice*)<br>LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 443-0377<br>Jkenedy@lockelord.com<br>Bilal.zaheer@lockelord.com<br>Allen.Woolley@lockelord.com<br>rperdew@lockelord.com<br>Andrew.reed@lockelord.com | 500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>(302) 652-3131 (Phone)<br>acole@coleschotz.com<br>jdougherty@coleschotz.com<br><br>*Attorneys for Defendants/Counterclaim<br>Plaintiffs Andor Health, LLC, Mahathi<br>Software Pvt., Ltd., Raj Toleti, and<br>Paul Tyriver* |

Dated: March 18, 2022

## LOCAL RULE 7.1.1 STATEMENT

The undersigned Delaware counsel hereby certifies that prior to filing this motion, a reasonable effort was made to reach agreement with Defendants on the matters set forth in this motion. These issues were discussed during an extensive meet and confer conducted on March 2, 2022 (via Microsoft teams) that lasted over two and a half hours. The parties also exchanged detailed written communications on the issues raised in this Motion on February 17, March 2, 2022, and March 3, 2022. Counsel participating in these meet and confers included: Counsel for Plaintiffs Chad Stover (Delaware counsel, participated in the March 2 call), Mark Durbin (participated in the March 2 call), and Christina Baugh (participated in the March 2 call) of Barnes & Thornburg LLP; Counsel for Defendants Mahathi Software Pvt., Ltd., Raj Toleti, Paul Tyriver, and Andor Health, LLC Bilal Zaheer (participated in the March 2 call), Jennifer Kenedy (participated in the March 2 call), Andrew Reed (participated in the March 2 call) and Allen Woolley (participated in the March 2 call) of Locke Lord LLP and Andrew Cole of Cole Schotz P.C. (Delaware Counsel, participated in the March 2 call).

**COLE SCHOTZ P.C.**

*/s/  Andrew L. Cole*
Andrew L. Cole (No. 5712)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131 (Phone)
acole@coleschotz.com

Dated:  March 18, 2022

62997/0001-42738554