# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Allscripts Healthcare, LLC, a North Carolina LLC, Health Grid Holding Company, LLC, Health Grid, LLC, Health Grid Coordinated Care Solutions, Inc., and Mahathi Software, LLC, | : : : : : : |
| Plaintiff, | : C.A. No. 1:21-cv-00704-MAK |
| v. | : : |
| Andor Health, LLC, a Delaware Corporation; Mahathi Software Pvt., Ltd.; Raj Toleti, individually and as Representative of the Participating Equityholders under the Merger Agreement; Paul Tyriver, individually; and Amar Bulsara, individually, | : : : : : : : |
| Defendants. | : : |
| Andor Health, LLC, Mahathi Software Pvt., Ltd., and Raj Toleti, | : : : |
| Counterclaim Plaintiffs, | : : |
| v. | : : |
| Allscripts Healthcare, LLC, James Hewitt, Jeff Franks, Warren Nash, and Bryan Seaborn, | : : : |
| Counterclaim Defendants. | : : |

**DEFENDANTS' THIRD SET OF INTERROGATORIES TO
ALLSCRIPTS HEALTHCARE, LLC**

Defendants/Counterclaim Plaintiffs Andor Health, LLC, Mahathi Software Pvt., Ltd., Raj Toleti, and Paul Tyriver ("Defendants") pursuant to Fed. R. Civ. P. 33, hereby request that Plaintiff/ Counterclaim Defendant Allscripts Healthcare, LLC serve verified answers to the below interrogatories within 30 days.

## DEFINITIONS AND INSTRUCTIONS

Unless the terms of a particular Interrogatory specifically indicate otherwise, the following Definitions and Instructions are applicable throughout these Interrogatories and are incorporated into each specific Interrogatory.

1.     "Allscripts," "You," and "Your" refer to Plaintiff/Counterclaim Defendant Allscripts Healthcare, LLC, including any predecessors, successors, affiliates, subsidiaries, divisions, parent entities or otherwise related entities and/or divisions thereof, and includes directors, officers, members, employees, agents, representatives, attorneys, consultants, and all persons acting on its behalf.

2.     "Andor" refers to Defendant/Counterclaim Plaintiff Andor Health, LLC, including any predecessors, successors, affiliates, subsidiaries, divisions, parent entities or otherwise related entities and/or divisions thereof, and includes directors, officers, members, employees, agents, representatives, attorneys, consultants, and all persons acting on its behalf.

3.     "Azure Tenant" refers to the Microsoft Azure tenant which housed—among other things—files created pursuant to the May 18, 2018 SOW, which is assigned Tenant ID 1566f334-9b33-4f7d-a78b-d6ece1469c38.

4.     "MPE Applications" shall have the same meaning as assigned to that phrase in Plaintiff's First Set of Requests for Production of Documents to All Defendants.

5.     "Mahathi" refers to Defendant/Counterclaim Plaintiff Mahathi Software Pvt., Ltd., including any predecessors, successors, affiliates, subsidiaries, divisions, parent entities or otherwise related entities and/or divisions thereof, and includes directors, officers, members, employees, agents, representatives, attorneys, consultants, and all persons acting on its behalf.

6.     "Person" and "Persons" refer to any natural person or any business, legal, or governmental entity, association, or organization.

2

7. "Reseller Agreement" refers to the September 30, 2019 Reseller Agreement between Allscripts and Andor.

8. The words "relate," relating," or "related," mean in any way, directly or indirectly, in whole or in part, relating to, concerning, referring to, discussing, mentioning, regarding, pertaining to, describing, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, modifying, amending, confirming, endorsing, representing, supporting, qualifying, terminating, revoking, refuting, undermining, canceling, contradicting, or negating, and shall be interpreted as to encompass the full scope of discovery set forth in the Federal Rules of Civil Procedure.

