IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLSCRIPTS HEALTHCARE, LLC, HEALTH GRID HOLDING COMPANY, LLC, HEALTH GRID, LLC, HEALTH GRID COORDINATED CARE SOLUTIONS, INC., and MAHATHI SOFTWARE, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>ANDOR HEALTH, LLC, MAHATHI SOFTWARE PVT., LTD., RAJ TOLETI, PAUL TYRIVER, and AMAR BULSARA, <br><br>Defendants, <br><br>ANDOR HEALTH, LLC, MAHATHI SOFTWARE, PVT., LTD., and RAJ TOLETI, <br><br>Counterclaim Plaintiffs, <br><br>v. <br><br>ALLSCRIPTS HEALTHCARE, LLC, JAMES HEWITT, JEFF FRANKS, WARREN NASH, and BRYAN SEABORN, <br><br>Counterclaim Defendants. | C.A. No. 1:21-cv-00704-MAK |

**O R D E R**

Pursuant to Judge Kearney's Order of January 5, 2022, the parties have conferred with me as the designated discovery master under Fed.R.Civ.P. 53 to resolve their various pending discovery motions, including Defendants' Motion to Compel Complete Responses to

Interrogatories and Plaintiffs' response thereto (D.I. 275, 278), Plaintiffs' Motion to Compel Production of Source Code and Defendants' response thereto (D.I. 282, 298), and Defendants' Motion for Privilege Determination and to Continue Deposition and Plaintiffs' response thereto (D.I. 280, 298).[1]  Each of these motions will be addressed *seriatum* below.

   1. **Defendants' Motion to Compel Complete Responses to Interrogatories** (D.I. 275). In each of their interrogatories numbered 16, 17, 18, 19, 20, 22, and 24, Defendants seek identification of "all documents" contained in Plaintiffs' completed production of documents which support various allegations in the Second Amended Complaint or that reflect certain information.  Plaintiffs did not refuse to respond to the interrogatories, but neither did they attempt to identify "all" responsive documents, choosing instead to identify some documents for each of the interrogatories and including additional narrative for three of the seven interrogatories.[2]

   2**.** As background, Plaintiffs have produced some 500,000 documents in response to Defendants' 160 requests for production.  The question posed by this motion is which Party should bear the burden of identifying those documents relevant to proving specific of Plaintiffs' allegations.  Defendants argue in this regard that, even though they have possession of the documents concerned, "it would be most efficient for [Plaintiffs'] representatives, who are responsible for answering interrogatories and who are familiar with the documents, to identify relevant material, especially since the information requested relates to the contentions of [P]laintiff[s]." *Hercules, Inc. v. Exxon Corp.,* 434 F. Supp. 136, 158 (D. Del. 1977), as cited by

---

[1] I have been informed that the Parties have resolved a fourth motion, that of Plaintiffs to compel the production of comparison source code.  (D.I. 299)

[2] For interrogatory 16, Plaintiffs identified 9 documents and included a short narrative; for interrogatory 17, Plaintiffs identified 26 documents and included a longer narrative; for interrogatories 18 and 19, Plaintiffs identified 9 documents each; for interrogatory 20, Plaintiffs identified 13 documents and included a short narrative; for interrogatory 22, Plaintiffs identified 10 documents; and for interrogatory 24, Plaintiffs identified 11 documents.

Defendants in their motion.  Of course, the court in *Hercules* did not demand that "all" material be produced, only "relevant" material.  Neither is the decision in *Int'l Bus. Machines Corp. v. The Priceline Grp. Inc.,* 2016 WL 6305981, at *1 (D. Del. Sept. 29, 2016) (also cited by Defendants), particularly helpful.  The court in that case was not asked to compel the identification of "all" documents, but only those documents "sufficient to show" how the referenced functionality worked.  Finally, the interrogatories at issue in *Burton Mechanical Contractors, Inc. v. Foreman,* 148 F.R.D. 230 (N.D. Ind. 1992), did call upon the defendant to identify "all documents" relating to specific aspects of his leaving employment.  In response, defendant simply referred to "all" of the documents previously produced, without identifying which documents were responsive to which particular interrogatory.  The court explained that defendant "may identify the documents in question by Bates number, but he must do so with respect to each document responsive to a particular interrogatory and *only* such documents as are called for by a given interrogatory." *Id.* at 232.  In other words, the focus of the court in *Burton* was on defendant's over-inclusive response, not an under-inclusive response.

