IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLSCRIPTS HEALTHCARE, LLC, HEALTH GRID HOLDING COMPANY, LLC, HEALTH GRID, LLC, HEALTH GRID COORDINATED CARE SOLUTIONS, INC., and MAHATHI SOFTWARE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ANDOR HEALTH, LLC, MAHATHI SOFTWARE PVT., LTD., RAJ TOLETI, PAUL TYRIVER, and AMAR BULSARA, <br><br> Defendants, <br><br> ANDOR HEALTH, LLC, MAHATHI SOFTWARE, PVT., LTD., and RAJ TOLETI, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> ALLSCRIPTS HEALTHCARE, LLC, JAMES HEWITT, JEFF FRANKS, WARREN NASH, and BRYAN SEABORN, <br><br> Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) C.A. No. 1:21-cv-00704-MAK ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**O R D E R**

Pursuant to Judge Kearney's Order of January 5, 2022, the parties have conferred with me as the designated discovery master under Fed.R.Civ.P. 53 to resolve various pending discovery motions, including Defendants' Motion to Compel Discovery Responses and

1

Plaintiffs' response thereto (D.I. 312, D.I. 317), and Plaintiffs' Motion for a Protective Order and Defendants' response thereto (D.I. 331, D.I. 341).  The Parties have also filed follow-up submissions to my recommended order (D.I. 316) regarding Plaintiffs' Motion to Compel Production of Source Code (282), adopted by Judge Kearney through his Order dated April 5, 2022 (D.I. 327).   Each of these matters will be addressed *seriatum* below.

    1. **Defendants' Motion to Compel Discovery Responses** (D.I. 312).  In this motion, Defendants complain that Plaintiffs' production of documents in response to Requests for Production numbered 162, 165, and 170 has not been fulsome enough to inspire confidence in the integrity of Plaintiffs' search methodology.  More specifically, the above identified requests relate to Plaintiffs' communications with third parties regarding the instant lawsuit, as relevant to Defendants' counterclaims of tortious interference and defamation.  Although Plaintiffs have produced close to 500,000 documents, the documents relating to these particular requests have been produced piecemeal, often identified only through the depositions of such key individuals as Paul Black (Plaintiffs' CEO) and Heather Childs (Plaintiffs' Vice President of Emerging Markets) rather than produced through the normal course of discovery.  Plaintiffs respond that they have conducted a reasonably thorough search and, although (as is often the case) some random documents were missed, such documents have been produced promptly after they were identified.

    2. During a conference with the Parties on Friday, April 8, 2022, I asked the Parties to confer with the goal of agreeing on the terms/custodians for one final search of Plaintiffs' documents focused on requests 162, 165, and 170, to ensure a level of confidence in the discovery process.  I have been informed that the Parties came to agreement on the searches and

2

custodians to be searched in this regard.  Therefore, Defendants' Motion to Compel (D.I. 312) is granted to that extent.

      3. **Plaintiffs' Motion for Protective Order** (D.I. 331).  By Order dated April 5, 2022, Judge Kearney adopted my recommendation to deny protection to a certain email chain inadvertently produced by Plaintiffs ("the challenged document").  Judge Kearney, however, stayed further use of the challenged document or renewed deposition until Plaintiffs were given the opportunity to file a motion for a protective order providing evidence of a privileged communication.  In this regard, attached to the instant motion is the declaration of Rick Poulton, the President and CFO of Allscripts Healthcare, LLC, by which he provides the context for the challenged document as "ongoing consultation with and advice from [his] lawyers regarding Mr. Toleti's conduct, the various contractual relationships at issue, and options available to address those issues."  (D.I. 331-2, ¶ 4)  According to Mr. Poulton, he wrote his email "to provide [his] directions regarding proposed next steps in the negotiations," with the expectation that the lawyers who were among the recipients would review such directions and act accordingly.  (*Id.*)

      4. Defendants maintain that the challenged document is not protected by the attorney-client privilege because Plaintiffs still have not demonstrated that "'[t]he **primary** purpose of [the] communication' . . . [was] to solicit or render legal advice." *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 147 (D. Del. 1977) (emphasis added).  According to Defendants, the challenged document is comprised of three bullet points, none of which expressly solicit legal advice and two of which clearly provide business directives.

