# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Allscripts Healthcare, LLC, a North Carolina LLC, et al.<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>Andor Health, LLC, a Delaware Corporation, et al.<br><br>　　　　　Defendants. | :<br>:<br>:<br>:  C.A. No. 1:21-cv-00704-MAK<br>:<br>:<br>:<br>:<br>:<br>: |
| Andor Health, LLC, et al.<br><br>　　　　　Counterclaim Plaintiffs,<br>　　v.<br><br>Allscripts Healthcare, LLC, et al.<br><br>　　　　　Counterclaim Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT AND COUNTER-PLAINTIFF'S
RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS**

Of Counsel:

**LOCKE LORD LLP**
Jennifer A. Kenedy (*pro hac vice*)
Bilal Zaheer (*pro hac vice*)
W. Allen Woolley (*pro hac vice*)
P. Russell Perdew (*pro hac vice*)
Andrew W. Reed (*pro hac vice*)
Sky A. Emison (*pro hac vice*)
Carlos Marin (*pro hac vice*)
111 South Wacker Drive
Chicago, IL  60606
Tel:  (312) 443-0377
Jkenedy@lockelord.com
Bilal.zaheer@lockelord.com
Allen.Woolley@lockelord.com
rperdew@lockelord.com
andrew.reed@lockelord.com
sky.emison@lockelord.com
carlos.marin@lockelord.com

Dated:  April 25, 2022

**COLE SCHOTZ P.C.**
Andrew L. Cole (No. 5712)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131 (Phone)
acole@coleschotz.com
jdougherty@coleschotz.com

*Attorneys for Defendants/Counterclaim Plaintiffs
Andor Health, LLC, Mahathi Software Pvt., Ltd.,
Raj Toleti and Paul Tyriver*

62997/0001-42978728

Allscripts's motion for sanctions based on Defendants inability to produce former employee Venkat Deepak for a deposition (D.I. 370) (the "Motion") is based almost entirely on two objectively false claims. Fortunately, both falsehoods are easily detected—Allscripts's own exhibits prove the claims are false—so the Court can quickly disregard the false claims and deny the Motion.

## BACKGROUND

### I. Mr. Deepak was an Assistant Manager, not a Deputy Vice President, as Allscripts's own exhibit shows.

Allscripts asks the Court to sanction Defendant Mahathi Software Pvt., LLC ("Mahathi") based on Mahathi's inability to compel a former employee—Venkat Deepak—to appear for deposition. Allscripts bases its Motion on its claim that Mr. Deepak was "Mahathi's Deputy Vice President of Human Resources for ten years" (or maybe the Vice President; Allscripts drops "Deputy" at one point).[1] For evidence of this assertion, Allscripts's counsel Scott Peloza declares under penalty of perjury that Mr. Deepak was the "Deputy Vice President of Human Resources at Mahathi." D.I. 370-1, ¶ 3. Based on Allscripts' claim that Mr. Deepak held that title, Allscripts claims that Rule 37(d) requires Defendants to somehow produce Mr. Deepak for deposition—or face sanctions—even though Mr. Deepak no longer works for Mahathi. D.I. 370, p. 4.

Contrary to Allscripts' assertion, in reality, Mr. Deepak was not a Vice President (Deputy or otherwise) at Mahathi. This is established by Allscripts's *own exhibits*. The LinkedIn profile Mr. Peloza attaches to his declaration as support for his assertion as to Mr. Deepak's title in fact states that Mr. Deepak is an "Asst. Manager HR." D.I. 370-2. Similarly, in Mr. Deepak's own resignation letter, that Allscripts attaches to its Motion, Mr. Deepak describes himself as "Asst.

---

[1] *Compare* D.I. 370, pp. 1, 4 ("Deputy Vice President" or "Deputy VP") *with Id.*, p. 4 ("Vice President of Human Resources").

Manager HR." D.I. 370-3. These documents say nothing about Mr. Deepak being a Deputy Vice President.

Beyond merely looking at their own exhibits before swearing to their contents, other basic diligence by Allscripts would have revealed that Mr. Deepak was an "Asst. HR" or an "Asst. Manager HR." Attached as Ex. 1 are 22 emails *produced in this case* with dates from June 2015 to October 2021 with those titles in Mr. Deepak's signature block. Again, nothing says he was a Deputy Vice President. Rather, Mr. Deepak was essentially an executive assistant with secretarial responsibilities. Ex. 2, Toleti Dec., ¶¶ 4-7 (describing Mr. Deepak's role as HR assistant).

