IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLSCRIPTS HEALTHCARE, LLC, HEALTH GRID HOLDING COMPANY, LLC, HEALTH GRID, LLC, HEALTH GRID COORDINATED CARE SOLUTIONS, INC., and MAHATHI SOFTWARE, LLC, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 1:21-cv-00704-MAK ) |
| ANDOR HEALTH, LLC, MAHATHI SOFTWARE PVT., LTD., RAJ TOLETI, PAUL TYRIVER, and AMAR BULSARA, | ) ) ) ) |
| Defendants, | ) |
| ANDOR HEALTH, LLC, MAHATHI SOFTWARE, PVT., LTD., and RAJ TOLETI, | ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. ) | ) |
| ALLSCRIPTS HEALTHCARE, LLC, JAMES HEWITT, JEFF FRANKS, WARREN NASH, and BRYAN SEABORN, | ) ) ) ) |
| Counterclaim Defendants. | ) |

**O R D E R**

Pursuant to Judge Kearney's Order of January 5, 2022, by which I was appointed the designated discovery master under Fed.R.Civ.P. 53, I have reviewed the latest motion to be filed in the above captioned case, that is, Plaintiffs Motion for Sanctions under F.R.C.P. 37(D) for Defendants' Failure to Produce Deponent Venkat Deepak (D.I. 370), as well as Defendants' response thereto (D.I. 381).

1

1. In this motion, Plaintiffs contend that "Venkat Deepak, as Mahathi's Deputy Vice President for Human Resources for ten years, is a key witness" in two respects. First, Plaintiffs assert that Mr. Deepak actively participated in the July 2021 "raid" by Indian police on Allscripts' offices in Pune, India, activity which forms the basis for Plaintiffs' abuse of process claim. Second, Plaintiffs assert that Mr. Deepak engaged in conduct related to the cyberattack on Allscripts that disabled software used by patients to communicate with their physicians. Although Mr. Deepak was among the first group of deponents to be identified by Plaintiffs (on December 6, 2021), Mr. Deepak submitted a letter of resignation on February 18, 2022, before a date for his deposition had been agreed upon or a notice of deposition issued. Plaintiffs argue in their motion that, because Mr. Deepak "was clearly Mahathi's 'officer, director or managing agent' under F.R.C.P. 37(d)" (D.I. 370 at 4), Defendants' failure to schedule his deposition warrants sanctions, more specifically, the imposition of an adverse inference that Mr. Deepak's testimony would have been unfavorable to Defendants.

2. Rule 37(d) of the Federal Rules of Civil Procedure provides in relevant part that "a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – [who] fails, after being served with proper notice, to appear for that person's deposition," may be sanctioned. Corporate officers and directors are generally easy to identify by title. *See, e.g., Philadelphia Indem. Ins. Co. v. Federal Ins. Co.,* 215 F.R.D. 492, 494 (E.D. Pa. 2003). And "[a]lthough the law provides no clear definition of 'managing agent,' it is generally understood as an individual 'invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters.'" *Id.* As further explained by the court above,

> [t]o determine whether an employee is a managing agent, courts consider whether the individual is: '(1) invested with power to exercise his discretion and judgment

> in dealing with corporate matter[s], (2) can be depended upon to carry out employer's direction to give required testimony, and (3) has an alignment of interests with the corporation rather than one of the other parties. . . . This determination does not require an individual to possess general discretionary powers but, rather, should be dependent 'largely on functions, responsibilities and authority of the individual involved respecting the subject matter of the litigation.'

*Id.* (citations omitted). "[T]hose individuals without the authority to speak for the corporation are not proper party deponents absent a subpoena." *Id.* (citation omitted). "Thus, a party seeking to depose corporate employees must demonstrate that the intended deponents have the authority to speak for the corporation or must obtain a subpoena." *Id.* (citation omitted).

