# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Allscripts Healthcare, LLC, a North Carolina LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Andor Health, LLC, a Delaware Corporation, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 1:21-cv-00704-MAK ) |
| Andor Health, LLC, et al, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> Allscripts Healthcare, LLC, et al., <br><br> Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' / COUNTERCLAIM DEFENDANTS' OBJECTION TO THE SPECIAL MASTER'S APRIL 27, 2022 REPORT AND RECOMMENDATION (D.I. 394)**

**BARNES & THORNBURG LLP**
Chad S.C. Stover (No. 4919)
William J. Burton (No. 6243)
1000 North West Street, Suite 1500
Wilmington, DE  19801
Tel: (302) 300-3434
Fax: (302) 300-3456

Mark L. Durbin (admitted *pro hac vice*)
Scott T. Peloza (admitted *pro hac vice*)
Megan K. Krivoshey (admitted *pro hac vice*)
Christine E. Skoczylas (admitted *pro hac vice*)
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606

Christina M. Baugh (admitted *pro hac vice*)
3475 Piedmont Road N.E., Suite 1700
Atlanta, GA 30305
Tel:  (404) 264-4046
Fax:  (404) 264-433
*Attorneys for Plaintiffs*

On April 27, 2022, the Special Master denied Plaintiffs/Counterclaim Defendants' Motion for Discovery Sanctions (D.I. 370).  Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), Allscripts objects to the Special Master's Ruling (D.I. 394) as follows:

1. Venkat Deepak, as Mahathi's Assistant Manager Human Resources for ten years, is a key witness.  He was not just in the room where Defendants' committed their unlawful conduct, he chose the room, escorted the participants to the room at Mahathi's expense, set the table, and then actively participated in the unlawful conduct at the table.  Among other activities, Mr. Deepak:

- acting under the guise of India police authority, participated in the interrogation of Allscripts' Chief Litigation counsel during the July 13, 2021 police raid in India (Peloza Decl., ¶ 4);

- set, booked and paid for the travel itinerary for the India police to travel across India in pursuit of Mahathi's crusade against Allscripts (Peloza Decl., ¶ 5); and

- travelled with the India police to conduct the raid, and to other parts of India participating with the police in their investigation and criminal proceedings (Peloza Decl., ¶¶ 4-6).

- 

2. Plaintiffs believe that the Master erred in finding that Venkat Deepak was not a "director, officer or managing agent" of Mahathi.  (D.I. 394, ¶ 3)  Although Defendants have tried to paint Mr. Deepak as a mere clerical worker, the evidence shows that Mr. Deepak was, at the very least a "managing agent," particularly with respect to the role he played in Defendants conduct at the factual core of this lawsuit.

> While the Federal Rules of Civil Procedure do not clearly define "managing agent," courts have considered the following factors in making this determination: (1) whether the individual is "invested by the corporation with general powers to exercise his discretion and judgment in dealing with corporate matters"; (2) whether the individual "can be depended upon to carry out the employer's direction to give testimony at the demand of a party engaged in litigation with the employer"; and (3) whether the individual "can be expected to identify with the interests of the corporation rather than those of the other parties." *In re Benicar*, 2016 WL

5817262, at *3, n. 12 (citations and quotations omitted). Whether an individual is a "managing agent" is to be determined "pragmatically on an ad hoc basis," id. (citations and quotations omitted), or on a "functional" basis. *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994) (citation omitted). The determination of managing agent status does not require a showing of "general discretionary powers," but rather should be dependent "largely on functions, responsibilities and authority of the individual involved *respecting the subject matter of the litigation.*" *Philadelphia Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492, 494 (E. D. Pa. 2003)(emphasis added; citation omitted). Finally, although the examining party bears the burden of establishing the status of the witness as a managing agent, any doubts regarding the individual's status as a managing agent are resolved in favor of the examining party. *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996). As stated in *Afram*, 159 F.R.D. at 413, "the examining party has the burden of providing enough evidence to show that there is at least a close question whether the proposed deponent is a managing agent."

