IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLSCRIPTS HEALTHCARE, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-704 |
| | : | |
| ANDOR HEALTH, LLC, *et al.* | : | |

# ORDER

**AND NOW**, on this 4th day of May 2022, upon considering Plaintiffs' Objection (D.I. 424) to Special Master Judge Robinson's April 27, 2022 Report (D.I. 394) recommending we deny Plaintiffs' Motion for sanctions under Federal Rule of Civil Procedure 37(d) (D.I. 370), Defendants' Response (D.I. 427), and finding Plaintiffs never issued proper notice required under Federal Rules of Civil Procedure 30(b)(1) and 37(d)(1)(A)(i)[1] and thus we need not reach the issue of whether Mr. Deepak is a managing agent but wonder why Plaintiffs move directly to

---

[1] Federal Rule of Civil Procedure 37(d)(1)(A)(i) permits "[t]he court where the action is pending . . . on motion, [to] order sanctions if: (1) a party or party's officer, director, or managing agent– or a person designated under Rule 30(b)(6) or 31(a)(4)–fails, **after being served with proper notice**, to appear for that persons deposition." Fed. R. Civ. P. 37(d)(1)(A)(i) (emphasis added).

Rule 30(b)(1) governs "proper notice" under the Federal Rules, requiring "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party," and "[t]he notice must state the time and place of the deposition and, if known, the deponents name and address." Fed. R. Civ. P. 30(b)(1).

Allscripts does not argue it issued proper notice for Mr. Deepak's deposition. D.I. 370. Allscripts remarkably concedes it did not issue proper notice to depose Mr. Deepak and seemingly argues it need not issue proper notice under the Rules because the parties had an informal arrangement where they discussed the depositions first and *then* issued proper notice after the parties agreed upon the details and logistics of them. *Id.* at 6 n.2. While we encourage collaboration and civility between the parties, Allscripts did so in this instance at its own peril as Rule 37 requires proper notice to be issued before we issue sanctions. Allscripts' argument asking us to ignore the plain text of the Rules is not accompanied by authority permitting us to enter sanctions absent proper notice for the deposition. *Id.* Allscripts' argument and alternative argument for sanctions fail because Allscripts never issued proper notice for Mr. Deepak's deposition as required by the Rules' plain language.

sanctions rather than first noticing or issuing process to depose the foreign witness, then moving to compel the Defendant to produce its managing agent or following procedures to subpoena a foreign witness before the close of discovery, it is **ORDERED** we:

    1.    **OVERRULE** Plaintiffs' Objection (D.I. 424);

    2.    **ADOPT AND APPROVE** Judge Robinson's April 27, 2022 Report and Recommendation (D.I. 394), albeit not needing to rely on her thorough analysis under Rule 37(d) based on the record provided or any analysis of "managing agent" because the Plaintiff has not met the prerequisite of issuing "proper notice"; and,

    3.    **DENY** Plaintiffs' Motion for sanctions (D.I. 370).

_____
**KEARNEY, J.**