## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Allscripts Healthcare, LLC, a North Carolina LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Andor Health, LLC, a Delaware Corporation, et al., | ) ) ) |
| Defendants. | ) ) |
| Andor Health, LLC, et al, | ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| Allscripts Healthcare, LLC, et al., | ) ) |
| Counterclaim Defendants. | ) ) |

C.A. No. 1:21-cv-00704-MAK

## LETTER TO THE HONORABLE SUE L. ROBINSON FROM CHAD S.C. STOVER IN RESPONSE TO DEFENDANTS' LETTER REGARDING REQUESTED RULE 37 FEES

**BARNES & THORNBURG LLP**

Chad S.C. Stover (No. 4919)
William J. Burton (No. 6243)
1000 North West Street, Suite 1500
Wilmington, DE 19801
Tel: (302) 300-3434
Fax: (302) 300-3456

Mark L. Durbin (admitted *pro hac vice*)
Scott T. Peloza (admitted *pro hac vice*)
Megan K. Krivoshey (admitted *pro hac vice*)
Christine E. Skoczylas (admitted *pro hac vice*)
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606

Christina M. Baugh (admitted *pro hac vice*)
3475 Piedmont Road N.E., Suite 1700
Atlanta, GA 30305
Tel: (404) 264-4046
Fax: (404) 264-433

*Attorneys for Plaintiffs*

Dated: May 25, 2022

Under Third Circuit law, "the Court "must not order [fees under Fed. R. Civ. P. 37(a)(5)(B)] if the motion was substantially justified or other circumstances make an award of expenses unjust". . . Substantial justification requires justification 'to a degree that could satisfy a reasonable person.' The test of **substantial justification** is satisfied if there is a '**genuine dispute**, or if **reasonable people could differ** as to [the appropriateness of the contested action].'" *Baier v. Princeton Office Park, L.P.*, Civ. No. 3:08-cv-5296, 2018 WL 5253288,*5 (D.N.J. Oct. 22, 2018) (citations omitted, emphasis added). Moreover, the fact that the court ruled unfavorably does "does not mean, ergo that [the party] raised frivolous or unjustifiable" arguments." *Id.*

While Third Circuit courts do not rule on Rule 37(a)(5)(B) fees very often, they very rarely find an absence of "substantial justification."[1] Third Circuit courts have awarded fees under 37(a)(5)(B) only under extreme circumstances, in only three cases indexed on Westlaw.[2] Allscripts' motions, especially viewed through a Third Circuit prism, involved a "genuine dispute," or at the very least were motions on which reasonable people could differ as to their appropriateness, and thus were "substantially justified."

Allscripts' first motion (D.I. 350) involved key metadata on Mahathi's developers' laptops that Mr. Maddi testified under oath Mahathi had destroyed by overwriting. Uploading data from a laptop to the cloud may preserve *that* data, but it does not preserve the *laptops' own* metadata that would show when the laptop was used, network or other connections it made and when, data transferred to and from and when, and perhaps interim changes to the data itself that were not preserved in the cloud version. Two months after Mr. Maddi's deposition, *despite Plaintiffs' repeated requests for further information about whether any data had been lost and only after it learned that Allscripts was moving to compel*, Mahathi claimed to have just discovered that it had *not* overwritten the laptops. Allscripts was rightfully skeptical of this eleventh-hour revelation, especially from a software development company that should be familiar with information on its

---

[1] For cases where courts declined fees after an unsuccessful motion to compel, *see, e.g, State Farm Mutual Auto Ins. Co., v. New Horizont*, Inc., 254 F.R.D. 227, 235-37 (E.D. Pa. 2008) (third Rule 30(b)(6) deposition); *St. Marine v. Keystone Freight Corp.*, Civ. No. 10-1048, 2012 WL 645931, at *5 (E.D. Pa. Feb. 28, 2012) (filed without a meet and confer that would have mooted the motion); *Hill v. S. E. Penn. Trans. Authority*, Civ. No. 09-5463, 2011 WL 4809051,*1 (Ed. Pa. Oct. 11, 2011)(transit agency to produce list of all employees charged with a crime for the prior 15 years); *Bazzar v. Salem*, Case No. ST-14-cv-370, 2016 WL 3369547, at *2 (V.I. Super., June 13, 2016) (moot because non-movant had already filed responses); *Druding v. Care Alternatives*, No. 08-2126, 2017 WL 11461795, at *5 (D.N.J. Jun. 21, 2017)(documents movant had twice agreed not to seek); *TQ Delata LLC v. 2Wire Inc*., No. 13-cv-1835, 2017 WL 9833509, at *1 (D. Del. Aug. 9, 2017)(based on same judge's ruling in a different case); *LaFate v. Vanguard Grp., Inc*., No. 13-cv-55555, 2014 WL 5023406, at *7 ( E.D. Pa. Oct. 7, 2014) (privileged documents); *Casey Dooley v. John E. Wetzel*, No. 3:18-cv-01310, 2022 WL 1597834, at*4 (M.D. Pa. May 19, 2022) (irrelevant document); *In re Diisocyanates Antitrust Litig.*, No. 18-1001, W.D. Pa. Jan. 7, 2022) (additional search terms after judge had ruled on the search terms); *Jarzyyna v. Home Properties, L.P.*, No. 0-4191, 2012 WL 12865417, at *19 (E.D. Pa. Nov. 21, 2012)(filed without meet and confer that would have precluded motion*); Otsuka Pharm. Co., Ltd., Apotex Corp*., 310 F.R.D. 256 (D.N.J. 2015)(protective order to block deposition questioning).

