

111 South Wacker Drive
Chicago, IL 60606
Telephone: 312-443-0700
www.lockelord.com

P. Russell Perdew
Direct Telephone: 312-443-1712
rperdew@lockelord.com

May 18, 2022

The Honorable Sue L. Robinson (srobinson@farnanlaw.com)

Dear Judge Robinson:

Defendants submit this letter in further support of their request for attorneys' fees arising from two factually false and legally frivolous sanctions motions Allscripts filed. D.I. 350, 370. Your Honor denied these motions (D.I. 383, 394), and Judge Kearney adopted your R&Rs. D.I. 402, 430 and referred Defendants' request for fees (D.I. 365, 381) to you. D.I. 402, ¶5; D.I. 404, ¶1. You requested this submission on whether Defendants should receive fees and in what amount.

**Fees are appropriate where Rule 37 motions are filed without substantial justification**

Allscripts's motions sought sanctions under Rules 37(d) and (e). Rule 37 contains a presumption of cost-shifting for unsuccessful motions:

> If the motion is denied, the court … must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). This substantial-justification standard applies to proceedings arising under sub-sections other then 37(a). *See Al-Sabah v. Agbodjogbe,* 2019 WL 4447235, * 6 (D. Md. Sept. 17, 2019) (awarding fees to party that opposed unsuccessful objection to Magistrate's order denying Rule 37(e) sanctions because objection was "without substantial justification."

Substantial justification requires showing, "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Corona v. Barnhart*, 431 F. Supp. 2d 506, 511 (E.D. Pa. 2006). Here, Allscripts lacked a reasonable basis in truth or in law for the two motions.

**Defendants are entitled to fees because Allscripts's motions were not substantially justified.**

Allscripts's first motion was legally baseless. Allscripts sought sanctions over the alleged loss of ESI where the undisputed evidence—including declarations and computer screen shots—showed

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

126903788v.5

The Honorable Sue L. Robinson
May 18, 2022
Page 2

no ESI had been deleted. D.I. 365-4 to -8. Your Honor found Allscripts had not met its "burden of proving loss." D.I. 383, ¶8. Allscripts's motion was also flawed because the undisputed evidence showed the relevant information had been backed up to cloud storage before Mr. Maddu made his request to reformat hard drives. D.I. 365-1, -2. Your Honor found Allscripts has not shown that the computers contained any "unique, relevant ESI that was not duplicated in the Parties' respective cloud-storage repositories." D.I. 383, ¶9. Defendants informed Allscripts of these facts before the motion was filed (D.I. 365, p. 4), so Allscripts had no basis to proceed with filing.

Allscripts's second motion is even more egregious because it was based on a false statement that Allscripts did not correct even after Defendants pointed it out. That motion sought sanctions due to Defendants' failure to produce former employee Venkat Deepak for deposition. The motion claimed Mr. Deepak was a "managing agent" of Defendant Mahathi because Deepak was supposedly a Deputy Vice President of HR. D.I. 370, p. 4. Allscripts supported the motion with an attorney declaration stating that Mr. Deepak's LinkedIn profile described him as a Deputy Vice President. D.I. 370-1, ¶3. But the declaration—and the basis for Allscripts's motion—was false; the LinkedIn profile (attached to the attorney's declaration) accurately described Mr. Deepak as "Asst. Manager HR." D.I. 370-2. Defendants compiled significant evidence to refute Allscripts's false statement, including a declaration describing his job functions and more than a dozen emails with Mr. Deepak's correct title in his signature block. D.I. 381-1, -2. Allscripts's motion also made legally baseless arguments as described in Defendants' response. D.I. 381, p.5-7.

Even worse than its initial falsehood is Allscripts's delayed and minimal contrition for the false statement. Defendants pointed out the false statement in its response filed on April 25, 2022. D.I. 381. Rather than immediately acknowledge the error and apologize, Allscripts waited a day and then asked Your Honor to have a hearing. D.I. 395-1. In an objection to the R&R denying the motion, Allscripts treated the false statement as no big deal that Defendants could "easily correct." D.I. 424, ¶8. Allscripts buried an apology in an exhibit to that objection (D.I. 424-1, ¶3) and continued to seek sanctions even though that false fact was the primary basis for the relief sought in their motion. Regardless of Allscripts's belated apology, Defendants had to pay their attorneys to compile evidence and draft a response correcting Allscripts's reckless error, and Defendants' attorneys were distracted from the merits of the case in the middle of a hectic discovery schedule. Respectfully, Your Honor should discourage such reckless indifference to an attorneys' declaration and to information included in court filings by shifting the cost of correcting the error.

