IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Allscripts Healthcare, LLC, a North Carolina LLC, Health Grid Holding Company, LLC, Health Grid, LLC, Health Grid Coordinated Care Solutions, Inc., and Mahathi Software, LLC,<br><br>   Plaintiffs,<br><br>  v.<br><br>Andor Health, LLC, a Delaware Corporation; Mahathi Software Pvt., Ltd.; Raj Toleti, individually and as Representative of the Participating Equityholders under the Merger Agreement; Paul Tyriver, individually; and Amar Bulsara, individually,<br><br>   Defendants.<br><br>Andor Health, LLC, Mahathi Software Pvt., Ltd., Paul Tyriver, and Raj Toleti,<br><br>   Counterclaim Plaintiffs,<br><br>  v.<br><br>Allscripts Healthcare, LLC, James Hewitt, Jeff Franks, Warren Nash, and Bryan Seaborn,<br><br>   Counterclaim Defendants. | C.A. No. 1:21-cv-00704-MAK |

**DEFENDANT AMAR BULSARA'S PRETRIAL MEMORANDUM**

Defendant Amar Bulsara hereby provides the following Pretrial Memorandum pursuant to (i) Rule 16.1(c) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania, (ii) Section VI.A of this Court's current Policies and Procedures, and (iii) this Court's Orders of December 29, 2021 (D.I. 198), and April 15, 2022 (D.I. 363).

**I.**   **Nature of the Action and Basis for Jurisdiction**

As it pertains to Mr. Bulsara, the nature of this case is that Plaintiff Allscripts Healthcare

1

LLC ("Allscripts"), Mr. Bulsara's former employer, alleges that Mr. Bulsara has breached certain provisions of an Inventions and Restrictive Covenant Agreement ("IRCA") he executed in the course of his employment – in particular, covenants concerning non-competition, non-disclosure, non-interference, non-solicitation, and non-disparagement – and has also allegedly interfered tortiously with Allscripts' prospective economic advantage and violated the federal Defend Trade Secrets Act by misappropriating Allscripts' trade secrets. Plaintiff seeks damages against Mr. Bulsara for the foregoing claims as well as injunctive relief preventing future alleged trade secret misappropriation. Mr. Bulsara unequivocally denies all of these allegations, that he has engaged in any wrongdoing, and that Allscripts is entitled to any relief against him.

As it pertains to Mr. Bulsara, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because Allscripts' claim for trade secret misappropriation arises under federal law (18 U.S.C. § 1836, et seq.), and the Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. Mr. Bulsara, a resident of Florida, has consented to the personal jurisdiction of this Court for the limited purpose of this action.

## II.   Counterstatement of Facts

At the start of Mr. Bulsara's employment with Allscripts, on or about May 18, 2018, Mr. Bulsara signed an IRCA, as noted in Allscripts' statement of facts. Notably, Section 5 of the IRCA states, in pertinent part:

    a.    I will not Compete during my employment with Allscripts.

    […]

    b.    **If I held a position at a level or title that is Vice President or higher immediately prior to termination of my employment with Allscripts**, then I will not compete at any time during the twelve (12) month period following such termination, regardless of the reason for such termination,

2

>whether occasioned by Allscripts, me or the mutual agreement of the parties.

(Emphasis added). Mr. Bulsara's employment with Allscripts was involuntarily terminated effective as of August 14, 2020. Mr. Bulsara did not hold a position at a "level or title" that was Vice President or higher immediately prior to the termination of his employment with Allscripts. Allscripts contends Mr. Bulsara should nonetheless be deemed to have been at the level of Vice President, either because his job duties were similar to when he was a Vice President at Health Grid or because some other Allscripts employees or third parties subjectively believed he was a Vice President at Allscripts, or both.

Mr. Bulsara has not engaged in any tortious conduct or violated the IRCA, nor has any conduct of his caused any damage to Allscripts.

### III.   Damages

Mr. Bulsara has not asserted any claims or counterclaims in this case and therefore seeks no damages against any other party. Mr. Bulsara seeks only to have the remaining claims against him in this case dismissed with prejudice and to be awarded his costs incurred in connection with this litigation. Allscripts seeks damages against the defendants generally but has identified no measure of damages alleged to be directly attributable to any of Mr. Bulsara's conduct.

### IV.   Witness Who May Be Called to Testify at Trial by Mr. Bulsara

1.   Amar Bulsara. Mr. Bulsara may testify on his own behalf concerning his defenses to Allscripts' allegations of wrongdoing on his part in this action, including his alleged breaches of the IRCA, alleged misappropriation of Allscripts' trade secrets, and alleged tortious interference with Allscripts' prospective economic advantage. Mr. Bulsara may be reached c/o his counsel, Bradley P. Lehman, Gellert Scali Busenkell & Brown LLC, 1201 N. Orange St., Ste. 300, Wilmington, Delaware 19801.