9. "Document(s)" is used in the broadest sense to include everything contemplated by the Federal Rules of Civil Procedure, Federal Rules of Evidence, and any applicable case law, and includes—without limitation—all written, printed, or recorded matter of any kind, including— without limitation—any information that is stored or carried electronically, by means of computer equipment or otherwise, and any information stored on any media accessible by electronic means, including information that has been deleted but is still reasonably accessible. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

10. "Communication" (or any variant thereof) means any transmittal or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or in writing, including drafts, and shall include—without limitation—written contact by means such as letters, memoranda, telegrams, telecopies, telexes, email, or any other Document, and any writings memorializing personal or verbal contact such as face-to-face meetings, telephone conversations, voicemails, instant messages, or text messages.

11.     "Including" means including but not limited to.

12.     The words "and," "or," and "and/or" shall be construed conjunctively or disjunctively, whichever makes the Interrogatory most inclusive.

13.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, so as to make the Interrogatory maximally inclusive.

14.     The plural of any word used herein includes the singular, and the singular includes the plural.

15.     The terms "any" and "all" shall be given their most inclusive meaning, and should be construed to mean "any and all."

16.     If You object to all or any part of a Interrogatory, state the grounds of the objection with sufficient specificity to permit determination of the basis for and propriety of such objection, including citations where legal authority is relied upon, and provide information to the extent the Request is not objectionable. All objections shall be signed by the attorney making them.

17.     If any Document, thing, or information responsive to these Interrogatories is withheld on the grounds of privilege or otherwise, specify:

   a. The date of the Document;

   b. The subject matter of the Document;

   c. The names, addresses, job titles, and employers of all persons with knowledge or a copy of  the Document withheld; and

   d. The nature of the privilege asserted and the Interrogatory number to which the withheld Document relates.

18.     Except as specifically provided herein, these Interrogatories relate to the time period from April 1, 2017 to the present.

4

**INTERROGATORIES**

15.    Identify every customer with whom Allscripts has discussed Andor's Config Tool. For each customer identified, describe in detail when such discussion happened, with which specific individuals at the customer the discussion happened, which individuals at Allscripts were involved in the discussion, the method by which the discussion happened, and the substance of the discussion, including but not limited to whether anyone from Allscripts told anyone at the customer or potential customer that Andor's Config Tool does not work or is otherwise defective or deficient in any way.

**ANSWER:**


16.    Identify by bates number all documents in Allscripts' document productions supporting the allegation in paragraph 144 of the Second Amended Complaint that "Health Grid marketed itself as providing… telehealth services, during the twelve (12) months prior to the Closing Date."

**ANSWER:**


17.    Identify by bates numbers all documents in Allscripts' document productions that support the allegation in paragraph 158 of the Second Amended Complaint that Toleti "became deeply involved in" FollowMyHealth's "telehealth business, and was exposed to and had access to highly sensitive and proprietary information, including trade secrets" related to Allscripts' "telehealth products, solutions, services, clients, prospects, and finances."

**ANSWER:**

5

18.    Identify by bates number all log files reflecting activity in the Azure Tenant between May 13, 2021 and May 22, 2021 in Allscripts' document productions, including but not limited to any Azure Application Signin Logs, Azure Audit Logs, Azure Privileged Identity Management (PIM) audit history, Compliance Audit Logs, OneDrive Signin Activity Logs, and OneDrive Audit Logs.

**ANSWER:**

19.    Identify by bates number all log files reflecting activity in the MPE Applications between May 13, 2021 and May 22, 2021 in Allscripts' document productions, including but not limited to any Azure Application Signin Logs, Azure Audit Logs, Azure Privileged Identity Management (PIM) audit history, Compliance Audit Logs, OneDrive Signin Activity Logs, and OneDrive Audit Logs.

**ANSWER:**

20.    Identify by bates number all documents in Allscripts' document productions supporting the allegation in paragraph 181 of the Second Amended Complaint that "Andor failed to deliver functioning versions of the specified products" that Allscripts licensed from Andor under the Reseller Agreement.

**ANSWER:**

21.    Identify each customer Allscripts contends that Toleti has "misled" by "falsely informing them that, for example, the Config Tool has certain functionality that did not actually exist at the time," as alleged in paragraph 243 of the Second Amended Complaint. For each

6

customer identified, describe when such discussion happened, with which specific individuals at the customer the discussion happened, the method by which the discussion happened, and the substance of the discussion.