      3.  Plaintiffs respond to the decisions cited by Defendants with a reference to *Pasternak v. Dow Kim,* 2011 WL 4552389 (S.D.N.Y. Sept. 28, 2011), a case wherein plaintiff demanded that defendant "describe all the facts and produce all the documents that support his principal allegations in his defense." *Id.* at *3.  (D.I. 278 at 3)  The court rejected plaintiff's demand, holding that a party should not be required to identify documents where the information will subsequently be supplied in a pretrial order, nor should a party be required "to parse through documents that have already been produced" where the information contained therein is available to both parties. *Id.* at *3-4.  As to the latter point, I note that the *Hercules* decision was issued some 40+ years ago, before electronic search engines were available to litigants; i.e., at

3

the time the *Hercules* decision was written, the information was not equally available to both parties.  The rationale given in that case, therefore, is not as compelling today.

4.  Defendants' position has its appeal, as it would be most convenient to have Plaintiffs identify the documents they will likely rely on at trial to prove their allegations, i.e., the most relevant documents.[3]  However, absent compelling authority directing such a result, I decline to grant such relief where:  (a) the documents are available to and searchable by Defendants; (b) Plaintiffs have responded to the interrogatories by identifying some relevant documents; and (c) the pretrial order as monitored by Judge Kearney will serve to identify trial exhibits in a timely fashion.

5.  **Defendants' Motion for Privilege Determination and to Continue Deposition** (D.I. 280)**.**  By this Motion, Defendants seek to bar Plaintiffs' attempt to claw back a document based on claims of attorney-client privilege.  (D.I. 289)  Defendants introduce their Motion by way of describing Plaintiffs' history of improper privilege designations, which led to my publishing guidelines for privilege designations.  (D.I. 231)  Consistent with those guidelines, a document is entitled to protection from the attorney-client privilege only if the primary purpose of the communication is to solicit or render legal advice.  The party asserting the privilege has the burden of establishing that a lawyer "acting as a lawyer" is in communication with a client with respect to the legal implications of a proposed course of conduct.

6.  The document at issued is an email chain.  As produced, there is no indication on the face of the document that any lawyers were included in the communications.  Nor is it evident

---

[3] In the alternative to getting "all" documents, Defendants have requested that Plaintiffs produce the most relevant documents.  Plaintiffs claim protection under the work product doctrine.  I agree with Plaintiffs, and decline to award that alternate relief.  *See Boston Scientific Corp. v. Edwards Lifesciences Corp.,* 2016 WL 7440473, at *2 (D. Del. Dec. 27, 2016) (discovery which reveals "which documents are important" to a party "disclose[s] information that is considered work product.").  Plaintiffs did not waive this objection, as it was timely raised when Defendants modified their request for production.

that legal advice is being sought or that information is being given to guide the course of any legal conduct. Nevertheless, Plaintiffs in their responsive papers argue that the recipients include lawyers (as noted on their privilege log), and that the initial email from Allscripts' CFO was "providing his direction, as the client, of how [the attorneys] were to act as lawyers" in the context of, e.g., negotiating a settlement agreement, litigation if necessary, and follow-up legal and business work if needed. (D.I. 295 at 3)

7. I agree with Plaintiffs that "[w]hether a particular communication was made for legal or business purposes is largely a factual determination, and one which must be made on a case by case basis." *King Drug Co. of Florence, Inc. v. Cephalon, Inc.* 2013 WL 4836752, at *4 (E.D. Pa. Sept. 11, 2013). I also agree that statements made by a client to an attorney to assist in the attorney's legal duties can be deemed protected by the attorney-client privilege. *See, e.g., Arcui v. Trump Taj Mahal Associates,* 154 F.R.D. 97, 101 (D.N.J. 1997). The problem with Plaintiffs' response is that it is their burden to **prove** the facts underlying their claim of privilege, and attorney argument is not sufficient to prove the context in which the challenged document was written. *See generally King Drug Co.,* 2013 WL 4836752 at *4 (proponent of privileged document submitted an affidavit demonstrating the context in which the allegedly privileged statements were made). Plaintiffs have failed to carry their burden of proof in this regard. The deposition of Ms. Childs will be continued at Plaintiffs' expense so that Defendants can question her about the challenged document.