      5. I have to agree with Defendants that Mr. Poulton's declaration is not as illuminating or compelling as I might have expected.  At best, one can say with assurance that the challenged document was sent to a mixed audience (lawyers and non-lawyers) and addressed both legal and

business implications of ending a business relationship, all in the context of Mr. Poulton's expectations that the mixed audience would react to his directives in an expected (but not divulged) way. In this regard, we are not privy to any responses except one from a non-attorney (Heather Childs), who asks about a business issue (presumably in response to the first bullet point). (D.I. 341 at 3)

      6. As so aptly described in the venerable *Hercules* decision, although business and legal issues are often "inextricably interwoven" in a communication, the proponent of the privilege has the burden of demonstrating that lawyers are "'acting as . . . lawyer[s]' giving advice with respect to the legal implications of a proposed course of conduct." *Hercules,* 434 F. Supp. at 147. The court in *Hercules* also allowed, however, that "[c]lient communications intended to keep the attorney apprised of continuing business developments, with an implied request for legal advice thereon . . . may also be protected." 434 F. Supp. at 145 (cited in *Idenix Pharmaceuticals, Inc. v. Gilead Sciences, Inc.,* 195 F. Supp. 3d 639, 646 (D. Del. 2016)). Even with this guidance and Mr. Poulton's declaration, I conclude that only the second bullet point satisfies the requirement of an implied request for (and expectations of receiving) legal advice. Therefore, this portion of the challenged document is protected from disclosure by the attorney-client privilege.[1] The second bullet point should be redacted, but the rest produced to Defendants and available for the continued deposition of Heather Childs.

      7. **Plaintiffs' Motion to Compel Production of Source Code** (D.I. 282). Judge Kearney adopted my recommendation that Defendants produce the revision histories of their

---

[1] There is no indication that the challenged document was "prepared 'in the course of preparation for possible litigation'" so as to be brought within the protection of the work-product doctrine. *Immersion Corp. v. HTC Corp.,* 2014 WL 3948021, at *2 (D. Del. Aug. 7, 2014). Mr. Poulton does not claim such in his declaration, nor does the challenged document itself suggest that it was part of a broader conversation with the attorney-recipients about their litigation strategy or prepaations for litigation.

complete source code, subject to a protocol agreed upon by the Parties or, absent an agreement, subject to a protocol selected from competing expert declarations. As previously explained, this dispute emerged when Defendants declared that they were unable technologically to retrieve from partial repositories complete revision histories of only the agreed-upon relevant source code in a usable format (Git Bundle files).

8. Consistent with my directive, Defendants' counsel timely proposed a satisfactory protocol to secure their complete source code for review of the revision histories, but then withdrew the proposal in order to suggest that their in-house engineers had in fact "found a way to create Git Bundle files that will contain the complete code and revision history only for the portions of Andor's code that Andor agreed to produce." (D.I. 339-1) This information has been shared through the declaration of Defendants' expert, Brad Ulrich, who does not claim to have discovered how to create the split repository Git Bundle files, nor does he claim to understand how it is done or confirm the success of the new program. He only avers that he has "been informed that Andor engineers" have accomplished this task.

9. Plaintiffs' expert, Robert Zeidman, responds that, "[g]iven Andor's apparent lack of knowledge about Git Bundles" in the first instance, as well as Andor's initial failure to produce SQL source code files for a "proper and complete production," he has "grave concerns as to whether Andor is capable of creating a properly working split Git Bundle that includes the relevant materials," especially in light of the Aptil 25, 2022 deadline for expert rebuttal reports. (D.I. 340) I share Mr. Zeidman's concerns. Therefore, the protocol first proposed by Defendants and embraced by Plaintiffs[2] shall govern the production of Defendants' source code revision histories, at Plaintiffs' expense.

---

[2] *See* D.I. 339-1 at 5, and D.I. 340 at 2.

THEREFORE, IT IS ORDERED this 12th day of April, 2022, that:

10.  Defendants' Motion to Compel Discovery Responses (D.I. 312) is granted consistent with the Parties' agreement as to the scope of the document search.

11.  Plaintiffs' Motion for Protective Order (D.I. 331) is granted as to the second bullet point in the challenged document.  The remainder of the document shall be produced and the deposition of Heather Childs continued in this regard at Plaintiffs' expense.

12.  Plaintiffs' Motion to Compel Production of Source Code (D.I. 282) is granted, consistent with the protocol suggested by Plaintiffs (see footnote 2), at Plaintiffs' expense.

13.  As per Judge Kearney's January 5, 2022 Order, the parties have 24 hours to submit objections not exceeding five pages to this recommended order.

Respectfully submitted,

/s/ Sue L. Robinson
Sue L. Robinson, Special Master