## II.     Mr. Maddi did not contradict Defendants' counsel, as Allscripts' own exhibit shows.

Allscripts also bases its motion on its claim that Defendants' witness—Madhu Maddi—contradicted Defendants' counsel's account of Mr. Deepak's departure, supporting an inference of intentional misconduct by Defendants. D.I. 370, p. 3 (claiming "Madhu Maddi … contradicts Defendants' Counsel" creating a "suspicious, convoluted background."). But for the second time in the same motion, Allscripts makes a claim contradicted by its own exhibits.

Allscripts's motion misrepresents Mr. Maddi's deposition in an effort to manufacture a contradiction. Allscripts correctly reports that on February 22, 2022, Defendants' counsel told Allscripts's counsel that, "[o]n Friday, Mr. Deepak advised Mahathi that he was resigning from Mahathi effective immediately, to take a new position with another company." D.I. 370, p. 3; *see also* Ex. 3, Emails between counsel, p. 5. The prior Friday would have been February 18, 2022.[2] Mr. Maddi's deposition testimony (given on March 1, 2022) is consistent with that:

Q. When did he leave?

---

[2] This was imprecise; Mr. Deepak first notified Mahathi of his intent to resign on February 14 or 15. Ex. 2, ¶ 10. Those discussions continued for several days and Mr. Deepak ultimately resigned effective February 18, 2022, the date identified in Defendants' counsel's letter.

62997/0001-42978728

> A. I think it's a couple of weeks ago. I don't remember the exact date.
>
> Q. So before he left a couple of weeks ago, did he provide notice that he was leaving?
>
> A. He must have because he informed me that he's leaving, that's all.
>
> Q: How long ago did he inform you that he was leaving?
>
> A. I can't remember, a couple of weeks ago. I don't know exactly his last working day.

Ex. 4, Maddi, Tr., p. 187:11-24. Thus, Mr. Maddi did not remember when Mr. Deepak left or provided notice, but estimated Mr. Deepak did both "a couple weeks ago." A couple weeks before Mr. Maddi's March 1, 2022 deposition would have been approximately February 15, 2022,[3] the same week as the February 18 date provided by Defendants' counsel.

Allscripts's motion falsely changes Mr. Maddi's testimony regarding the timing of Mr. Deepak's notice from: (i) a *couple* weeks before Mr. Maddi's *deposition* to: (ii) *several* weeks before Mr. Deepak's *last day of work*. D.I. 370, p. 3 ("Oddly, Mahathi's VP of Engineering, Madhu Maddi, contradicts Defendants Counsel—he testified that Mr. Deepak told him he intended to quit several weeks before his last day at work."). Allscripts's Motion not only contradicts Mr. Maddi's testimony, it also contradicts Mr. Peloza's declaration summarizing the transcript, which correctly states that Mr. Maddi testified he, "could not remember when Mr. Deepak informed him he was leaving, stating it was a couple weeks before the deposition …." D.I. 370-1, ¶ 10.

In reality, Defendants tried to get Mr. Deepak to stay at Mahathi, at least until the deposition was completed, but Mr. Deepak refused. Mahathi's Chairman, Mr. Toleti, spoke to Mr. Deepak regarding deposition dates on or about February 15, 2022. Ex. 2, ¶ 10. Mr. Deepak stated that he had told Mahathi's Managing Director earlier that week of his intention to resign to take a job that paid more and was closer to his extended family. *Id*. In response, on or about February

---

[3] Mr. Maddi sat for his deposition in India, where he lives and works, so these dates would have been March 2 and February 16, 2022 from his perspective.

17, 2022, Mr. Toleti offered to increase Mr. Deepak's salary if he stayed through at least July 2022, but Mr. Deepak refused. *Id.*, ¶ 11. Mr. Toleti also asked if Mr. Deepak would sit for a deposition after his departure, and Mr. Deepak refused. *Id.* Mr. Deepak then resigned effective February 18 through a resignation letter. Ex. 2, ¶ 12; Ex. 2-A, Resignation Letter.

### III. Defendants' counsel properly wished to complete written discovery before setting Mr. Deepak's deposition, for which Allscripts never issued a notice.

Allscripts provides an incomplete description of the parties' discussions regarding deposition scheduling. Defendants imposed no obstacles specific to scheduling Mr. Deepak's deposition. Instead, Defendants sought to schedule *all* depositions (initially, 12 had been requested in total) until written discovery issues were resolved. Here are some facts Allscripts omits:

- On December 20, 2021, after Defendants noted that many of the Indian depositions would have logistical issues, Allscripts suggested taking the "least logistically challenging" depositions first and listed three potential deponents (omitting Mr. Deepak). Ex. 3, p. 2.