      3. Aside from Plaintiffs' characterization, there is no indication in the record that Mr. Deepak was a corporate officer or director by title, as his LinkedIn profile (D.I. 370-2), his letter of resignation (D.I. 370-3), and his business correspondence (D.I. 381-1) all consistently identify him as an "Asst. Manager HR." With respect to his "functions, responsibilities and authority," Defendants have produced the declaration of Raj Toleti, Chairman of Mahathi Software, Pvt., Ltd. In his declaration, Mr. Toleti avers that Mr. Deepak "was the functional equivalent of an executive assistant" whose job responsibilities included such things as making travel arrangements for employees and executives and accompanying executives in their travel as required to provide executive assistance. This description is consistent with the declaration provided by Plaintiffs, whereby Mr. Deepak is described as the person who booked the travel to and from the events in question. (D.I. 370-1, ¶¶ 5-6) It is also consistent with the subject matter of the many emails produced by Defendants in connection with this motion practice. (D.I. 381-1)

      4. Consequently, none of the evidence of record demonstrates that Mr. Deepak "had authority to act and make decisions on [Mahathi's] behalf." *Id.* Plaintiffs do refer to an interrogatory response identifying Mr. Deepak as someone with knowledge of the July 2021 raid,

3

with Plaintiffs averring that Mr. Deepak actively participated in the raid by questioning Allscripts' counsel.  (D.I. 370-1, ¶ 4)  Plaintiffs did not share this response with me based on confidentiality concerns.  Defendants counter this allegation with the declaration of Mr. Toleti, who declares that Mr. Deepak was not proficient in English (his first language being Telegu), and that, while present "during the visit to Allscripts India's Pune office on July 13, 2021, Mr. Deepak did not speak to any of the Allscripts' U.S. based employees." (D.I. 381-2, ¶ 9)

     5.  Considering the record as presented, I conclude that Plaintiffs have not carried their burden of demonstrating that Mr. Deepak was a corporate officer, director or managing agent under Rule 37 while employed at Mahathi.  *See EEOC v. Honda of America Mfg., Inc.,* 2007 WL 682088, at *2 (S.D. Ohio Feb. 28, 2007).  Absent such a designation, imposition of the relief requested under Rule 37 is not warranted.

     6.  The Parties focus much of their respective arguments on whether Mr. Deepak's status should be determined as of the time of the alleged misconduct, as opposed to his current status as a former employee. The court in *EEOC v. Honda* opined that "[t]he determination as to whether a deponent is an officer, director or managing agent of a corporate party is made at the time the deposition is noticed, rather than at the time of the events in questions occurred." *Id.*  This makes sense as Rule 37 addresses those deponents who are deemed appropriate corporate representatives; it is their corporate knowledge, not their personal knowledge, which is primarily at issue.  Nevertheless, because of Plaintiffs' contention that Defendants hindered the taking of a timely deposition, I have made the determination based on Mr. Deepak's status in July 2021.

     7.  The Parties also argue about whether "proper notice" under Rule 37 was given.  Again, although it is undisputed that a notice of deposition was never issued, I have reviewed Plaintiffs' Rule 37 request as though it had been.  Finally, the Parties spend time explaining their

respective versions of the events leading up to Mr. Deepak's departure from employment, events which Plaintiffs characterize as "highly suspect." (D.I. 370 at 3) Accepting the proposition that Mr. Deepak had relevant information to share and even assuming some failure on Defendants' part to timely schedule Mr. Deepak's deposition, the fact remains that – absent his status as an officer, director, or managing agent – Rule 37 does not afford Plaintiffs the platform for the relief sought.

THEREFORE, IT IS ORDERED this 27th day of April, 2022, that:

1. Plaintiffs' Motion for Sanctions under F.R.C.P. 37(D) for Defendants' Failure to Produce Deponent Venkat Deepak (D.I. 370) is denied.

2. As per Judge Kearney's January 5, 2022 Order, the Parties have 24 hours to submit objections not exceeding five pages to this recommended Order.

Respectfully submitted,

/s/ Sue L. Robinson___
Sue L. Robinson, Special Master