*In re Valsartan, Losartan, & Irbesartan Products Liab. Litig.*,, 2021 WL 6111768,*2 (D.N.J. March 22, 2021).

3. Defendants state in their Response and Objection that Mr. Deepak was not a managing agent, relying primarily on Plaintiffs' Counsel's inadvertent error in stating Mr. Deepak's title, incorrectly referring to Mr. Deepak as the Deputy Vice President of Human Resources, instead of as Assistant Manager Human Resources as shown on the LinkedIn profile Plaintiffs' counsel attached. (*See* Declaration of Scott Peloza, filed herewith, at ¶ 3.) Plaintiff's reliance on titles, however, is badly misplaced—especially because, as Mr. Maddi testified, Mahathi had **no one** serving as the Manager of Human Resources. (*See* Peloza Decl., ¶ 4.) As *Valsartan* holds and demonstrates, Courts determine "managing agent" status "pragmatically on an ad hoc basis," using the three factors identified in *Valsartan*, and the party seeking the deposition has the burden to demonstrate only that, at the very least, the determination is a "close question." *Valsartan*, 2021 WL 6111768, at *2.

4. Not only was Mr. Deepak the highest ranking employee in Mahathi's human resources department, he also reported directly to Mahathi's sole Managing Director, C.S.

Padmavathi. (*See* Peloza Decl., ¶ 4). Mr. Deepak's status as the highest-ranking Mahathi employee in Human Resources, along with the title "Assistant Manager Human Resources," and his direct access to Mahathi's sole managing director all demonstrate that Mahathi invested him with discretion he could exercise on Mahathi's behalf. Moreover, as of July 2021, under the *Valsartan* factors, Mr. Mahathi "[could] be depended upon to carry out the employer's direction to give testimony at the demand of a party engaged in litigation with the employer," and "[could] be expected to identify with the interests of the corporation rather than those of the other parties." *Valsartan,* 2021 WL 6111768, at *3. Accordingly, the three factors courts use for making an "ad hoc" "managing agent" determination align in Plaintiffs favor. At the very least, that determination is a close question, which the Court must decide in Plaintiffs' favor. *See id.*

5. The Master correctly found that Mr. Deepak's employee status should be considered as of July 2021 (D.I. 394, ¶ 6), but errantly found that even under that consideration, Mr. Deepak was not an "officer, director or managing agent." (*Id.* ¶ 7.) Plaintiffs urge this Court to reject the Master's errant finding that Mr. Deepak was not an "officer, director or managing agent," and instead find that Mr. Deepak was indeed an "officer, director or managing agent." And, given that Mr. Deepak was an "officer, director or managing agent," the Court should find, as the Master did, that the applicable law under Rule 37(d) allows imposing sanctions on Defendants for failing to produce Mr. Deepak, and the Court should impose the requested adverse inference sanction.

6. In addition, the Master errantly failed to consider the legal argument that even if Mr. Deepak were not an "officer, director or managing agent," that once Defendants acknowledged and accepted responsibility for presenting him for his deposition, Defendants were obligated to produce him, and bear the consequences of his failure to appear. *In re Keystone Foods, Inc.*, 134

B.R. 828, 830 (Bankr. W.D. Pa 1991); *PrecisionFlow Technologies, Inc. v. CVD Equipment Corp.*, 198 F.R.D. 33 (N.D.N.Y 2000).  The Master should have evaluated that legal argument and found that even if Mr. Deepak is not a "managing agent," Defendants' should still be sanctioned for their failure to produce him for a deposition.

7. Defendants cherry pick portions of Mr. Maddi's deposition to try to demonstrate that Mr. Deepak gave no advance notice that he was leaving Mahathi.  They intentionally omit the following question and answer, on page 190, lines 14-21 of Mr. Maddi's March 1, 2022 transcript: "Q. Did Mr. Deepak provide written notice that he was leaving?  A: I don't know. That's what I'm saying. I don't know when he submitted his resignation or not. He just told me like before, a couple of weeks before sometime. I don't remember that, but that he's leaving."  Mr. Maddi is testifying that he did not know whether Mr. Deepak submitted written notice and if so, when. Mr. Deepak "just told [him] like before, a couple of weeks before sometime." (Peloza Decl., ¶5.)  Mr. Maddi clearly says that Mr. Deepak told him he was leaving "a couple of weeks before," although he does not recall exactly when that was.  Defendants are mischaracterizing his testimony, not Plaintiffs.