[2] In *Williams v. CVS Caremark Corp.*, Civ. No. 15-5773, 2016 WL 4409190, at *6 (E.D. Pa. Aug. 18, 2016), the plaintiff claimed CVS's security videotape of his unruly behavior was not actually him, and that CVS faked the videotape. The Court found his motion to compel additional video evidence to show that CVS faked it was "without any factual or legal basis." In *Quest Integrity v. Cokebusters USA, Inc.*, No. 14-1483, 2017 WL 1175281, *1 (D. Del. Mar. 28, 2017), the movant's unsuccessful motion to compel followed on the heels of its threat "to inflict the maximum amount of financial pain" on the non-movant and its counsel. (*See Quest*, No. 14-1483, D.I. 243, p. 13). In *Kyko Global, Inc. v. Bhongir*, Civ. No. 2:17-cv-00212, 2019 WL 1493400, at *11 (W.D. Pa. Apr. 4, 2019), the plaintiff had leave to obtain only jurisdictional discovery, but moved to compel responses to its broad, standard requests, *sua sponte* drawing fees. The ruling was upheld on an "abuse of discretion" review. 807 Fed. Appx. 148, 53 (3d Cir. 2020).

own computers. Allscripts asked Mahathi for the laptops, or their mirror images, to retrieve the laptops' metadata, and an affidavit to verify Mahathi's story. Mahathi refused to produce the laptops, their mirror images, or an affidavit. (D.I. 350-15). Under that suspicious factual background, Allscripts was in a "genuine dispute" with Mahathi, and filed an appropriate motion. Mahathi only produced affidavits and supposed proof after Allscripts filed its motion, when Allscripts had no meaningful opportunity to reply. Although Your Honor denied the motion, it appeared that was because you thought Allscripts should have sought a different remedy, not that its motion was baseless. (D.I. 383). Although Defendants' Response asked for fees (D.I. 365), Your Honor's ruling contains no hint that you believed that Allscripts' motion had not raised a genuine dispute, or was inappropriate.

Venkat Deepak is an important witness. Mr. Deepak was Mahathi's only Human Resources employee, and participated in Mahathi's instigation and sponsorship of the India criminal proceedings. At the start of deposition discovery, on December 6, 2021, Allscripts included Mr. Deepak on a written list it sent to notify the Defendants which Mahathi employees to schedule for deposition. Defendants delayed scheduling the deposition long enough for Mr. Deepak to quit Mahathi. Mahathi's counsel claimed that Mr. Deepak just up and quit one day after ten years, without advance notice, while Mr. Maddi testified that Mr. Deepak had told him a few weeks earlier that he was quitting. Against that suspicious and convoluted scenario, Mahathi declared it would no longer produce Mr. Deepak for a deposition under a Rule 37 notice. Defendants' refusal to produce Mr. Deepak raised two issues: does Rule 37's power to command Mr. Deepak for his deposition hinge upon his current status, or his status when he participated in the alleged wrongful conduct as an employee in July 2021? Secondly, if the relevant Rule 37 time period is July 2021, was Mr. Deepak a "managing agent" at that time? These two issues at the core of Allscripts' motion constituted a "genuine dispute" with Defendants, or at the very least was a motion that reasonable people could differ on. In Your Honor's ruling (D.I. 394), you used Mr. Deepak's employment as of July 2021 as the status yardstick, but felt that Allscripts did not carry their burden of demonstrating Mr. Deepak was a "managing agent." Although Defendants included a request for Rule 37 fees, Your Honor's ruling contains no hint that you believed that Allscripts' motion had not raised a genuine dispute, or was not even arguably appropriate.[3]

Defendants' reliance on *Al-Sabah v. Agbodjogbe*, a Fourth Circuit case, is odd given the existence of Third Circuit jurisprudence, and because that court refused to award fees for an unsuccessful motion to compel. *Al-Sabah, 2019 WL 4447235 at* *6. The court did award fees, but only for the objection to the master's ruling, and only because the objection failed to address the master's reasons for finding the motion "frivolous." *Id.* But A*l-Sabah* raises the salient point that Defendants have not even contended that Allscripts filed its *objections* without substantial justification, especially given that without an objection Allscripts waives the issue. Moreover, *Al-Sabah* demonstrates that Defendants must segregate the fees incurred for each motion, not a mere total for both, and for each motion specifically the amount of time/fees spent on the response versus the objection. Defendants' fee petition fails in both regards.

---

[3] Allscripts has already acknowledged and apologized for its inadvertent error in transcribing Mr. Deepak's LinkedIn profile (attached to the motion) title as "Deputy VP" instead of "Assistant Manager" of Human Resources. Nonetheless, Allscripts' motion did not hinge on Mr. Deepak's title, but instead on his role in the cyberattack and the instigation of the India criminal proceedings. Moreover, as the *only* Mahathi employee/agent in their Human Resources department, he presumably would have been able to bind Mahathi and exercise his judgment on Mahathi's behalf, meeting the Rule 37 "managing agent" criteria, no matter what title they gave him. Neither "Assistant Manager" nor "Deputy VP" are titles that connote any specific or well-defined set of duties or responsibilities.

Respectfully submitted,

Chad S.C. Stover

cc:  Counsel of Record (via email)