**Defendants seek the fees incurred in responding to Allscripts's motions, including objections.**

Defendants have filed five documents in connection with Allscripts's two motions: responses to both motions (D.I. 365, 381), responses to Allscripts's objections to the R&Rs denying both motions (D.I. 393, 427), and Defendants' objection to the lack of fees in the second R&R. D.I. 395. Defendants' first response attached more than 30 exhibits; the second attached an additional 22 emails and other exhibits. Defendants' attorneys spent a total of 56.40 hours on these filings, resulting in fees charged to Defendants of $36,900.05. Ex. 1, Perdew Dec. Defendants submit the declaration of Delaware attorney Andrew Cole establishing that the rates, hours, and fees for these tasks are reasonable. Ex. 2, Cole Dec. The attached fees do not include fees incurred in preparing this letter or attending any hearing on this request.

126903788v.5

The Honorable Sue L. Robinson
May 18, 2022
Page 3

Very truly yours,

LOCKE LORD LLP

P. Russell Perdew

# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Allscripts Healthcare, LLC, a North Carolina LLC, Health Grid Holding Company, LLC, Health Grid, LLC, Health Grid Coordinated Care Solutions, Inc., and Mahathi Software, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>Andor Health, LLC, a Delaware Corporation; Mahathi Software Pvt., Ltd.; Raj Toleti, individually and as Representative of the Participating Equityholders under the Merger Agreement; Paul Tyriver, individually; and Amar Bulsara, individually,<br><br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: C.A. No. 1:21-cv-00704-MAK<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Andor Health, LLC, Mahathi Software Pvt., Ltd., and Raj Toleti,<br><br>      Counterclaim Plaintiffs,<br><br>  v.<br><br>Allscripts Healthcare, LLC, James Hewitt, Jeff Franks, Warren Nash, and Bryan Seaborn,<br><br>      Counterclaim Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **DECLARATION OF P. RUSSELL PERDEW**

P. Russell Perdew, being duly sworn, states the following under oath:

1. I am over the age of eighteen years and have personal knowledge of the matters set forth herein. If sworn as a witness, I could testify competently to the facts set forth in this declaration.

2. I am an attorney and partner at Locke Lord LLP, counsel for Defendants in this case.

3.	Attached hereto as Exhibit A is a list of the time entries for work my colleagues and I performed in connection with two motions for sanctions filed by Allscripts in this case. D.I. 350, 370. This work included preparing five separate filings (D.I. 365, 381, 393, 395, 427) and the associated exhibits.

4.	I personally compiled the information in Exhibit A, other than the time entries for Delaware counsel Cole Schotz P.C., which information was provided by Andrew L. Cole of the Cole Schotz firm. For the remaining entries, I asked staff at my firm to obtain from my firm's timekeeping system a list of time entries of timekeepers who worked on these five filings during the relevant time frame. I then reviewed that list and selected those entries that related to the five filings based on the content of the narrative description.