2. Kim Franks (Plaintiffs' Vice President and General Manager of Consumer Health). To the extent that Ms. Franks is not called during Allscripts' case-in-chief, Mr. Bulsara reserves the right to call her to solicit testimony concerning the existence or nonexistence of facts supporting Allscripts' allegations against Mr. Bulsara in this action, including its claims for alleged breach of the IRCA, alleged misappropriation of trade secrets, and alleged tortious interference with prospective economic advantage, as well as any damages that Allscripts attributes to Mr. Bulsara's alleged conduct. Ms. Franks may be reached c/o Allscripts' counsel, Mark L. Durbin, Barnes & Thornburg LLP, One North Wacker Drive, Ste. 4400, Chicago, Illinois 60606.

3. Mr. Bulsara reserves the right to amend or supplement this list, as well as not to call any witness on this list. Mr. Bulsara additionally reserves the right to elicit testimony from any witness called by any other party.

**V.** **Exhibits Which May Be Proffered by Mr. Bulsara at Trial**

| DOCUMENT | EXHIBIT |
|---|---|
| Mr. Bulsara's May 18, 2018, Inventions and Restrictive Covenant Agreement produced as ALLSCRIPTS_00030184-90 | BULSARA-1[1] |
| Allscripts Excel document produced as ALLSCRIPTS_01941823 ("salary range / comp snip it / job title snip it") | BULSARA-2 |
| Allscripts Excel document produced as ALLSCRIPTS_01941998 ("US JOB CODE TABLE M4-M5") | BULSARA-3 |
| Allscripts' Second Amended Complaint [D.I. 41] | BULSARA-4 |
| Declaration of Amar Bulsara dated May 8, 2022 (summary judgment JA_00006990-91) | BULSARA-5 |
| Transcript of Deposition of Allscripts' Rule 30(b)(6) Representative, Kim Franks, dated April 13, 2022 | BULSARA-6 |
| Any exhibit designated by any other party | TBD |

---

[1] Mr. Bulsara understands that prior to trial all exhibits will be marked in sequential numbers without party identification, but these are provided as placeholders in the interim.

Mr. Bulsara reserves the right to offer as an exhibit any document designated on any other party's schedule of exhibits as well as any document used in the course of cross-examination or rebuttal. The foregoing list of potential exhibits should not be construed as an admission that any document listed is relevant or admissible under all circumstances or may be admitted for any purpose or without limiting instructions.

## VI. Highlighted Deposition Testimony of Admissions

To avoid unnecessarily duplicative submissions to the Court, Mr. Bulsara incorporates by reference herein the highlighted deposition transcript of Kim Franks in her capacity as corporate representative of Allscripts, which Mr. Bulsara understands will be submitted by his co-defendants in connection with their pretrial memorandum.

## VII. Estimate of the Number of Days Required for Trial

The Court has scheduled a 9-day trial in this case. *See* D.I. 363, ¶ 6.

## VIII. Parties' Position as to Non-Jury Disposition

The parties request that the trial proceed as a jury trial on all claims and defenses properly tried to a jury. However, Mr. Bulsara has filed a motion for reargument (*see* D.I. 552, 553, and 554) concerning the Court's June 9, 2022, order denying his motion for summary judgment, as he maintains that all remaining claims against him in this case can and should be resolved in his favor as a matter of law before trial.

## IX. Special Comments Regarding Legal Issues, Stipulations, Amendments of Pleadings, or Other Appropriate Matters

### A. Special Comments Regarding Legal Issues

1.  To the extent any effort is made to do so, Allscripts must be precluded from relying on both the contents of its responses to Mr. Bulsara's interrogatories and the documents identified therein at trial for the reasons set forth previously in Mr. Bulsara's summary judgment briefing.

5

2.     As noted above, Mr. Bulsara has filed a motion for reargument concerning the Court's June 9, 2022, order denying his motion for summary judgment in its entirety. The outcome of that motion may require amendments to this Pretrial Memorandum.

**B. Stipulations**

3.     In the interest of calling each witness only once, the parties have stipulated that Defendants' cross-examination of witnesses called in Allscripts' case in chief will not be limited to matters related to Allscripts' case and may relate to matters related to Defendants' cases as well.

4.     For purposes of COVID-19 mitigation, any witness listed as appearing live (not by deposition) who becomes sick and tests positive for COVID-19 (test result to be submitted to at least the parties and chambers) may present testimony through Zoom instead.

5.     The parties have stipulated that fact witnesses will be sequestered from the courtroom when not testifying except that: (i) the parties may share copies of the trial transcript with their expert witnesses; and (ii) Catherine Spector, internal legal counsel to Allscripts, may be present for the duration of the trial.

6.     The parties continue to work together to agree upon additional stipulations which may streamline the case in the interests of all involved.

Dated: June 13, 2022

**GELLERT SCALI BUSENKELL & BROWN LLC**

*/s/ Bradley P. Lehman*
Bradley P. Lehman (DE 5921)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
blehman@gsbblaw.com

*Attorneys for Defendant Amar Bulsara*