**ANSWER:**

22.    Identify by bates number all documents in Allscripts' document productions supporting the allegation in paragraph 5 of the Defenses (D.I. 116, p. 69) that any Defendant "request[ed] and receiv[ed] alternative delivery of information related to the status of the [Health Grid] business and the earnout."

**ANSWER:**

23.    Identify each Allscripts' customer to whom Allscripts alleges Andor "demonstrated and pitched the Config Tool directly," as alleged in ¶ 244 of the Second Amended Complaint. For each customer identified, describe when the alleged "pitch" happened, which specific individuals at the customer were present for the alleged "pitch," which specific individuals from Andor were involved in the alleged "pitch," and the method by which the alleged "pitch" took place (*e.g.* phone, in person, video conference, email), and the substance of the alleged "pitch."

**ANSWER:**

24.    Identify by bates number all documents in Allscripts' document productions that support the following statement in Allscripts' answer to Interrogatory #4:

> "It is understood and believed that certain information, including customer lists and contact information was downloaded and taken prior to Toleti, Bulsara, and other former Health Grid employees leaving Allscripts to work for the defendant entities. Additionally, it

7

is believed that Bulsara and other employees who remained at Allscripts longer than Toleti sent communications and otherwise forwarded protected information to Toleti, Andor, and Mahathi before they left Allscripts."

**ANSWER:**

25.     Identify every entity or Person outside of Allscripts with whom Allscripts has discussed any of the restrictive covenants between Allscripts, on the one hand, and Andor, Mahathi, or Toleti on the other hand. For each entity or Person identified, describe in detail when such discussion happened, with which specific individuals the discussion happened, which individuals at Allscripts were involved in the discussion, the method by which the discussion happened, and the substance of the discussion, including but not limited to whether Allscripts told that entity or Person that Andor, Mahathi, or Toleti were prohibited or prevented from doing business with such entity or Person due to any restrictive covenant.

**ANSWER:**

26.     With respect to the allegation in paragraph 509 of the Second Amended Complaint, that "Toleti entered into arrangements with individuals who had previously provided him with personal benefits under which he compensated them with Allscripts funds for services that were not provided, were not needed, or were not adequate," describe the material facts relating to the "arrangements" with these individuals that are referenced in this allegation, including but not limited to identifying the individuals referenced in this allegation by name, title, and employer.

**ANSWER:**

8

27.    Describe in detail all "lost sales" Allscripts contends resulted from Toleti's alleged breaches of fiduciary duty set forth in Count XII of the Second Amended Complaint, including identifying by name any and all customers Allscripts' contends were lost as a direct result of the alleged breach, the specific business opportunities allegedly lost, the amount of sales lost, and the specific conduct Allscripts alleges Toleti engaged in that resulted in the alleged "lost sales."

**ANSWER:**


28.    State the amount of damages Allscripts' claims to have sustained as a result of Tyriver's alleged misconduct for each count in the Second Amended Complaint asserted against him and describe in detail how Allscripts' calculated the damages.

**ANSWER:**


Of Counsel:

Jennifer A. Kenedy (admitted *pro hac vice*)
Bilal Zaheer (admitted *pro hac vice*)
W. Allen Woolley (admitted *pro hac vice*)
P. Russell Perdew (admitted *pro hac vice*)
David T. Van Der Laan (admitted *pro hac vice*)
LOCKE LORD LLP
111 South Wacker Drive, Suite 4100
Chicago, IL  60606
Tel:  (312) 443-0377
Jkenedy@lockelord.com
Bilal.zaheer@lockelord.com
Allen.Woolley@lockelord.com
Rperdew@lockelord.com
Dave.VanDerLaan@lockelord.com

**COLE SCHOTZ P.C.**

*/s/  Andrew L. Cole*
Andrew L. Cole (No. 5712)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131 (Phone)
(302) 652-3117 (Fax)
acole@coleschotz.com

*Attorneys for Defendants/Counterclaim Plaintiffs, Andor Health, LLC, Mahathi Software PVT., Ltd., Raj Toleti, and Paul Tyriver*


Dated:  January 11, 2022