8. **Plaintiffs' Motion to Compel Production of Source Code from Andor Health LLC.** (D.I. 282). In this motion, Plaintiffs demand that Defendants produce a complete revision history for its source code in a usable format, e.g., a "git bundle." Defendants object to such production (D.I. 298) on the grounds that the relief requested is not consistent with the Source

Code Addendum to Confidentiality Agreement ("the Addendum") entered into by the Parties. (D.I. 282, Ex. D)  The Addendum provides in relevant part that "[a]ny source code produced in discovery shall be made available for inspection and review, in electronic format allowing it to be reasonably reviewed and electronically searched.  The production shall include the computer code and associated comments and revision histories. . . ." (*Id.* at ¶ 5)  10.

9. At the outset, it must be noted that Defendants have provided revision histories for the code agreed upon, but did so in a text file roughly 10 million lines long listing the many changes to its code over time.  Defendants argue that this format is entirely in keeping with the Addendum and is the only feasible way it could offer the revision histories of the only portions of its code that are alleged to have comparable or competitive functionality, pursuant to a stipulation entered by the parties on January 31, 2022. (D.I. 236)  According to Defendants, the "code and revision history for these products is stored in several repositories" and they are "unaware of any way to split the repositories." (D.I. 298 at 3)  In other words, the only way to comply with Plaintiffs' demand is for Defendants "to produce all of its source code and revision history, including the portions the Court found too broad and the parties agreed would not be produced." (*Id.* at 3-4)

10. Plaintiffs concede that their request will result in a broader production than was agreed to by the parties.  They instead rely on the declaration of their expert, Robert Zeidman, to argue that the text file provided by Defendants "is essentially useless because it would take a significant amount of time to attempt to piece together the source code's history from this enormous text file, if it is even possible at all." (D.I. 282-10, ¶ 7)  Mr. Zeidman goes on to explain that "[a] complete source code repository, such as a complete git bundle repository, is relevant and necessary for me to perform my work because such a repository will hold the entire

code plus all changes and allow me to extract versions of code at specific dates in time." (*Id.* at ¶ 8)

11. The parties' experts agree that "[t]he timing of when code was introduced into the various software components is critical to the evaluation of the claims in this case." (D.I. 282-8, ¶ 4, the declaration of Defendants' expert Russ Felker, made in connection with Defendants' prior demand for Plaintiffs to produce their code's revision history). The Addendum requires source code to be produced in a format that is "reasonably reviewable." Plaintiffs' expert Mr. Ziedman has declared that the revision histories provided by Defendants in a text file are "essentially useless." Discovery is drawing to a close.

12. This is a situation where the parties each have a persuasive position. Defendants point to a stipulated agreement reached by the parties to limit discovery to only those portions of Defendants' source code that relate to the disputed functionality. Plaintiffs focus on the fact that the stipulated agreement apparently is not practicable in terms of moving the discovery process forward on a critical aspect of the dispute. In balancing Defendants' confidentiality concerns and Plaintiffs' claims of undue burden, I go back to the burden of proof. Plaintiffs have supplied the declaration of their expert in support of the contention that the revision history provided by Defendants is not reasonably reviewable; Defendants have proffered no counter-declaration. I will recommend that Plaintiffs' motion be granted, but also order the parties to establish additional security protocols to protect those portions of Defendants' source code which are being ordered produced despite the January 31, 2022 stipulated acknowledgement that they do not relate to the functionality in dispute. If the parties cannot reach agreement on a protocol for this review, each of the parties will submit an expert declaration proposing how best to approach

this issue. These declarations are due by end of day Wednesday, April 6, 2022. The costs of any additional measures shall be borne by Plaintiffs.

      THEREFORE, IT IS ORDERED that:

      1. Defendants' Motion to Compel Complete Responses to Interrogatories (D.I. 275) is denied.

      2. Defendants' Motion for Privilege Determination and to Continue Deposition (D.I. 280) is granted.

      3. Plaintiffs' Motion to Compel Production of Source Code (D.I. 282) is granted. However, the protocol by which such production will be accomplished will either be agreed upon by the parties on or before end of business Wednesday, April 6, 2022, or each party will submit an expert declaration describing the most appropriate protocol by such time for my review.

      4. As per Judge Kearney's January 5, 2022 Order, the parties have 24 hours to submit objections not exceeding five pages to this recommended Order.

                                      Respectfully submitted,

                                        /s/ Sue L. Robinson
                                        Sue L. Robinson, Special Master