- Defendants wrote to Allscripts on December 22, 2021 that there were "significant concerns" (from both sides) regarding the parties' discovery responses, and thus suggested the parties "close out all written discovery issues to reduce the chances that any witness would need to be called back." Ex. 3, p. 3.

- Around February 9, 2022, the parties begin targeting March 7, 2022 to depose Mr. Deepak along with four other witnesses. Ex. 3, p. 4.

- On February 22, 2022 Defendants' counsel informed Allscripts of Mr. Deepak's departure four days after his departure. Ex. 3, p. 5.

Allscripts acknowledges it never sent a notice for Mr. Deepak's deposition. D.I. 370, pp. 6-7, n. 2.

## ARGUMENT

### I. Rule 37(d) does not authorize any sanctions without a notice of deposition.

Allscripts asks the Court to impose sanctions under Rule 37(d). D.I. 370, p. 7. Rule 37 only authorizes sanctions in connection with a deposition where, "a party or a party's officer, director, or managing agent … fails, ***after being served with proper notice***, to appear for that

4

person's deposition …." Fed. R. Civ. P. 37(d)(1)(A)(i) (emphasis added). Allscripts never issued a notice for Mr. Deepak's deposition, and tells the Court that such a notice is a "formality." D.I. 370, pp. 6-7, n. 2. Allscripts cites no case in which a court has entered sanctions under Rule 37(d) in the absence of a notice.[4] Rather, courts require proper notice. *Sure Fill & Seal, Inc. v. GFF, Inc.*, 2009 WL 3171126, at *1, n.1 (M.D. Fla. Oct. 2, 2009) (denying sanctions "because the motion is based on Lowe's failure to appear at a deposition for which he was not given adequate notice").

## II. Mr. Deepak was not Mahathi's "managing agent" under Rule 37.

Allscripts bears the burden of establishing that Mr. Deepak was a "managing agent" under Rule 37. *See EEOC v. Honda of America Mfg., Inc.*, 2007 WL 682088, at *2 (S.D. Ohio Feb. 28, 2007) ("The burden is on the party noticing the deposition to demonstrate that the deponent is an officer, director, or managing agent of the corporate opponent."). The only evidence Allscripts submits to establish this fact is an attorney declaration that is contradicted by its own exhibits. Other than Mr. Peloza's false and unsupported declaration, ***all*** the evidence shows that Mr. Deepak was never a Deputy Vice President and was only an "Asst. HR" or "Asst. Manager HR" who had secretarial responsibilities. Allscripts cites no evidence regarding the nature of Mr. Deepak's authority or responsibility, and it certainly cites no evidence that an "Asst. Manager HR" is automatically a managing agent of a corporation simply by virtue of holding that modest position. Allscripts cannot meet its burden, and the Court should deny the motion for this additional reason.

## III. Mahathi never "assumed responsibility" to produce Mr. Deepak.

Allscripts also seeks sanctions based on the claim that Mahathi "assume[d] responsibility" to produce Mr. Deepak. Mahathi never did so, and none of Allscripts's cases support sanctions.

---

[4] To be clear, Defendants do ***not*** contend that they would—or could—have compelled Mr. Deepak to appear in response to a notice. But the fact remains that Allscripts didn't serve one and it can't simply ignore those requirements of Rule 37 that it deems unnecessary.

5

Rule 37(d) says nothing about a party's obligation to produce former employees for deposition if the party "assumed responsibility" for doing so. Fed. R. Civ. P. 37(d). Allscripts cites two cases in support of its claim that sanctions are nonetheless appropriate, but both are dramatically different from this case. One case, *PrecisionFlow Techs., Inc. v. CVD Equip. Corp.*, involved depositions of nine of the plaintiff's ***current*** employees. 198 F.R.D. 33, 34 (N.D.N.Y. 2000). The depositions were scheduled by agreement, and defendant served notices with the negotiated dates and times without objection by plaintiff's counsel. *Id.,* at 35. Only one of the nine employees appeared at the scheduled deposition, and after the agreed date, plaintiff's counsel then objected to producing the employees after the agreed-upon deposition date. *Id.* As a result, the court ordered the plaintiff and its counsel to pay the expenses incurred by defendant for appearing at the depositions. *Id.*, p. 39.