8. If the Court were to even consider imposing sanctions upon Plaintiffs as Defendants' suggest in their Objection (D.I. 395), the Court should reject such consideration. Plaintiffs' counsel's inadvertent error in describing the job title on the LinkedIn profile he attached to his Declaration (Peloza Decl. ¶ 3)—which Defendants would, and did, easily correct—does not deprive Plaintiffs' motion of "substantial justification."  To the contrary, over Defendants' objection, the Master agreed with Plaintiffs' case law requiring the Master to determine Mr. Deepak's status as of the date of his alleged wrongful conduct, not the date of his deposition. (D.I. 394, ¶ 6).  Moreover, as stated herein, Plaintiffs continue to believe that a proper

4

determination of issues of fact and law will deem Mr. Deepak a "managing agent," and warrant imposing the requested adverse inference sanction.

Defendants' mistakenly rely on *Al-Sabah v. Agbodjogbe*, 2019 WL 4447235, * 6 (D. Md. Sept. 17, 2019). That case involved a sanctions motion that the Master found "frivolous." Here, the Master made no such finding, and in fact agreed with Plaintiffs' interpretation of the applicable case law in the motion. (D.I. 394, ¶ 6.) Moreover, the *Al-Sabah* judge imposed sanctions for the *objection*, not the motion itself; and the Court described the objection as "no better" than the "frivolous" motion: "Plaintiff notes that she repeatedly pressed defendants' counsel to withdraw the Objection, pointing out its numerous flaws, including its reference to Local Rule 27, a rule that does not exist; the inapplicability of 28 U.S.C. § 636(b)(1)(C), which it cites; and its inaccurate description of [a cited case]." *Id.* at *6. Here, Plaintiffs' objection is not based on a "frivolous" motion, and does not suffer from any defects, let alone the laundry list described in *Al-Sabah*.

Moreover, as *Al-Sabah* holds, "A motion is substantially justified if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" [Citations omitted]; *see also CoStar Realty Info., Inc. v. Field*, 737 F. Supp. 2d 496, 515 (D. Md. 2010) ("An individual's conduct is found to be 'substantially justified' if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'")." *Id.* at *6. The Master did not find the motion had an unreasonable basis in law and fact—to the contrary the Master agreed with Plaintiffs' interpretation of the case law, not the Defendants'. Neither the motion nor this objection lack "substantial justification."

WHEREFORE, Plaintiffs respectfully request that the Court decline to adopt the Special Master's Report (D.I. 394), and instead grant Plaintiffs'/Counterclaim Defendants' Motion for Discovery Sanctions (D.I. 370).

| | |
|---|---|
| Dated:  May 3, 2022 | BARNES & THORNBURG LLP |

/s/  *William J. Burton*
Chad S.C. Stover (No. 4919)
William J. Burton (No. 6243)
1000 North West Street, Suite 1500
Wilmington, DE  19801
Tel: (302) 300-3434
Fax: (302) 300-3456
Email:  chad.stover@btlaw.com
Email:  william.burton@btlaw.com

Mark L. Durbin (admitted *pro hac vice*)
Scott T. Peloza (admitted *pro hac vice*)
Megan K. Krivoshey (admitted *pro hac vice*)
Christine E. Skoczylas (admitted *pro hac vice*)
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Phone: (312) 357-1313
Email:  mark.durbin@btlaw.com
Email:  speloza@btlaw.com
Email:  megan.krivoshey@btlaw.com
Email:  Christine.skoczylas@btlaw.com

Christina M. Baugh (admitted *pro hac vice*)
3475 Piedmont Road N.E., Suite 1700
Atlanta, GA 30305
Tel:  (404) 264-4046
Fax:  (404) 264-433
E-mail:  CBaugh@btlaw.com

*Attorneys for Plaintiff*