5.	I declare under penalty of perjury that the foregoing is true and correct.


Executed on: May 18, 2022

_____
P. Russell Perdew

# Exhibit A

| Matter | Date | Name | Title | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|---|
| 1590030.00005 | 04/13/22 | Perdew, P. Russell | Partner | $742.50 | 1.8 | $1,336.50 | Continue drafting response to Allscripts's motion for sanctions, including revising affidavits supporting response |
| 1590030.00005 | 04/13/22 | Seeberg, Bella | Associate | $382.50 | 2.8 | $1,071.00 | Research for response to motion for sanctions (1.1); prepare affidavits for response (1.7). |
| 1590030.00005 | 04/14/22 | Perdew, P. Russell | Partner | $742.50 | 1.1 | $816.75 | Continue revising response to Allscprits' motion for sanctions and supporting affidavits |
| 1590030.00005 | 04/15/22 | Perdew, P. Russell | Partner | $742.50 | 3.1 | $2,301.75 | Continue revising response to motion for sanctions and supporting affidavits, including calls with three affiants to refine affidavits, review of attachments to affidavits, and questions for affiants regarding attachments |
| 1590030.00005 | 04/16/22 | Perdew, P. Russell | Partner | $742.50 | 1.1 | $816.75 | Continue revising response to motion for sanctions, including compiling exhibits. |
| 1590030.00005 | 04/17/22 | Kenedy, Jennifer A. | Partner | $855.00 | 0.6 | $513.00 | Review and revise opposition to motion for sanctions re alleged spoliation; review and revise affidavits. |
| 1590030.00005 | 04/17/22 | Perdew, P. Russell | Partner | $742.50 | 3.8 | $2,821.50 | Continue revising response to motion for sanctions, including revisions to declarations; Review exhibits to declarations, including 30 sets of computer screenshots; Exchange emails with declarants regarding contents of declarations |
| 1590030.00005 | 04/18/22 | Perdew, P. Russell | Partner | $742.50 | 1.6 | $1,188.00 | Continue revising response to Allscripts's motion for sanctions, including declarations and exhibits; Exchange emails with Special Master regrading filings relating to motion and setting hearing for motion |
| 1590030.00005 | 04/20/22 | Seeberg, Bella | Associate | $382.50 | 3.2 | $1,224.00 | Confer with J. Rutledge regarding response to motion for sanctions (.4); research for response to motion for sanctions (2.8) |
|  | 04/20/22 | Cole, Andrew | Partner | $620.00 | 0.3 | $186.00 | Review draft motion for sanctions. |
| 1590030.00005 | 04/21/22 | Seeberg, Bella | Associate | $382.50 | 1.1 | $420.75 | Revise response to motion for sanctions (.8); confer with J. Rutledge regarding response. |
| 1590030.00005 | 04/22/22 | Rutledge, Jorden | Associate | $558.00 | 4.3 | $2,399.40 | Continued preparation of response to motion for sanctions, included facts re Deepak's employment history and correspondence with counsel, also provided additional legal research and legal research re Rule 11 for filing false affidavit. |
| 1590030.00005 | 04/23/22 | Perdew, P. Russell | Partner | $742.50 | 1.5 | $1,113.75 | Begin revising response to Allscripts's motion for sanctions relating to Venkat Deepak deposition |
| 1590030.00005 | 04/23/22 | Rutledge, Jorden | Associate | $558.00 | 4.3 | $2,399.40 | Prepared response to plaintiffs' motion for sanctions and substantive legal research re the same. |
| 1590030.00005 | 04/24/22 | Kenedy, Jennifer A. | Partner | $855.00 | 0.5 | $427.50 | Review and revise opposition to motion for sanctions on Venkat deposition issue. |
| 1590030.00005 | 04/24/22 | Perdew, P. Russell | Partner | $742.50 | 7.3 | $5,420.25 | Continue revising response to motion for sanctions regarding Venkat Deepak deposition, including revising affidavit of Raj Toleti, compiling exhibits, and reviewing case law |
| 1590030.00005 | 04/25/22 | Perdew, P. Russell | Partner | $742.50 | 0.7 | $519.75 | Continue revising response to motion for sanctions regarding Deepak deposition |
|  | 04/25/22 | Cole, Andrew | Partner | $620.00 | 1.3 | $806.00 | Review and revise draft opposition to motion for sanctions. |
| 1590030.00005 | 04/26/22 | Perdew, P. Russell | Partner | $742.50 | 3.8 | $2,821.50 | Revise draft response to Allscripts's objection to Special Master recommended order on Allscripts's motion for sanctions |
| 1590030.00005 | 04/27/22 | Perdew, P. Russell | Partner | $742.50 | 2.8 | $2,079.00 | Draft objection to Special Master's failure to grant fees for frivolous sanctions motion filed by Allscripts |
|  | 04/27/22 | Cole, Andrew | Partner | $620.00 | 0.1 | $62.00 | Emails to and from Locke Lord attorneys re: anticipated objection to report and recommendation with respect to issue of fees. |
|  | 04/27/22 | Cole, Andrew | Partner | $620.00 | 0.3 | $186.00 | Review report and recommendation with respect to fee request on Motion for Sanctions. |
|  | 04/27/22 | Cole, Andrew | Partner | $620.00 | 0.2 | $124.00 | Review and revise objection to report and recommendation with respect to issue of fees. |
|  | 04/27/22 | Cole, Andrew | Partner | $620.00 | 0.3 | $186.00 | Review, revise and approve for filing, revised objection to report and recommendation with respect to issue of fees. |
|  | 04/28/22 | Cole, Andrew | Partner | $620.00 | 0.2 | $124.00 | Review order regarding report and recommendation with respect to fee issue. |
| 1590030.00005 | 04/30/22 | Perdew, P. Russell | Partner | $742.50 | 3.6 | $2,673.00 | Draft response to Allscripts's objection to motion for discovery sanctions |
| 1590030.00005 | 05/01/22 | Perdew, P. Russell | Partner | $742.50 | 1.2 | $891.00 | Continue revising response to Allscripts's objection to Special Master R&R regarding Venkat Deepak deposition |
| 1590030.00005 | 05/01/22 | Seeberg, Bella | Associate | $382.50 | 1.3 | $497.25 | Research for response to motion for sanctions |
| 1590030.00005 | 05/02/22 | Perdew, P. Russell | Partner | $742.50 | 0.9 | $668.25 | Continue revising response to Allscripts's objection to Special Master R&R regarding Allscripts's second motion for sanctions |
|  | 05/02/22 | Cole, Andrew | Partner | $620.00 | 1.3 | $806.00 | Review and revise opposition to objection to report and recommendation on motion for sanctions. Emails to and from co-counsel re: same. |
|  |  |  |  |  | **56.4** | **$36,900.05** |  |