Here, Mr. Deepak is a ***former*** employee, which is critical because the court in *PrecisionFlow* relied on the fact that, "PrecisionFlow and its counsel here exercised actual control over the eight employees." *Id.* at 37. Further, unlike in *PrecisionFlow*, there was no negotiated date and time for Mr. Deepak's deposition and no notice of deposition. Finally, Defendants' counsel here made clear prior to any deposition that Defendants could not produce Mr. Deepak for deposition. Thus, *PrecisionFlow* does not support an award of sanctions on the facts here.

Allscripts's other case, *In re Keystone Foods, Inc.*, 134 B.R. 828 (Bankr. W.D. Pa. 1991), also does not apply. There, the plaintiff agreed to produce a former employee for deposition, and defendant's counsel issued a notice at the agreed-upon date and time. *Keystone Foods*, 134 B.R. at 829. The witness appeared for the deposition but left after an hour. *Id.* at 828. The defendant's attorney specifically asked plaintiff's counsel if a subpoena was necessary and plaintiff's counsel agreed to arrange the deposition without a subpoena. *Id.* at 830. Here, Defendants worked with

6

Allscripts to schedule the deposition of Mr. Deepak *while he was employed at Mahathi* but *never* agreed to produce Mr. Deepak *after* he resigned.  Instead, Defendants' counsel here did exactly what the Court in *Keystone* said was appropriate, *i.e.*, "tell[] Defendant to serve a subpoena … or advise[] simply that [the witness] is not under [counsel's] control."  *Keystone*, 134 B.R. at 830.  Courts do not impose sanctions under such circumstances.  *See also FA Mgmt., Inc. v. Great Am. Ins. Co. of New York,* 2014 WL 2515040, at *7 (N.D.W. Va. June 4, 2014) (insufficient evidence that counsel "assumed responsibility" of a non-party witness where defendant's counsel "does not assert that he specifically asked plaintiff's counsel whether a subpoena was necessary or whether plaintiff's counsel did not have control over the witness").

## IV. The Court should sanction Allscripts for its false, frivolous motion.

Allscripts never should have filed this motion.  Attorney Scott Peloza submitted a false declaration under penalty of perjury which inaccurately described the contents of a document Allscripts claims is critical.  Another Allscripts attorney signed a Motion that misrepresented Mr. Maddi's deposition, as confirmed by the summary in Mr. Peloza's own declaration.  Beyond those egregious infractions, Allscripts also ignored substantial and readily available evidence that Mr. Deepak was never a Deputy Vice President as they claimed, and cited plainly inapplicable case law. This Motion continues Allscripts's pattern of filing frivolous sanctions motions.  *See* D.I. 350, 365.  Enough is enough.  The Court should not continue to tolerate such reckless disregard (at best) for the truth.  Surely attorneys cannot submit false declarations and sign motions containing false statements—when the truth is so readily apparent—without consequence.  The Court should deny Allscripts's Motion and award Defendants their fees for responding.  *See Al-Sabah v. Agbodjogbe,* 2019 WL 4447235, * 6 (D. Md. Sept. 17, 2019) (awarding fees to party that opposed unsuccessful objection to Magistrate Judge's order denying Rule 37(e) motion for sanctions because objection was "without substantial justification" under Rule 37(a)(5)(B)).

7

|  |  |
|---|---|
| Of Counsel: | **COLE SCHOTZ P.C.** |
|  | */s/ Andrew L. Cole* |
|  | Andrew L. Cole (No. 5712) |
| Jennifer A. Kenedy (*pro hac vice*) | Jack M. Dougherty (No. 6784) |
| Bilal Zaheer (*pro hac vice*) | 500 Delaware Avenue, Suite 1410 |
| W. Allen Woolley (*pro hac vice*) | Wilmington, DE 19801 |
| P. Russell Perdew (*pro hac vice*) | (302) 652-3131 (Phone) |
| Andrew W. Reed (*pro hac vice*) | acole@coleschotz.com |
| Sky A. Emison (*pro hac vice*) | jdougherty@coleschotz.com |
| Carlos Marin (*pro hac vice*) |  |
| LOCKE LORD LLP | *Attorneys for Defendants/Counterclaim Plaintiffs* |
| 111 South Wacker Drive | *Andor Health, LLC, Mahathi Software Pvt., Ltd.,* |
| Chicago, IL  60606 | *Raj Toleti and Paul Tyriver* |
| Tel:  (312) 443-0377 |  |
| Jkenedy@lockelord.com |  |
| Bilal.zaheer@lockelord.com |  |
| Allen.Woolley@lockelord.com |  |
| rperdew@lockelord.com |  |
| andrew.reed@lockelord.com |  |
| sky.emison@lockelord.com |  |
| carlos.marin@lockelord.com |  |

Dated:  April 25, 2022

62997/0001-42978728