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Allscripts Healthcare, LLC, a North Carolina LLC, Health Grid Holding Company, LLC, Health Grid, LLC, Health Grid Coordinated Care Solutions, Inc., and Mahathi Software, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>Andor Health, LLC, a Delaware Corporation; Mahathi Software Pvt., Ltd.; Raj Toleti, individually and as Representative of the Participating Equityholders under the Merger Agreement; Paul Tyriver, individually; and Amar Bulsara, individually,<br>      Defendants.<br><br>Andor Health, LLC, Mahathi Software Pvt., Ltd., Raj Toleti, and Paul Tyriver,<br><br>      Counterclaim Plaintiffs,<br><br>v.<br><br>Allscripts Healthcare, LLC, James Hewitt, Jeff Franks, Warren Nash, and Bryan Seaborn,<br><br>      Counterclaim Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: C.A. No. 1:21-cv-00704-MAK<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DECLARATION OF ANDREW COLE

I, Andrew Cole, pursuant to 28 USC § 1746, hereby declare as follows:

1.    I am a member of Cole Schotz P.C. I have been a practicing attorney since 1999 and admitted to practice in the State of Delaware since 2012. I am also admitted to practice in the state and federal courts in Maryland, Florida, and Virginia.

2.    I am counsel of record for Andor Health, LLC, Mahathi Software Pvt., Ltd., Raj Toleti, and Paul Tyriver ("Defendants") in the above-captioned litigation. As an attorney admitted

to practice in Delaware and in the United States District Court for the District of Delaware, I have acted as Delaware counsel for Locke Lord LLP attorneys as counsel for Defendants.

3. At the request of P. Russell Perdew, I identified my firm's time entries for work that I performed in connection with two motions for sanctions filed by Allscripts in this case, D.I. 350 and 370. I personally compiled the time entries attributed to me in Exhibit A to the accompanying Declaration of P. Russell Perdew.

4. I have reviewed the Declaration of P. Russell Perdew submitted in support of Defendants' request for fees, including the list of attorney time entries attached thereto, and I find that the amount of time spent completing each task to be reasonable and necessary given the complexity of the issues, the amount of motions and responses that had to be filed, the exhibits and declarations that had to be compiled, and the deadlines required.

5. Based on my experience and knowledge of rates charged by other attorneys to perform complex civil litigation in the United States District Court for the District of Delaware, I believe that the following partner and associate rates are reasonable based on position and years of experience each attorney:

| | |
|---|---|
| Jennifer Kenedy (partner, 29 years' experience): | $855 per hour |
| P. Russell Perdew (partner, 23 years' experience): | $742.50 per hour |
| Andrew L. Cole (partner, 23 years' experience) | $620 per hour |
| Jorden Rutledge (associate, six years' experience): | $558 per hour |
| Isabella Seeberg (associate, one year experience): | $382.50 per hour |

I also believe these hourly rates are within the range of the prevailing market rates for legal services for complex civil litigation in the District of Delaware.

6. I have been actively involved in the litigation of the above-captioned case, and I would describe this matter as a complex commercial case. This matter requires mastery and understanding of numerous legally complicated issues, areas of law, as well as technical knowledge. This case also is moving at an extremely fast pace, which only certain firms and practitioners could adequately staff and manage given the complexity and volume of the issues presented.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**COLE SCHOTZ P.C.**

*/s/ Andrew L. Cole*
Andrew L. Cole (No. 5712)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131 (Phone)
(302) 652-3117 (Fax)
acole@coleschotz.com

*Attorneys for Defendants/Counterclaim Plaintiffs, Andor Health, LLC, Mahathi Software PVT., Ltd., Raj Toleti, and Paul Tyriver*

Dated: May 18, 2022