**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ALLSCRIPTS HEALTHCARE, LLC,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  21-704-MAK** |
| | : | |
| **ANDOR HEALTH, LLC,** *et al.* | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                          **July 29, 2022**

Allscripts Healthcare, LLC agreed in spring 2018 to acquire Health Grid as then owned by Raj Toleti. They memorialized their understandings in a Merger Agreement which included their agreement to waive a jury trial of any claim or cause of action based upon or arising out of or related to the Merger Agreement. Allscripts and Mr. Toleti later created other relationships involving companies and persons related to them. But their expanding relationship soured resulting in this case with twenty-one claims and eleven counterclaims now before us.[1] We proceeded through over 560 docket entries as we prepared for a jury trial.

Mr. Toleti, joined by entities and persons with similar interests (Andor Health, LLC, Mahathi Software PVT., LTD., and Paul Tyriver) then moved on the eve of trial to strike Allscripts's jury demand for several claims.[2] No one mentioned the jury waiver in writing until a few days before trial. They also moved to strike their own jury demand for some their counterclaims.[3] And they moved to strike the jury demand for a variety of defenses.[4] Allscripts objected to this late-filed motion arguing the Seventh Amendment protects its right to a jury trial. Because of this late-raised issue affecting a Constitutional right we made the unprecedented decision (for us) to move trial to fairly consider it. Allscripts then opposed the motion in writing,

arguing: Mr. Toleti and his co-defendants waived their argument by continuously demanding a jury; Federal Rule of Civil Procedure 38 prohibits them from unilaterally withdrawing their jury demand; laches bars the late-filed motion to strike the jury demand; the jury waiver cannot be enforced by or against non-parties to the Merger Agreement; and the Merger Agreement does not cover all the claims for which the defendants seek to strike the jury demand.[5]

We face a myriad of issues: (1) who may enforce the waiver; (2) who the waiver is enforceable against; (3) whether the motion is timely; (4) whether the defendants waived the right to enforce the jury waiver through their litigation conduct; (5) whether the defendants can unilaterally rescind their jury demands; and (6) what claims are contractually waived. We address each in turn.

We find: Mr. Toleti may enforce the jury waiver against Allscripts only; the motion is timely; Mr. Toleti did not waive his right to enforce the jury waiver; Mr. Toleti may rescind his jury demand but Mahathi, Andor, and Mr. Tyriver may not except for the equitable claims and defenses to which no federal right to a jury trial exists; we permit Mr. Toleti to enforce the jury waiver for some but not all of the claims sought; and we empanel an advisory jury for the legal claims included in the jury waiver under today's Order under Federal Rule of Civil Procedure 39(c).

## I.      Analysis

We begin with the basics. Andor, Mahathi, and Messrs. Toleti and Tyriver move to strike the jury demand as a motion *in limine* invoking Federal Rule of Civil Procedure 39(a)(2).[6] Federal Rule of Civil Procedure 39(a) provides: "When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless . . . (2) the court, on motion or on its own, finds that on some or all of those issues

there is no federal right to a jury trial."[7] The defendants argue we should strike the jury demands because Allscripts, a sophisticated party, waived the right to a trial by jury on nearly all of its claims in the Merger Agreement.

"The right to a jury trial in a civil case is a fundamental right expressly protected by the Seventh Amendment to the United States Constitution."[8] Federal Rule of Civil Procedure 38(a) preserves this right—but it does not create a right to a jury trial which does not otherwise exist.[9] And although fundamental, our Supreme Court has "long recognized" the right for a private litigant to waive its right to a jury trial in a civil case.[10] "To be valid, a jury waiver must be made knowingly and voluntarily based on the facts of the case."[11] Whether a party waived this constitutional right is a federal question controlled by federal law.[12] Thus, we apply federal law to determine "whether a contractual jury trial waiver is enforceable."[13] And "[b]ecause the 'right to a jury trial is fundamental, courts indulge every reasonable presumption against waiver.'"[14] "The burden of proving a knowingly and voluntarily waiver falls on the party seeking enforcement of the contractual clause."[15]

## A. Only Mr. Toleti may enforce the jury waiver contained in the Merger Agreement.

We find Mr. Toleti may enforce the jury waiver as he is undisputedly a party to the Merger Agreement. But Andor, Mahathi, and Mr. Tyriver fail to meet their burden to show they, as non-signatories to the Merger Agreement, can enforce the jury waiver. We must provide a brief history of the arguments raised in the parties' briefing, including arguments raised for the first time in reply.

There is no question Andor, Mahathi, and Messrs. Toleti and Tyriver knew of the jury waiver issue before raising it by motion *in limine* on the eve of trial. Their lead counsel asserts he raised it at our initial pretrial conference back in September 2021.[16] We take counsel at his word

consistent with his duty of candor to the Court. With this backdrop one might reasonably expect the briefing on such an important issue raised at the last minute after nearly ten months to prepare the motion would be precise, thorough, and address all the complicated issues raised in determining whether a party knowingly and voluntarily waived its Seventh Amendment right to a jury trial. But complicated issues including enforcing the jury waiver by and against non-signatories to the contract are left unaddressed, merely cursorily addressed, or raised in reply briefs for the first time. We cannot find Andor, Mahathi, and Mr. Tyriver meet their burden to enforce the jury waiver against Allscripts as non-signatories to the contract.

Andor, Mahathi and Messrs. Toleti and Tyriver first argued the jury waiver language is broad and means "the parties and their affiliates waived trial by jury for any 'claim or cause of action based upon or arising out [of] or related to' the Merger Agreement *or* the [Inventions and Restrictive Covenant Agreement]—whether 'contract claims, tort claims or otherwise.'"[17] They acknowledge a party must knowingly and voluntarily waive its right to a jury trial but fail to discuss how a non-signatory to the Agreement can enforce the contractual jury waiver or have it enforced against it in light of the requirement.[18] They provide no argument why Mahathi, Andor, or Mr. Tyriver are affiliates, just a summary conclusion with no citation to the record Mahathi and Andor, but not Mr. Tyriver, are affiliates.[19] They proceed to argue why each claim asserted falls within the language of the waiver.[20] They cursorily argue in one section Allscripts "may assert that because its trade secret counts are against 'all Defendants', and not specific to the signatories of the Merger Agreement or the IRCA, the Merger Agreement's jury waiver provision does not apply to the nonsignatories. Such an argument would fail."[21] There is no further argument about this issue.

Andor, Mahathi, and Messrs. Toleti and Tyriver later requested permission to file supplemental briefing which we permitted. They submitted their brief the same day addressing only whether they waived the right to strike the jury demand by demanding their own jury.[22] They concluded "[t]he parties to the Merger Agreement knowingly and long ago waived their right to a jury trial on all claims 'based upon or arising out [of] or related to' the Merger Agreement."[23] They do not address the issue of "affiliates" nor do they address enforcing the waiver by or against non-signatories to the contract.

Allscripts responded Mr. Toleti attempts to extend the jury waiver to parties not subject to the Merger Agreement, including Messrs. Hewitt, Franks, Seaborn, Nash, Tyriver and Andor and Mahathi.[24] Allscripts argued Mr. Toleti made no showing Messrs. Hewitt, Franks, Seaborn, Nash, Tyriver and Andor and Mahathi are his "affiliates" as defined by the Merger Agreement. Allscripts also argued our Court of Appeals's decision in *Tracinda Corp.*[25] does not help them because they fail to show Mahathi, Andor, or Mr. Tyriver are agents of a party to the Merger Agreement at the time it was signed and fail to acknowledge *Tracinda Corp.* permits agents of a signatory to enforce a jury waiver provision but not have it enforced against it.[26]

Mr. Toleti did not address why Andor, Mahathi, and Mr. Tyriver can enforce the jury waiver against Allscripts until a reply brief.[27] He offers no argument why these other persons may enforce the jury waiver *against* Messrs. Hewitt, Franks, Seaborn, and Nash. Andor, Mahathi and Mr. Tyriver argue three reasons as to why they can enforce the jury waiver contained in the Merger Agreement to which they are not signatories: (1) Mahathi and Andor are "affiliates" under the Agreement, Mr. Tyriver is an "affiliate of an affiliate", and the jury waiver "binds and benefits signatories and their affiliates"; (2) the jury waiver applies to supplements which Mahathi and Andor signed here making them subject to the jury waiver clause; and (3) *Tracinda Corp.* permits

non-signatories to enforce a jury waiver.[28] To be sure, they are the moving parties with the burden of showing the jury waiver should be enforced, including enforced by and against non-signatories.

It is with this backdrop which we begin our analysis leading us to conclude Andor, Mahathi, and Mr. Tyriver fail to meet their burden to enforce the jury waiver against Allscripts.

We look to the terms of the Merger Agreement first to determine the parties to the Agreement. The parties to the Agreement are: Allscripts Healthcare, LLC, FollowMyHealth Merger Sub, Inc., Health Grid Holding Company, the stockholders listed in Schedule 1.1, and Mr. Toleti.[29] Andor, Mahathi, and Mr. Tyriver are not parties to the Merger Agreement, which is not disputed.

We turn to the parties' arguments about whether Andor, Mahathi, and Mr. Tyriver are affiliates as defined by the Merger Agreement. As discussed above, in Andor, Mahathi, and Messrs. Toleti and Tyriver's view, "the parties and their affiliates waived trial by jury."[30] We disagree. And we find their conclusion does not answer the question of whether they can enforce the jury waiver as non-signatories to the Merger Agreement in any event.

We begin with the plain text of the jury waiver:

12.17 <u>Waiver of Jury Trial</u>: EACH OF THE PARTIES WAIVES THEIR RESPECTIVE RIGHTS TO A TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OR RELATED TO THIS AGREEMENT IN ANY ACTION, PROCEEDING OR OTHER LITIGATION OF ANY TYPE BROUGHT BY ANY OF THE PARTIES AGAINST ANY OTHER PARTY OR ANY AFFILIATE OF ANY OTHER SUCH PARTY, WHETHER WITH RESPECT TO CONTRACT CLAIMS, TORT CLAIMS OR OTHERWISE. THE PARTIES AGREE THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT TRIAL WITHOUT A JURY. WITHOUT LIMITING THE FOREGOING, THE PARTIES FURTHER AGREE THAT THEIR RESPECTIVE RIGHT TO A TRIAL BY JURY IS WAIVED BY OPERATION OF THIS SECTION AS TO ANY ACTION, COUNTERCLAIM OR OTHER PROCEEDING WHICH SEEKS, IN WHOLE OR IN PART, TO CHALLENGE THE VALIDITY OR ENFORCEABILITY OF THIS AGREEMENT OR ANY PROVISION HEREOF. THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS OR MODIFICATIONS TO THIS AGREEMENT.[31]

We start with the basic question of who waived what. Who waived? The Parties—*i.e.* Allscripts Healthcare, LLC, FollowMyHealth Merger Sub, Inc., Health Grid Holding Company, the stockholders listed in Schedule 1.1, and Mr. Toleti.[32] What did the Parties waive? They waived "**their** respective rights to a trial by jury."[33]

But the Parties specified more. They waived their rights to a jury trial "of any claim or cause of action based upon or arising out [of] or related to this Agreement in any action, proceeding or other litigation of any type **brought by any of the Parties <u>against</u> any other party or any affiliate of any other such party**, whether with respect to contract claims, tort claims or otherwise."[34] The parties to the Merger Agreement waived their right to a jury trial when suing another party or party's affiliate. The parties' affiliates *did not* agree to waive *their* right to the jury trial in the plain text of the Agreement. The text makes clear the actors are the parties; who they waived their right to a jury trial against are the other parties and their affiliates.

But irrespective of whether Mahathi, Andor, and Mr. Tyriver are affiliates as defined by the Merger Agreement such that Allscripts waived *its* right to a jury trial when suing them, Mahathi, Andor, and Mr. Tyriver *still* fail to adequately answer the question of how non-signatories to the Merger Agreement can invoke the jury waiver provision against Allscripts, a signatory. To be clear, we view this issue as two questions. First, did Allscripts knowingly and voluntarily waive its right to a jury trial against Mahathi, Andor, and Mr. Tyriver? To answer this question we would need to know whether each is an affiliate as defined by the Merger Agreement. But there is a second question. Can Mahathi, Andor, and Mr. Tyriver enforce the Merger Agreement jury waiver provision as non-parties to the Agreement? To answer the second question, they invoke our Court of Appeals's holding in *Tracinda Corp.* arguing "as Allscripts concedes . . . even if not 'signatories,' Andor, Mahathi, and Tyriver can enforce the jury waiver ***against***

Allscripts and its affiliates, all of whom are unquestionably covered by the jury waiver in § 12.17."[35] They also cursorily invoke estoppel principles applied to arbitration cases.[36]

As a basic rule, "a jury waiver is a contractual right and generally may not be invoked by one who is not a party to the contract."[37] But in *Tracinda Corp.*, our Court of Appeals reviewed Judge Farnan's pretrial ruling allowing a non-signatory agent of a signatory corporation to invoke a contractual jury waiver against a signatory to the contract.[38] The plaintiff argued Judge Farnan erred by relying on arbitration principles to permit the non-signatory agents to invoke the jury waiver because there is a presumption against jury waivers but in favor of enforcing arbitration provisions; therefore, Judge Farnan's reliance on arbitration principles created a presumption in favor of jury waivers.[39] Our Court of Appeals disagreed.[40] It found Judge Farnan appropriately relied on arbitration cases such as *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,[41] because "it is traditional agency principles of who is bound by an agreement—and not the FAA's favoring of arbitration over a jury trial—which determined who was bound by the agreement to arbitrate."[42] Thus, our Court of Appeals found Judge Farnan's holding "the jury waiver covered both the signatory corporation and its nonsignatory officers and directors" to be "a proper determination . . . of who, under traditional agency principles, was bound by that agreement."[43] Our Court of Appeals held: "[W]hen a valid contractual jury trial waiver provision applies to a signatory corporation, the waiver also applies to nonsignatory directors and officers seeking to invoke the waiver as agents of the corporation."[44] It reasoned: "This rule is consistent with the concept that corporations can 'act only through agents and employees' . . . If we did not allow nonsignatory agents of a signatory corporation to invoke a valid contractual jury waiver provision, such an 'agreement would be of little practical value' . . . as 'it would be too easy to circumvent the agreements by naming individuals as defendants instead of the entity' itself."[45]

But the Court of Appeals's reasoning in *Tracinda Corp.* is inapposite to our analysis and does not support Andor, Mahathi, and Mr. Tyriver's argument any non-signatory to a jury waiver provision can enforce it against a signatory.[46]   The Court of Appeals's holding in *Tracinda Corp.* is a far cry from this broad proposition suggested by Andor, Mahathi, and Mr. Tyriver. The holding is limited: non-signatory officers and directors acting as agents of the corporation may *invoke* the jury waiver when the corporation is a signatory.[47] The underpinning of our Court of Appeals's reasoning rested upon the finding corporations can only act through their employees and agents and prohibiting a signatory corporation's agent from invoking the jury waiver would promote gamesmanship of suing only a corporation's agents to avoid the jury waiver.[48]

But none of the concerns underpinning the holding in *Tracinda Corp.* are present today. Allscripts and Mr. Toleti agreed to waive their right to a jury trial in the Merger Agreement when Mr. Toleti and Health Grid's other stockholders sold Health Grid to Allscripts. Mr. Toleti's other companies, Mahathi and Andor, and Andor's employee, Mr. Tyriver, claiming to be affiliates of Mr. Toleti, now want to enforce the jury waiver contained in the Merger Agreement. Andor, Mahathi, and Mr. Tyriver do not even attempt to argue they are agents of Mr. Toleti. If anything, it would seem Mr. Toleti is an agent of Andor and Mahathi, not the other way around.[49] But even if Andor, Mahathi, and Mr. Tyriver are agents of Mr. Toleti, we would be hard pressed to find the Court of Appeals's reasoning in *Tracinda Corp.* would support a finding they can enforce the jury waiver. There is no concern here Allscripts would merely sue Mahathi, Andor, and Mr. Tyriver to escape the jury waiver in the Merger Agreement with Mr. Toleti. Andor, Mahathi, and Mr. Tyriver do not even argue this. And there are no facts suggesting (nor argued) Mr. Toleti acted through Mahathi, Andor, or Mr. Tyriver, like a corporation acts through its agents. Our Court of Appeals's

reasoning in *Tracinda Corp.* is inapposite and does not support non-signatories Mahathi, Andor, and Mr. Tyriver enforcing the jury waiver against Allscripts.

We next turn to Andor, Mahathi, and Mr. Tyriver's attempt to rely on estoppel principles applied to arbitration clauses. We characterize it as an "attempt" to rely because they provide no argument as to why it applies in their opening brief; they rather cite one case and provide a parenthetical explanation failing to address the case law going the other way, and they do not discuss it again in any of their further briefing.[50] They do not meet their burden to show equitable estoppel mandates a finding non-signatories Mahathi, Andor, and Mr. Tyriver can enforce the jury waiver.[51]

Finally, Andor and Mahathi argue they can invoke the jury waiver because they signed a "supplement" to the Merger Agreement to which the jury waiver applies.[52] Despite having ten months to prepare this motion, Andor and Mahathi raise this argument for the first time in their reply brief. Allscripts has no opportunity to respond. Arguments raised in a reply brief for the first time are waived.[53] This is especially true considering the length of time Andor and Mahathi had to prepare their arguments about why non-signatories can enforce a jury waiver provision, and considering our mandate to "indulge every reasonable presumption against waiver" of Allscripts's Seventh Amendment constitutional right to a jury trial.[54] Thus we do not consider the merits of this newly raised argument in reply.

We have no other arguments from Andor, Mahathi, and Mr. Tyriver—no arguments about being third-party beneficiaries or any other means for non-parties to enforce a contract.[55] They evidently knew they had a problem as non-signatories because they invoked *Tracinda Corp.* as supporting their argument they can enforce it. The hooked their hat on an inapposite case. We cannot raise or create arguments for the sophisticated litigants. They must on their own meet their

burden. Especially here when we must presume against the waiver of one's Seventh Amendment right.

We find Andor, Mahathi, and Mr. Tyriver fail to meet their burden to show how they can enforce a contract to which they are not parties. But our holding is narrow based on this ground only; we cannot today hold we would never find an affiliate under the Merger Agreement able to enforce the jury waiver clause. Because we "indulge every reasonable presumption against waiver", we must find Andor, Mahathi, and Mr. Tyriver cannot enforce the jury waiver provision against Allscripts.

### B.   Mr. Toleti may enforce the jury waiver against Allscripts only.

We next turn to who Mr. Toleti can enforce the waiver against. Mr. Toleti seeks to enforce the jury waiver against non-signatories Messrs. Hewitt, Franks, Nash, and Seaborn. To be sure, Messrs. Hewitt, Franks, Nash, and Seaborn are only counter-defendants to *Mahathi's* Computer Fraud and Abuse Act claim. Since we find Mahathi cannot enforce the jury waiver, we likely need not address this issue since Mr. Toleti is not a party to the count involving the individual counter-defendants. Nonetheless, consistent with Messrs. Hewitt, Franks, Nash, and Seaborn's Seventh Amendment right to a jury trial, our Court of Appeals' reasoning in *Tracinda Corp.* discussed above, and Judge Pratter's opinion in *Selzer v. Dunkin' Donuts, Inc.*,[56] we find the jury waiver provision unenforceable against non-signatories Messrs. Hewitt, Franks, Nash, and Seaborn.

As we already explained we disagree with Mr. Toleti the plain text of the Merger Agreement means the parties *and* their affiliates waived their rights to a jury trial. Only the parties to the Merger Agreement waived their rights. There is no dispute Messrs. Hewitt, Franks, Nash, and Seaborn are not parties to the Merger Agreement. They are thus entitled to a jury trial and may only waive their right knowingly and voluntarily.[57]

We are hard-pressed to find Messrs. Hewitt, Franks, Nash, and Seaborn knowingly and voluntarily waived their right in an agreement to which they are not parties.[58] Our Court of Appeals in *Tracinda Corp.* expressly found the distinction between *invoking* and *evading* a jury waiver is not a "distinction without a difference."[59] Messrs. Hewitt, Franks, Nash, and Seaborn seek to *evade* a jury waiver, not invoke it. Thus, we find the reasoning in *Tracinda Corp.* distinguishable even if Messrs. Hewitt, Franks, Nash, and Seaborn are a signatory's agents (although we must note Mr. Toleti never establishes or argues they are agents, regardless). Finally, Judge Pratter addressed, and rejected, this very argument concluding "[b]ecause [our] Court of Appeals has refused to enforce a contractual arbitration provision against a non-signatory agent, this Court will not hold Corporate Plaintiffs, who are non-signatories, to a contractual jury waiver provision, even assuming they are agents of Individual Plaintiffs."[60] We find Messrs. Hewitt, Franks, Nash, and Seaborn did not waive their Seventh Amendment right to a jury trial. Mr. Toleti may only invoke the jury waiver against Allscripts.[61]

### C. Mr. Toleti's motion to strike the jury demands is timely and not barred by laches.

Mr. Toleti's motion is timely. Allscripts does not refute this but argues we should deny Mr. Toleti's motion based on laches. We disagree laches bars Mr. Toleti's motion and agree it is timely.

Rule 39 requires a jury trial on all issues so demanded unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."[62] Our Court of Appeals mandates "[p]arties 'have a great deal of latitude on the timing of motions to strike a jury demand'" and since "'a court has the power to act sua sponte at any time' under Rule 39, 'it follows that a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial.'"[63] Allscripts argues we should exercise our discretion and deny Mr. Toleti's motion on the basis of laches. Allscripts argues Mr. Toleti engaged in inexcusable delay

in filing to motion because he knew of the issue in September 2021, sought a jury trial himself, and then filed the motion two weeks before trial which caused the trial to be moved. We reject Allscripts's laches argument.[64]

To establish laches, Allscripts must show (1) inexcusable delay by Mr. Toleti; and (2) prejudice because of the delay.[65] Allscripts cannot demonstrate inexcusable delay. Sophisticated parties entered into an agreement containing a jury waiver. Allscripts knew of the waiver's existence; Allscripts sued for breach of the Merger Agreement and is surely familiar with its terms. And Allscripts demanded a jury on all "issues so triable" implying knowledge not all issues in the case were triable by a jury.[66] Consistent with counsel's duty of candor to the Court, we accept Mr. Toleti's counsel's representation he raised the issue of a jury waiver at our initial Rule 16 pretrial conference even though Mr. Toleti never again raised the issue until this motion filed two weeks before trial.[67]

Nevertheless, parties have "a great deal of latitude on timing of motions to strike a jury demand", and we have the discretion to strike the demand even if the motion is made on the eve of trial.[68] We largely denied the parties' motions for summary judgment[69] and Mr. Toleti moved to strike the jury demands less than a week later.[70] Mr. Toleti aptly argues the parties moved for summary judgment on nearly all of the counts at issue which may have mooted this issue. It is not unreasonable for Mr. Toleti to move to strike the demands after we denied summary judgment. While Mr. Toleti surely could have moved earlier,[71] we cannot find inexcusable delay. Mr. Toleti moved in accordance with our scheduling Order requiring he file all motions "affecting trial

presentations" by June 15. We reject Allscripts's argument laches requires we deny the motion because Mr. Toleti did not inexcusably delay filing the motion.

### D.  Mr. Toleti did not waive the right to enforce the jury waiver.

We next address whether Mr. Toleti waived his right to enforce the jury waiver. We find he did not.

We must again start with a brief history before turning to our analysis. Allscripts demanded a jury trial on "all claims, defenses, and issues so triable."[72] In Andor, Mahathi, and Mr. Toleti's Answer and Fourth Amended Counterclaims, and the Counterclaims before it, they demanded a jury with no qualification.[73] Mr. Tyriver similarly demanded a jury trial in his answer and for his defamation counterclaim with no qualification.[74] We held a pretrial conference under Federal Rule of Civil Procedure 16 in September 2021.[75] Counsel for Mr. Toleti represents he addressed the jury waiver issue at this time. Consistent with his duty of candor to the Court, we accept he did bring up the jury waiver though our contemporaneous notes do not reflect an in-depth discussion of the waiver, but rather only a cursory discussion of non-jury issues such as Allscripts's claims for declaratory judgment and injunctive relief to which no right to a jury exists.[76] We entered a scheduling order setting a seven-day jury trial again with the understanding limited issues would be decided by the Court.[77] We amended the scheduling Order several times without objection to the setting of a jury trial.[78] Mr. Toleti and his co-defendants asked us to provide more trial days with a proposed order suggesting we begin jury selection on June 29, 2022 followed by a twenty-day trial without raising the jury waiver issue.[79] Mahathi, Andor, and Messrs. Toleti and Tyriver raised the jury waiver issue in writing to the Court for the first time with this motion seeking to strike its and Allscripts's jury demands for eighteen of Allscripts's claims, three counterclaims, and ten defenses. We scheduled a telephone conference for June 17 and informed the parties we

wanted to address the jury waiver issue including whether the Defendants waived their right to enforce the provision.[80]

Mr. Toleti responded at oral argument and submitted supplemental briefing on the waiver issue, relying on three cases from the District of Delaware, District of New Jersey, and Eastern District of Pennsylvania, two of which do not address the issue of waiver, and invoking the anti-waiver provision in the Merger Agreement.[81] Allscripts responds Mr. Toleti waived his right to enforce the contractual jury waiver based on his repeated jury demands and litigation conduct.[82]

Waiver "is the intentional relinquishment or abandonment of a known right."[83] Many federal courts across the country have considered whether a party's conduct can waive its right to enforce a contractual jury waiver provision with differing results and reasoning.[84] We cannot today find Mr. Toleti intentionally abandoned the right to enforce the jury waiver provision.  Allscripts did not adduce a fact basis allowing us to find Mr. Toleti's litigation conduct clearly demonstrates he did not intend to rely upon the jury waiver such that he intentionally waived his right to enforce it.

We start with the repeated jury demands. In each answer and counterclaim, Mr. Toleti, Mahathi, and Andor answered together and included "jury trial demanded" in the caption.[85] The jury demand in the caption is unqualified, and no jury demand appears anywhere else in the pleadings.[86] We already found Mahathi and Andor cannot enforce the jury waiver. Thus, Mahathi and Andor, who are not subject to the jury waiver, invoked their right to the jury waiver through the general jury demand made in the joint pleadings. Mr. Toleti also does not move to strike Allscripts's jury demand or rescind his own jury demand on all of Allscripts's claims applying to him or for all of his counterclaims against Allscripts. For example, he does not move to strike Allscripts's jury demand for the civil conspiracy claim or abuse of process claim or for his

counterclaims for defamation and breach of the settlement agreement. Thus, his jury demand applies to claims other than those for which he seeks to strike the demand. And he needed to make the jury demand for his counterclaims for defamation and breach of the settlement agreement to invoke his right to a jury trial. Thus, while perhaps ineloquent or done without much forethought as to potential consequences to making a general jury demand on behalf of three different defendants, we cannot find Mr. Toleti acted so inconsistently with the jury waiver provision in the Merger Agreement his conduct amounts to the intentional waiver of the right to enforce it.[87]

We turn to the other conduct, such as failing to object to our scheduling Orders which repeatedly scheduled a jury trial and Mr. Toleti's Motions requesting additional days for a jury trial but failing to mention the jury waiver. We must similarly find insufficient evidence of an intentional waiver of a known right. Our Court of Appeals instructs a motion to strike a jury demand can be made at any time, even on the eve of trial.[88] The delay in filing is of no moment to us in determining whether Mr. Toleti waived his right. And even so, we accept as true Mr. Toleti's counsel raised this issue at our Rule 16 conference. We set a jury trial nonetheless, and repeatedly set them in amended scheduling Orders, with the understanding our jury would decide *most* claims should they survive summary judgment. We did not appreciate Mr. Toleti's view the waiver provision bars most of Allscripts's claims. And it is true Mr. Toleti, with his co-defendants Andor, Mahathi, and Mr. Tyriver, jointly moved the Court for additional trial days without mentioning the jury waiver provision or objecting to our setting of a jury trial after the Rule 16 conference. But claims would go to a jury even if we granted Mr. Toleti's entire motion to strike Allscripts's jury demand as to most claims. Thus, we cannot find Mr. Toleti's failure to object to our Orders setting a jury trial is so clearly inconsistent with his right to invoke the jury waiver provision it amounts to an intentional waiver.[89]

We find Mr. Toleti did not waive his right to invoke the jury waiver provision in the Merger Agreement.

### E. Mr. Toleti may unilaterally rescind his own jury demand, but Andor, Mahathi, and Mr. Tyriver may not.

We must next determine whether Andor, Mahathi, and Messrs. Toleti and Tyriver can rescind their jury demand without Allscripts's consent. We find Mr. Toleti can rescind his jury demand for the claims and counterclaims subsumed by the waiver (if any) because no such right to make the demand existed.[90] But Mahathi, Andor, and Mr. Tyriver may not rescind their proper jury demands without Allscripts's consent.

We begin with whether Mahathi, Andor, and Mr. Tyriver can unilaterally rescind their proper jury demands. We conclude they cannot. Federal Rule of Civil Procedure 38(d) provides that a proper jury trial demand "may be withdrawn only if the parties consent."[91] And Federal Rule of Civil Procedure 39(a) requires trial by jury "on all issues so demanded" unless the parties stipulate or "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."[92] We already concluded Mahathi, Andor, and Mr. Tyriver made proper jury demands in their pleadings, and they are not subject to the jury waiver provision nor can they enforce it. Mahathi, Andor, and Mr. Tyriver need Allscripts's consent to revoke their proper jury demands subject to our findings below regarding whether there is a right to a jury trial on the equitable claims and defenses. And in any event, Allscripts made a jury demand in its answers to their counterclaims, which Mahathi, Andor, and Mr. Tyriver cannot strike by enforcing the jury waiver as already held.[93]

We turn to Mr. Toleti. Mr. Toleti appears to conflate the issues of waiver and the ability to unilaterally revoke a jury demand under the Federal Rules of Civil Procedure. We already concluded Mr. Toleti did not waive his right to enforce the jury waiver provision. But whether he

17

may unilaterally rescind his jury demand under the Federal Rules of Civil Procedure is a slightly different question. Rule 38(d) mandates a properly made jury demand may only be withdrawn if the parties consent. And Rule 39 requires a jury trial on all issues for which a demand has been made unless the parties stipulate or "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." We conclude Mr. Toleti may withdraw his jury demand.

We found no authority, and the parties do not provide any, from our Court of Appeals addressing the specific issue of whether a party may unilaterally withdraw its own jury demand made when the parties are subject to a contractual jury trial waiver. The Court of Appeals for the Ninth Circuit recently addressed this issue as a matter of first impression and affirmed Judge Simon's finding a party may unilaterally withdraw its demand in such an instance.[94] In *Ross*, Judge Simon considered whether the defendant could withdraw its request for a jury demand unilaterally.[95] The plaintiff argued the defendant could not unilaterally withdraw because the plaintiff "was entitled to rely" on the defendant's jury demand under Federal Rules of Civil Procedure 38 and 39.[96] The defendant argued the plaintiff could not object to its withdrawal of its jury demand or rely upon Rules 38 and 39 since the plaintiff waived its right to a jury trial in its lease.[97] Judge Simon agreed with the defendant, acknowledging "Rules 38 and 39 generally allow a party to rely on another party's jury demand" but finding the plaintiff could not invoke the Rules' protections since it waived its right to a jury trial in its lease with the defendant.[98] The Court of Appeals affirmed Judge Simon's "interpretation of Rules 39 and 39" finding it "consistent with [its] precedent and [its] practice of interpreting the Rules 'in a manner consistent with their underlying purpose.'"[99] The Court of Appeals also affirmed Judge Simon's finding "the application of Rules 38 and 39 here did not entitle [the plaintiff] to a jury trial after [the defendant]

withdrew its demand because the parties' lease included a waiver of the tenant's right to a jury trial in proceedings initiated by the landlord."[100]

Our holding is consistent with our colleagues' interpretation of Rules 38 and 39 in similar cases. Judge McLaughlin confronted a similar issue to the one we face here in *Quinn Construction Inc.*[101] In *Quinn*, the plaintiff sued two defendants without making a jury demand.[102] One defendant answered and cross-claimed against the other defendant but made no jury demand.[103] The other defendant answered, counterclaimed against the plaintiff, and crossclaimed against its co-defendant, demanding a jury "on all issues so triable."[104] It did the same in its amended answer, counterclaims, and crossclaims.[105] Although this defendant made the jury demand, it had previously agreed in a contract with the plaintiff to waive its right to a jury.[106] Later on in the case, the two defendants stipulated to withdraw the one defendant's jury demand.[107] The plaintiff did not consent to the withdrawal and filed its own jury demand for all claims asserted by and against it.[108] Both defendants moved to strike the plaintiff's jury demand.[109]

Relevant to our analysis is the defendant's argument who waived the right to a jury trial with the plaintiff by agreement and subsequently made a jury demand in its pleadings. The defendant argued: (1) it did not waive its own contractual right to a bench trial through its jury demand; and (2) its demand did not "undo" the plaintiff's jury waiver.[110] Therefore, it argued, since the plaintiff never had a right to a jury trial to begin with, the defendant did not need the plaintiff's consent to withdraw its demand and it could still enforce the jury waiver.[111] The plaintiff disagreed, arguing once the defendant made the jury demand it was entitled to rely on it and the defendant needed its consent to withdraw it under our Court of Appeals' decision in *Collins v. Gov't of Virgin Islands*.[112]

Judge McLaughlin agreed with the defendant. She disagreed with the plaintiff's broad reading of our Court of Appeals's decision in *Collins*, reasoning "*Collins* presupposes that the relying party has a right to a jury trial in the first place. Notably, none of the parties in *Collins* had explicitly waived their rights to a jury trial, as did [the plaintiff] in the present case."[113] Judge McLaughlin found the plaintiff "in a different position from the government in *Collins*" because it expressly waived its right to a jury trial; thus, it "could not have filed a demand, and was not entitled to a jury by virtue of reliance on [the defendant's] demand."[114] Judge McLaughlin found her reading of *Collins* "consistent with the Federal Rules of Civil Procedure" as well, rejecting the plaintiff's argument the defendant needed its consent to withdraw the jury demand.[115] Judge McLaughlin found while it is true Federal Rule of Civil Procedure 38(d)[116] requires consent to withdraw a proper jury demand, Federal Rule of Civil Procedure 39 clarifies Rule 38 "is not a source of independent rights, and reflects the possibility that a party may have no pre-existing right to a jury trial."[117] Judge McLaughlin reasoned because the plaintiff "waived its right to a jury trial, it had no pre-existing right to make a demand, and [the defendant's] demand did not create one."[118] Judge McLaughlin granted the defendant's motion to strike finding the plaintiff had waived its right to a jury trial and it had no right to rely on the defendant's demand.[119]

Judge Bumb in *Engines, Inc.*[120] and Judge Stark in *Coface*[121] did the same. Relying on Judge McLaughlin's opinion in *Quinn*, Judge Bumb considered the plaintiff's motion to strike a jury demand.[122] Judge Bumb found the defendant "knew or should have known that it had waived its right to a jury [and thus,] [i]ts jury demand was [] ineffective."[123] Judge Stark rejected a similar argument from the defendant in *Coface*.[124] The defendant in *Coface* argued the plaintiff included a jury demand in its amended complaint and thus the jury demands should not be stricken.[125] But the defendant did not persuade Judge Stark who found Rule 39(a) only applies when there is a

right to a trial by jury.[126] Since the parties' waived their right to a jury by agreement, Judge Stark found the defendant did not have the right to make the jury demand nor did it have the right to rely on the plaintiff's improper jury demand.[127]

We find the reasoning of the Court of Appeals for the Ninth Circuit, and Judges McLaughlin, Bumb, and Stark, apply with equal force today. Allscripts explicitly demanded a jury on all issues so triable. Allscripts and Mr. Toleti agreed in the Merger Agreement to waive their right to a jury trial for certain claims. The fact Mr. Toleti demanded a jury trial in his answers and counterclaims multiple times cannot revive a right already waived by agreement. Allscripts similarly cannot rely on Mr. Toleti's demand. Mr. Toleti does not need Allscripts's consent to withdraw his own jury demand for claims and counterclaims (if any) to which Allscripts and Mr. Toleti waived their right to a jury trial or to which no right to a jury exists.

### F.   Mr. Toleti and Allscripts agreed to waive their right to a jury for some but not all the claims for which Mr. Toleti seeks to strike the demands.

We conclude our analysis of the waiver issues by analyzing the substance of the waiver and claims to determine for which claims and defenses Mr. Toleti may strike Allscripts's jury demand and withdraw his own demand.

We return to the text. Allscripts and Mr. Toleti agreed they "waive[d] their respective rights to a trial by jury of any claim or cause of action **based upon or arising out or related to this agreement** in any action, proceeding or other litigation of any type brought by any of the parties against any other party or any affiliate of any other such party, whether with respect to contract claims, tort claims or otherwise."[128] They agreed "any such claim or cause of action shall be tried by a court trial without a jury."[129] The parties quibble over how far "based upon or arising out or related to" extends in this case. Mr. Toleti argues this language extends to eighteen of Allscripts's claims, three counterclaims, and ten defenses. Allscripts argues we are only concerned with

21

whether the claims "aris[e] out of or relate[] to" the Merger Agreement, ignoring the "based upon" language, and only the breach of the Merger Agreement claim and counterclaims must be tried to the Court.[130]

"As a general matter, courts construe jury trial waivers narrowly and indulge every reasonable presumption against waiver. However, jury trial waivers are routinely enforced, and broadly worded waivers are interpreted broadly, according to their plain meaning."[131] The parties agreed "any claim or cause of action based upon or arising out or related to" the Merger Agreement brought by any party against any other party or the party's affiliate, whether the claim sounds in contract, tort, or otherwise, will be tried to the Court, not a jury.  We thus apply the "plain meaning" to "based upon" "arising out [of]" and "related to" to determine the scope of the jury waiver. In interpreting a forum selection clause, our Court of Appeals has instructed the plain meaning of "arising out of" is "to originate from a specified source."[132] Black's Law Dictionary defines "related" as "connected in some way; having relationship to or with something else", which is consistent with Judge Liman's recent finding "relating to" in a jury waiver means it is "tantamount to having a connection, relation, or association of something."[133] A claim is "based upon" the Merger Agreement when the Merger Agreement "make[s], form[s], or serve[s] as a foundation for" the claim.[134] We now turn to the claims and defenses for which Mr. Toleti seeks to strike the jury demand.

***Merger Agreement claim and counterclaims.***[135] We begin with the claims directly invoking the Merger Agreement. These claims are "based upon" the Merger Agreement. Allscripts and Mr. Toleti waived their right to a jury trial. Allscripts concedes the claim and counterclaim seeking damages for breach of the Merger Agreement are waived if Mr. Toleti can enforce the contractual jury waiver provision.[136] We strike Allscripts's jury demand for Allscripts's breach of

the Merger Agreement claim (Count XVIII) and in response to Mr. Toleti's claim for breach of the Merger Agreement (Count VIII). We also strike Allscripts's jury demand as to Mr. Toleti's claim for specific performance under the Merger Agreement (Count IX).[137] We will decide Allscripts's claim for breach of the Merger Agreement (Count XVIII) and both counterclaims directing implicating the Merger Agreement (Counts VIII–IX).[138]

**_Allscripts's Computer-based claims._**[139]  We approved the parties' stipulation dismissing Allscripts's claims for violations of the Computer Abuse and Recovery Act (Count IV) and Illinois Computer Tampering Act (Count V).[140] We deny Mr. Toleti's Motion as to these counts as moot. But Allscripts also sues for violations of the Computer Fraud and Abuse Act and Stored Wire and Electronic Communications and Transactional Records Act.[141] Mr. Toleti argues Allscripts waived its right to a jury trial for its computer-based claims because the claims are premised on Allscripts's ownership of applications and tenant or environment acquired through the Merger Agreement.[142] Thus, he argues, these claims "arise under" the Merger Agreement. In reply, he argues the claims "relate to" the Merger Agreement.[143] Allscripts disagrees. Allscripts argues Mr. Toleti's interpretation expands the meaning of the "narrow jury waiver" to cover "all claims ever related to those assets [acquired through the merger] or the operation of the business after the acquisition."[144]

We disagree with Allscripts the jury waiver here is narrow; it is contrarily quite broad. But we nonetheless find Allscripts's computer-based claims are not subject to the jury waiver. Allscripts's claims arise from an "attack" on its mobile patient experience applications in May 2021.[145] The claim facially does not implicate the Merger Agreement in any respect; it is not based upon nor does it arise out of the Merger Agreement.

We must determine whether this claim "relates to" the Merger Agreement. Mr. Toleti argues the claim relates to the Merger Agreement because Allscripts acquired the applications and subscriptions as part of the Merger Agreement and because Allscripts contends it owns the tenant due to the Merger Agreement. First, the parties do not dispute Allscripts owns the subscriptions and MPE applications; thus, it is not relevant to Allscripts's claims how Allscripts acquired the subscriptions and MPE applications.[146] The computer-based claims cannot "relate to" the Merger Agreement merely because Allscripts acquired the subscriptions and applications in the Merger Agreement three years earlier. The claims are based on Mr. Toleti (and others') conduct three years later "attacking" the applications and subscriptions. They do not implicate the rights acquired to the subscriptions and applications under the Merger Agreement contrary to Mr. Toleti's argument and characterization. Second, whether Allscripts, Microsoft, Mahathi, or someone else "owns" the tenant housing the subscriptions and applications and/or associated with at the time of the attack is not dispositive for *Allscripts* to prove its claim based on the record before us. To be clear, Mr. Toleti moved for summary judgment arguing there is no "unauthorized access" necessary to prove Allscripts's computer-based claims because Mahathi, not Allscripts, owns the tenant and took necessary steps to secure it.[147] Allscripts's claims are based on Mr. Toleti's conduct with the applications and subscriptions which damaged them. Allscripts argues it does not matter if it or someone else owned the tenant to prove its computer-based claims.[148] In other words, Allscripts argued it can prove Mr. Toleti acted without authorization or exceeded his authorization without ever proving who, if anyone, owns the tenant.[149] It is Allscripts's position a tenant cannot be owned and if anyone owns it, Microsoft does.[150] In a footnote, Allscripts argues if anyone besides Microsoft owns a tenant, Allscripts owns it because it acquired it under the Merger Agreement when it purchased Health Grid.[151] We cannot conclude Allscripts's computer-based claims are

"related to" the Merger Agreement because in a footnote in response to Mr. Toleti's argument, Allscripts argues if anyone but Microsoft owns the tenant, Allscripts owns it. This is a fallback argument not dispositive to proving Allscripts's claims (according to Allscripts in response to summary judgment). Allscripts is the master of its claims; we will not tell it how to prove its claims. Allscripts asserts it is irrelevant who owns the tenant because no one disputes Allscripts owns the subscriptions and applications, which is what Mr. Toleti damaged in his attack constituting the violations of these statutes.

We find Allscripts's computer-based claims are not subject to the jury waiver provision in the Merger Agreement. The claims will be determined by the jury.

***Allscripts's claim for breach of the Invention and Restrictive Covenant Agreement.***[152] Allscripts sues Mr. Toleti for breach of the Inventions and Restrictive Covenant Agreement.[153] Mr. Toleti argues Allscripts waived its right to a jury trial for this claim because the Merger Agreement expressly incorporates the Restrictive Covenant Agreement by reference as part of the Merger Agreement and thus the jury waiver applies to the claim.[154] Allscripts disagrees arguing the Restrictive Covenant Agreement is an independent contract which does not contain a jury waiver.[155] Thus, the Merger Agreement's jury waiver has not "crept out" of the Merger Agreement into the Restrictive Covenant Agreement.[156] We disagree with Allscripts. The Restrictive Covenant Agreement is expressly incorporated into the Merger Agreement. The jury waiver applies to Allscripts's claim against Mr. Toleti for breaching the Restrictive Covenant Agreement.

Allscripts and Mr. Toleti agreed: "The Exhibits, Disclosure Schedule and other Schedules identified in this Agreement are **incorporated herein by reference and made a part hereof**."[157] The exhibits, disclosure schedules, and other schedules are all part of the Merger Agreement by its plain terms. The Merger Agreement identifies "Allscripts Healthcare, LLC Inventions and

Restrictive Covenant Agreement" as Exhibit B.[158] As a condition of closing Mr. Toleti agreed to provide to Allscripts "(e) counterpart signature pages to the Allscripts Healthcare, LLC Inventions and Restrictive Covenant Agreement in the form attached hereto as Exhibit B by the Continuing Employees set forth on Schedule 7.1(e)."[159] Mr. Toleti is identified as a continuing employee required to execute the Inventions and Restrictive Covenant Agreement at or before closing.[160] Mr. Toleti executed the Restrictive Covenant Agreement consistent with his requirement to do so under the Merger Agreement.[161] The jury waiver applies to Allscripts's claim for breach of the Restrictive Covenant Agreement because it is part of the Merger Agreement. Allscripts's claim is thus "based upon", "arises out" of, or at minimum, "relates to" the Merger Agreement. We will decide Allscripts's claim for breach of the Restrictive Covenant Agreement (Count XIV).

***Allscripts's claims for misappropriation of Trade Secrets.***[162] We dismissed Allscripts's claim for misappropriation of Trade Secrets under the Illinois Trade Secrets Act (Count VII) and thus deny Mr. Toleti's Motion as to this claim as moot.[163] Mr. Toleti argues we should strike the jury demand for Allscripts's misappropriation of trade secrets claim under the Defend Trade Secrets Act because Allscripts acquired the trade secrets through the Merger Agreement and the Merger Agreement and Restrictive Covenant Agreement dictated the parties' treatment of trade secrets.[164] Mr. Toleti continues: "The resolution of the entirety of Allscripts's two trade-secret counts therefore requires interpretation of or reference to the Merger Agreement and the IRCA, and the jury-waiver provision therefore applies to both counts."[165] Allscripts disagrees the Merger Agreement applies at all to Allscripts's misappropriation claims and thus is not subject to the waiver.[166]

We look to the elements of a misappropriation claim under the Defend Trade Secrets Act and Allscripts's pleading. To prove the Defend Trade Secret Act claim, Allscripts must prove: "(1)

the existence of a trade secret, **defined generally as information with independent economic value that the owner has taken reasonable measures to keep secret**; (2) that 'is related to a product or service used in, or intended for use in, interstate or foreign commerce[,]'; and (3) the misappropriation of that trade secret, defined broadly as the knowing improper acquisition, or use or disclosure of the secret.[167] Allscripts must show it took reasonable measures to keep its information secret to prove the first prong of its claim. Allscripts acknowledges this. Allscripts pleads it "has undertaken reasonable methods to maintain the secrecy of the Allscripts Trade Secrets" by requiring non-disclosure, non-solicitation, and non-compete agreements with employees, including Mr. Toleti.[168] Allscripts pleads the agreements, including the agreements with Mr. Toleti, "expressly require[] Toleti . . . to safeguard and maintain the confidentiality of all Allscripts Confidential Information and Proprietary Information, which include Allscripts Trade Secrets."[169] We know these agreements are, at minimum, the Merger Agreement and the Restrictive Covenant Agreement.[170] Allscripts must point to, discuss, or use the terms of the Merger Agreement and the Restrictive Covenant Agreement to prove prong one of its trade secret misappropriation claim. We must therefore find Allscripts's trade secret misappropriation claim "relates to" the Merger Agreement and is subject to the jury waiver provision contained therein. We will decide Allscripts's misappropriation of trade secrets claim (Count VI).

*Allscripts's claims for breach of the Settlement Agreement.*[171] Allscripts sues Mr. Toleti for breach of the Settlement Agreement. Mr. Toleti argues we should strike Allscripts's jury demand because this claim is based upon, arises out of, or relates to the Merger Agreement and the Inventions and Restrictive Covenant Agreement. Allscripts argues the Settlement Agreement is a separate contract which does not contain a jury waiver provision.[172] And they would have done so if they wanted to waive their right to a jury in this agreement.[173] We disagree with Allscripts.

27

Allscripts and Mr. Toleti agreed in the Settlement Agreement "[t]he non-solicitation covenants relating to employees of Health Grid and/or Allscripts, as applicable, as set forth in the Merger Agreement, the Reseller Agreement, and the Invention[s] and Restrictive Covenant Agreement between Raj Toleti and Allscripts dated May 16, 2018 . . . remain in full force and effect pursuant to their terms. Raj Toleti . . . agree[s] to be bound by such non-solicitation covenants."[174] They further agreed: "Except as expressly provided in this Settlement Agreement, the non-solicitation and non-compete covenants relating to customers of Health Grid and/or Allscripts, as applicable, set forth in the Merger Agreement, the Reseller Agreement, and in the Restrictive Covenant Agreement remain in full force and effect pursuant to their terms. Raj Toleti . . . agree[s] to be bound by such non-solicitation and non-compete provisions."[175]

Allscripts alleges Mr. Toleti breached the Settlement Agreement by: competing with Allscripts; selling products of the type sold by Allscripts to customers of Allscripts; disclosing Trade Secrets and Confidential Information; soliciting Allscripts's customers; working with Mr. Bulsara despite being denied permission to do so; soliciting Allscripts's employees; and interfering with Allscripts's business relationships.[176] To determine whether Mr. Toleti breached the Settlement Agreement, we must determine whether his alleged conduct breaches the provisions in the Merger Agreement, Restrictive Covenant Agreement, and Reseller Agreement. We must find at minimum Allscripts's claim against Mr. Toleti for breach of the Settlement Agreement "relates to" the Merger Agreement and the Restrictive Covenant Agreement. We will decide Allscripts's claim for breach of the Settlement Agreement (Count XIII).

***Allscripts's claim for breach of the duty of loyalty.*** Allscripts sues Mr. Toleti for breach of his duty of loyalty.[177] Mr. Toleti argues this claim is subject to the jury waiver because "[t]he source of Mr. Toleti's status as an employee of Allscripts, of course, was the Merger Agreement"

and "implicates the rights about obligations in the Merger Agreement and Inventions and Restrictive Covenant Agreement. Allscripts disagrees arguing this claim is unrelated to the Merger Agreement.[178]

We agree with Allscripts and this issue will be presented to the jury. Allscripts's claim for breach of the duty to loyalty against Mr. Toleti is not based upon, related to, nor does is arise out of, the Merger Agreement or Inventions and Restrictive Covenant Agreement. This claim is not based upon, related to, nor does it arise out of the Merger Agreement or Restrictive Covenant Agreement merely because Mr. Toleti became Allscripts's employee because of Allscripts's acquisition of Health Grid. We need not know how Mr. Toleti became an Allscripts employee to determine whether he owed a fiduciary duty to Allscripts and whether he breached it. The claim is also not based upon, related to, nor does is arise from the Merger Agreement or Restrictive Covenant Agreement merely because the conduct constituting the breach of the duty of loyalty may also qualify as breach of the Merger Agreement or breach of the Restrictive Covenant Agreement. We need not interpret the Merger Agreement or breach of the Restrictive Covenant Agreement to determine whether Mr. Toleti breached his duty of loyalty. Allscripts need not even reference the agreements to prove its claim. We cannot find this claim arises out of, is related to, or is based upon the Merger Agreement or the Restrictive Covenant Agreement. This claim will be decided by the jury.

***Allscripts's claim for violation of the Florida* Deceptive *and Unfair Trade Practices Act, Unfair Competition, and Tortious Interference.*** Allscripts sues Mr. Toleti for violating the Florida Deceptive and Unfair Trade Practices Act, engaging in unfair competition, and for tortious interference with existing and prospective customers.[179] Mr. Toleti argues we should strike the jury waiver for these claims because they "arise[] out of asserted breaches of the non-solicit or

non-compete provisions in the Merger Agreement or the [Restrictive Covenant Agreement] . . . and the purported use of trade secrets that Allscripts claims to have acquired in the Merger Agreement."[180] He continues Allscripts also alleges the May 2021 "attack" gives rise to these claims which is related to the Merger Agreement because Allscripts acquired the applications allegedly attacked through it.[181] We already rejected Mr. Toleti's argument regarding the "attack" when analyzing Allscripts's computer-based claims. We reject his argument here for the same reasons. We similarly reject his argument these tort claims "arise out of asserted breaches of the non-solicit and non-compete provisions in the Merger Agreement or [Restrictive Covenant Agreement]."

It is true the same conduct establishing the elements of these claims may also constitute a breach of the Merger Agreement and Restrictive Covenant Agreement. But Mr. Toleti could commit these torts and statutory violation irrespective of his duties and obligations under the Merger Agreement and Restrictive Covenant Agreement. Merely because the same conduct may constitute a tort and statutory violation and violate the agreements does not mean the tort claim is "based upon", "arises out of" or "relates to" the agreements. Mr. Toleti's duties to not violate the statute or commit torts arise from the statute and common law, not the Merger Agreement or Restrictive Covenant Agreement. We are also not persuaded Allscripts's pleading Mr. Toleti's misappropriation of trade secrets constitutes a violation of Florida's statute and unfair competition makes these tort claims "based upon", "arise out" of, or "relate to" the Merger Agreement. Mr. Toleti cursorily raises this point without argument or citation to authority. The connection to the Merger Agreement for these claims is too attenuated to even find they "relate to" the Agreement.

We deny Mr. Toleti's motion to strike the jury demand for these claims. They will be decided by the jury.

*Allscripts's claim for Declaratory Judgment.*[182] Allscripts sues Mr. Toleti seeking a declaratory judgment as to who owns the standard user interface used for its mobile patient experience applications.[183] Mr. Toleti argues we should strike the jury demand for this claim because Allscripts's rights in this arise from Merger Agreement.[184] Allscripts offers no rebuttal argument in its brief and concedes we should strike the jury waiver for this claim.[185] Allscripts affirmatively moved for summary judgment on this claim arguing it acquired the standard user interface software through its acquisition of Health Grid under the Merger Agreement.[186] Allscripts's declaratory judgment claim is based upon, arises out of, or at minimum, relates to, the Merger Agreement. Allscripts waived its right to a jury trial for this claim. We will decide Allscripts's claim for declaratory judgment (Count XX).

*Allscripts's claim for breach of the Marketing Services Agreement.* Allscripts sues Andor for breach of the Marketing Services Agreement. We already held Andor cannot enforce the jury waiver provision against Allscripts. We do not reach the merits of whether this claim is in the scope of the waiver. This claim will be decided by the jury.

*Allscripts's claim for breach of the Statements of Work*. Allscripts sues Mahathi and Andor for breaches of the 2017 and 2018 Statements of Work.[187] We permitted Allscripts to proceed against Mahathi for breaches of both Statements of Work but granted Andor summary judgment on the claim for breach of the 2017 Statement of Work because it is not a party to the Agreement.[188] We held neither Mahathi nor Andor can enforce the jury waiver provision against Allscripts. We do not reach the merits of whether this claim is in the scope of the waiver. This claim will be decided by the jury.

*Mahathi's Computer-based counterclaim.* Mahathi sues Allscripts and Messrs. Hewitt, Nash, Franks, and Seaborn for violation of the Computer Fraud and Abuse Act. We earlier

described why Mahathi cannot enforce the jury waiver provision. And we held it unenforceable against the individual counter-defendants. We need not address the merits of whether the claim is subject to the jury waiver because Mahathi cannot enforce it and is the only party asserting the claim. This claim will be decided by the jury.

*Allscripts's claim for injunctive relief and parties' Defenses.* Andor, Mahathi, and Messrs. Toleti and Tyriver seek to strike Allscripts's jury demand for its claim for injunctive relief because it is equitable in nature irrespective of the jury waiver provision. We already discussed this issue with the parties and determined this Court will decide whether Allscripts is entitled to injunctive relief. We hold the same today.

We next turn to Andor, Mahathi, and Mr. Toleti's equitable defenses—defenses two (laches); three (waiver); four (acquiescence); and five (unclean hands). Allscripts does not dispute it is not entitled to a jury on these equitable defenses. These defenses will be determined by the Court. While the Motion broadly argues "defendants' defenses", seemingly including Mr. Tyriver, Mr. Tyriver filed his own answer, affirmative defenses and counterclaims which do not include any of those five equitable defenses.[189] This appears to be a careless oversight not needing our determination.

We turn to Allscripts's defenses—defenses one (claims barred by prior breach of the Merger Agreement, Reseller Agreement, and Statements of Work); two (failure to mitigate); three (lack of subject matter jurisdiction for failure to comply with dispute resolution procedures in Section 1.11 of the Merger Agreement); four (unclean hands and inequitable conduct); five (waiver, estoppel, and laches), and six (waiver, estoppel, laches). Equitable defenses four through six will be decided by the Court. We will decide Allscripts's third affirmative defense about interpretation of the Merger Agreement's dispute resolution provision and whether it deprives us

of subject matter jurisdiction consistent with our striking the jury demand for the Merger Agreement claims. We will not strike the jury demand for failure to mitigate damages because Mr. Toleti makes no attempt to distinguish the various issues raised in this defense or argue how the defense wholly relates to, arises out of, or is based upon the Merger Agreement. We will not do Mr. Toleti's job for him and parse through the entire list of conduct in the defense to determine what, if anything, is waived.

We strike the jury demand for Allscripts's first affirmative defense for earlier breaches barring the breach of the Merger Agreement claims. But we did not strike the jury demand for the breach of the Reseller Agreement or breach of the Statements of Work. We will not strike the jury demand relating to the defense of those claims.

### G. We will empanel an advisory jury under Rule 39(c) on the legal claims subject to the jury waiver.

We today strike the jury demand on numerous claims and counterclaims when involving Mr. Toleti and Allscripts but some of these claims involve other parties which will be tried by the jury. For example, we will decide whether Mr. Toleti violated the Defend Trade Secrets Act but a jury will decide the same question for the other defendants named in Allscripts's claim. We thus empanel an advisory jury.

Rule 39(c)(1) provides: "In an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury."[190] We may empanel an advisory jury absent the parties' consent.[191] The jury will serve as an advisory jury for: Allscripts's claims against Mr. Toleti for misappropriation of trade secrets (Count VI), breach of the Settlement Agreement (Count XIII), breach of the Inventions and Restrictive Covenant Agreement (Count XIV), breach of the Merger Agreement (Count XVIII), and Declaratory Judgment (Count XX); and Mr. Toleti's claim for breach of the Merger Agreement (Count VIII).

### III.  Conclusion

Andor, Mahathi, and Messrs. Toleti and Tyriver moved on the eve of trial to strike Allscripts's jury demand for nearly all of its claims, three counterclaims, and ten defenses. Their Motion raised nearly every issue conceivable when determining whether to strike a jury demand including whether non-signatories to an Agreement can enforce the jury waiver or have it enforced against them. We moved trial to provide adequate time for Allscripts to respond to the Motion implicating its Seventh Amendment right to a jury trial in writing. We must presume every reasonable presumption against waiver. Parties seeking to enforce the jury waiver must meet their burden. We today find Mr. Toleti can enforce the jury waiver provision against Allscripts for some of the claims which are based upon, arise out of, or are related to the Merger Agreement. But Mahathi, Andor, and Mr. Tyriver as non-signatories may not do the same. We strike the jury demands for claims and defenses seeking equitable relief. But we empanel an advisory jury under Rule 39 to decide Allscripts's claims against Mr. Toleti and Mr. Toleti's counterclaims against Allscripts for which they agreed to a non-jury trial.

---

[1] Allscripts later voluntarily dismissed three claims without prejudice. D.I. 590, 592.

[2] D.I. 566, 568. Mr. Toleti now seeks a bench trial on Allscripts's claims under the Computer Fraud and Abuse Act, Stored Wire and Electronic Communications and Transactional Records Act, Computer Abuse and Data Recovery Act, Illinois Computer Tampering Act, misappropriation of Trade Secrets under the Defend Trade Secret Act, misappropriation of Trade Secrets under the Illinois Trade Secrets Act, Florida Deceptive and Unfair Trade Practices Act, unfair competition, tortious interference, breach of duty of loyalty, breach of the settlement agreement, breach of the Inventions and Restrictive Covenant Agreement, breach of the Marketing Services Agreement, breach of the Merger Agreement, breach of the statements of work, declaratory judgement, and injunctive relief.

[3] D.I. 566, 568. Mr.Toleti and his co-defendants move to strike their own jury demand for their Computer Fraud and Abuse Act claims and under the Merger Agreement.

[4] D.I. 566, 568.

---

[5] D.I. 617.

[6] D.I. 566, 568.

[7] We note subsection one permits the parties to agree to a nonjury trial. We proposed this to the parties. They do not agree.

[8] *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) (citing *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393 (1937) and *Bouriez v. Carnegie Mellon Univ.,* 359 F.3d 292, 294 (3d Cir. 2004)).

[9] Fed. R. Civ. P. 38(a) ("(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate."); Fed. R. Civ. P. 39; *see also Quinn Constr., Inc. v. Skanska USA Bldg., Inc.,* 2010 WL 4909587, at *2, 4 (E.D. Pa. Nov. 30, 2010) ("Rule 39 clarifies that Rule 38 is not a source of independent rights, and reflects the possibility that a party may have no pre-existing right to a jury trial. Specifically, Rule 39 instructs that following a proper demand, trial on all issues so demanded must be by jury unless the parties consent otherwise, or the court, 'on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.'"); *Wirtz v. Dist. Council No. 21, Bhd. of Painters, Decorators, & Paperhangers of Am. (BPDP)*, 211 F. Supp. 253, 255 n.1 (E.D. Pa. 1962) (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962)).

[10] *Tracinda Corp.*, 502 F.3d at 222 (citing *Commodity Futures Trade Comm'n v. Schor,* 478 U.S. 833, 848–849 (1986); *In re City of Phila. Litig.,* 158 F.3d 723, 726 (3d Cir. 1998); *Nat'l Equip. Rental, Ltd. v. Hendrix,* 565 F.2d 255, 258 (2d Cir.1977)) (further citations omitted).

[11] *Id.* (further citation omitted).

[12] *Id.* (citing *Brookhart v. Janis,* 384 U.S. 1, 4 (1966) and *In re City of Phila. Litig.,* 158 F.3d at 726).

[13] *Id.* (citing *K.M.C., Inc. v. Irving Trust Co.*, 757 F.2d 752–56 (6th Cir. 1985)).

[14] *Id.* (citing *Aetna*, 301 U.S. at 393 and *Collins v. Gov't of Virgin Islands*, 366 F.2d 279, 284 (3d Cir.1966)).

[15] *Selzer v. Dunkin' Donuts, Inc.*, 2014 WL 1340549, at *2 (E.D. Pa. Apr. 4, 2014) (further citation omitted); *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 2013 WL 3993863, at *3 (W.D. Pa. Aug. 5, 2013) (further citation omitted).

[16] Transcript (Tr.), June 17, 2022, at 14:16–21 ("I would also point out, Your Honor, that it's our view that our conduct did not waive this in large part because this was an issue that I had actually raised with the Court at our pretrial conference in September when Your Honor was setting the days for trial. I had raised at that time that there was a jury waiver.").

[17] D.I. 568 at 5, 7–8.

---

[18] *See, e.g.*, D.I. 568 at 6 (Andor, Mahathi, and Messrs. Toleti and Tyriver briefing standard for whether a jury waiver is made "knowingly, intentionally, and voluntarily").

[19] *Id.* at 8.

[20] *Id.* at 9–18.

[21] *Id.* at 13 (citing our Court of Appeals decision in *Tracinda Corp.*, 502 F.3d at 225 and *Bannett v. Hankin*, 331 F. Supp. 2d 354, 359 (E.D. Pa. 2004)).

[22] D.I. 596.

[23] *Id.* at 4.

[24] D.I. 617 at 21.

[25] 502 F.3d 212 (3d Cir. 2007).

[26] D.I. 617 at 22–23; *see also Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212 (3d Cir. 2007).

[27] D.I. 624.

[28] D.I. 624 at 11–12.

[29] The Agreement provides:

This Agreement and Plan of Merger (this "**Agreement**") is entered into on April 27, 2018 by and among **Allscripts Healthcare, LLC**, a North Carolina limited liability company ("**Buyer**"), **FollowMyHealth Merger Sub. Inc.**, a Delaware Corporation ("**Merger Sub**"), **Health Grid Holding Company**, a Delaware Corporation (the "**Company**"), the Persons listed on Schedule 1.1 who execute a Joinder to this Agreement (each individually "**Stockholder**" and collectively, "**Stockholders**"), and **Raj Toleti**, in his capacity as the representative of Stockholders (the "**Representative**"). Buyer, Merger Sub, the Company, Stockholders and the Representative are referred to collectively herein as the "**Parties**" and individually as a "**Party**." D.I. 450-1 at 8, JA 256 (bold and underlining in original); *see also* D.I. 617 at 21 (Allscripts listing parties to the Agreement including Mr. Toleti).

[30] D.I. 568 at 8.

[31] D.I. 450-1 at 84, JA 332 (capitalization in original).

[32] *Id.* ("12.17 Waiver of Jury Trial: **EACH OF THE PARTIES** WAIVES . . .") (bold and capitalization in original).

[33] *Id.* (emphasis added).

[34] *Id.* (emphasis added).

[35] D.I. 624 at 12; *see also* D.I. 568 at 13.

[36] D.I. 568 at 13.

[37] *Brown & Brown, Inc. v. Cola*, 2011 WL 4380445, at *5 (E.D. Pa. Sept. 20, 2011) (citing *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1166 (9th Cir. 1996) and *Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992)); *see also FinancialApps, LLC v. Envestnet*, Inc., 2021 WL 131458, at *3 (D. Del. Jan. 14, 2021) ("[Defendant] however, was not a party to the [agreement] and therefore it lacks standing to enforce the jury trial waiver provision in the [agreement] against [plaintiff]"); *Quinn Constr., Inc.*, 2010 WL 4909587, at *6–7 (rejecting nonsignatory can enforce jury waiver); *see also Woodward, Inc. v. ZHRO Sols., LLC,* 2019 WL 1438076, at *5 (D. Colo. Mar. 31, 2019) ("Under . . . federal common law, it is well established that a party generally cannot be bound by a contract it did not sign.") (citing *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002)).

[38] *Tracinda Corp.*, 502 F.3d at 222.

[39] *Id.* at 223.

[40] *Id.* at 223–25.

[41] 7 F.3d 1110 (3d Cir. 1993).

[42] *Tracinda Corp.*, 502 F.3d at 223.

[43] *Id.* at 224.

[44] *Id.* at 225.

[45] *Id.* (internal citations omitted).

[46] D.I. 624 at 12.

[47] *FinancialApps, LLC*, 2021 WL 131458, at *4; *see also Brown & Brown, Inc.*, 2011 WL 4380445, at *5–6; *Quinn Constr., Inc*, 2010 WL 4909587, at *5–6;

[48] *Tracinda Corp.*, 502 F.3d at 225.

[49] *See, e.g.*, *Abdurahman v. Prospect CCMC LLC et al.*, 2022 WL 2977361 (3d Cir. July 28, 2022) (publication in --- F.4th --- forthcoming). Our Court of Appeals recently addressed how far *Pritzker*, upon which the court in *Tracinda Corp.* relied, extends in the arbitration context. *Id.* at *2–3. Prospect signed an arbitration agreement with the plaintiff. *Id.* Prospect's "sibling corporation" attempted to enforce the arbitration agreement against the plaintiff despite not being a signatory. *Id.* at *2. The sibling corporation's theory was a doctor employed by Prospect acted

as an agent of the sibling corporation when supervising the plaintiff. *Id.* Thus, the sibling corporation argued it should be allowed to enforce the arbitration clause based on the doctor's conduct while acting as its agent. *Id.* Our Court of Appeals found the sibling corporation "had things backwards." *Id.* It reasoned contrary to what the sibling corporation argued, the sibling corporation needed to show *it* was an agent of Prospect, the party bound by the arbitration agreement. *Id.* But the sibling corporation did the opposite—it showed Prospect (the party bound) acted as *its agent*, which "we have never held . . . is sufficient" to enforce an arbitration provision. *Id.* (citing *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 199 (3d Cir. 2001)). Assuming signatory Mr. Toleti is an agent of non-signatories Mahathi, Andor, and Mr. Tyriver, this would *still* not be sufficient for Mahathi, Andor, and Mr. Tyriver to enforce the jury waiver.

[50] *See, e.g.*, *Quinn Constr., Inc*, 2010 WL 4909587, at *7 (noting our Court of Appeals analogized jury waiver clauses to arbitration clauses in *Tracinda* but warned the analogy is imperfect "because there is a presumption in favor of enforcing arbitration clauses and against enforcing jury waivers" and noting "[w]here a principle drawn from an arbitration case may have been the result of the underlying presumption in favor of enforcing arbitration clauses, it may not be appropriate to analogize the case to jury waivers."); *Selzer*, 2014 WL 1340549, at *4–5 ("Because the Third Circuit Court of Appeals has made clear that jury waiver provisions are to be treated differently from arbitration provisions and that either type of contractual waiver is to be enforced sparingly against non-signatories, the Court finds . . .[e]nforcement of a jury waiver provision depends upon knowing and voluntary waiver of a fundamental Constitutional right, and Corporate Plaintiffs, as non-signatories to the Agreement, cannot be said to have knowingly or voluntarily waived anything.").

[51] *See, e.g.*, *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 221 (3d Cir. 2014) (discussing equitable estoppel theory under Delaware law to bind non-party to arbitration under FAA and finding Delaware law "recognizes the doctrine of equitable estoppel . . . and imposes the burden of producing clear and convincing proof on the party asserting estoppel").

[52] D.I. 624 at 11.

[53] *Williams v. Amazon, Inc.*, 573 F. Supp. 3d 971, 975 (E.D. Pa. 2021) (collecting cases); *Hayes v. Silvers, Langsam & Weitzman, P.C.*, 441 F. Supp. 3d 62, 67 n.4 (E.D. Pa. 2020) (further citation omitted); *Strikeforce Techs., Inc. v. WhiteSky, Inc.*, 2013 WL 4876306, at *2 (D.N.J. Sept. 11, 2013).

[54] *FinancialApps, LLC*, 2021 WL 131458, at *4.

[55] *See, e.g.*, *Woodward, Inc.*, 2019 WL 1438076, at *5–6 (discussing six theories for non-parties to enforce a contract, none of which are raised or briefed by Andor, Mahathi, and Mr. Tyriver; *Brown & Brown, Inc.*, 2011 WL 4380445, at *5–6 (Buckwalter, J.) (distinguishing *Tracinda* finding no agency relationship and following *Quinn Constr. Inc.* to find a broadly worded waiver or subject matter of the waiver clause insufficient to allow nonsignatory to enforce jury waiver when no agency relationship) ; *Quinn Constr., Inc*, 2010 WL 4909587, at *5–7 (McLaughlin, J.) (rejecting nonsignatory enforcement when no agency relationship even though broadly worded

waiver clause and rejecting estoppel argument but declining to hold if it applied to jury waivers definitively); *FinancialApps, LLC*, 2021 WL 131458, at *3–4 (Burke, J.) (reading *Tracinda* narrowly, finding no agency relationship, and holding consistent with presumption against waiver); *but see Taylor v. Republic Servs., Inc.*, 2013 WL 8808090, at *3–4 (E.D. Va. Apr. 16, 2013).

[56] 2014 WL 1340549, at *3 (E.D. Pa. Apr. 4, 2014).

[57] *Tracinda Corp.*, 502 F.3d at 222–23.

[58] *Selzer*, 2014 WL 1340549, at *4–5.

[59] *Tracinda Corp.*, 502 F.3d at 224 (discussing *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435 (3d Cir. 1999)).

[60] *Selzer*, 2014 WL 1340549, at *3–4.

[61] We must note the named Plaintiffs in this case are: Allscripts Healthcare, LLC, Mahathi Software, LLC, Health Grid Coordinated Care Solutions, Inc., Health Grid Holding Company, LLC, and Health Grid, LLC. Throughout the litigation, including in the operative second Amended Complaint (D.I. 41), the Plaintiffs are collectively referred to as "Allscripts."

Of the five named Plaintiffs, only two—Allscripts Healthcare, LLC and Health Grid Holding Company, LLC—are signatories to the Merger Agreement. D.I. 450-1 at 8, JA 256. We specifically raised the issue of enforcing the jury waiver by and against non-parties to the Agreement. Allscripts does not argument Mr. Toleti cannot enforce the jury waiver against Mahathi Software, LLC, Health Grid Coordinated Care Solutions, Inc., and Health Grid, LLC; Allscripts only argues Mr. Toleti cannot enforce it against Messrs. Hewitt, Franks, Seaborn, and Nash. D.I. 617 at 21–23. Thus, we assume Allscripts concedes if the jury waiver is enforceable, it is enforceable against all five named Plaintiffs which it collectively refers to as Allscripts.

[62] Fed. R. Civ. P. 39(a).

[63] *Tracinda Corp.*, 502 F.3d at 226–27 (citing MOORE'S FEDERAL PRACTICE ¶ 8–39.13 and Fed. R. Civ. P. 39(a) and discussing *United States v. Schoenborn*, 860 F.2d 1448 (8th Cir. 1988) wherein the Court of Appeals for the Eighth Circuit rejected argument Judge Devitt abused his discretion by striking a jury demand one week before trial).

[64] *Tracinda Corp.*, 502 F.3d at 226–27; see also *Keith Nicholson Servs., LLC v. Am. Petroleum Partners Operating, LLC*, 2020 WL 4480728, at *6 (W.D. Pa. May 8, 2020), *report and recommendation adopted*, 2020 WL 4475065 (W.D. Pa. Aug. 4, 2020) ("A party may move to strike a jury demand at any time under Rule 39(a)"); *Engines, Inc. v. MAN Engines & Components, Inc.*, 2012 WL 589558, at *2 (D.N.J. Feb. 22, 2012) (construing argument as laches argument and rejecting undue delay and prejudice when motion to strike jury demand filed only weeks before trial and after filing final joint pretrial order demanding trial by jury).

<hr>

[65] *Tracinda Corp.*, 502 F.3d at 226.

[66] D.I. 41 at 111.

[67] D.I. 610 at 6–7.

[68] *Tracinda Corp.*, 502 F.3d at 226–27.

[69] D.I. 548 (dated June 9, 2022).

[70] D.I. 566, 568 (filed on June 15, 2022).

[71] *See, e.g.*, *Bear, Stearns Funding, Inc. v. Interface Grp. Nevada, Inc.*, 2007 WL 3286645, at *4 (S.D.N.Y. Nov. 7, 2007), *modified in part*, 2007 WL 4051179 (S.D.N.Y. Nov. 9, 2007) (finding it "common enough practice" to move to strike the jury demand after discovery and at the same time as summary judgment by arguing in the alternative if summary judgment is denied).

[72] D.I. 41 at 111.

[73] D.I. 277 at 1.

[74] D.I. 276 at 1.

[75] D.I. 60 (Order setting pretrial conference).

[76] Tr., June 17, 2022, at 15:6–16:7.

[77] D.I. 86.

[78] D.I. 198, 363.

[79] D.I. 348, D.I. 348-1 ¶ 4.

[80] D.I. 584.

[81] D.I. 596 (relying upon *Quinn Constr., Inc.*, 2010 WL 4909587, at *4; *Coface Collections N. Am., Inc.*, 2012 WL 3782432, at *4; and *Engines, Inc.*, 2012 WL 589558, at *1).

[82] D.I. 617 at 7–12.

[83] *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotations omitted).

[84] *Compare Walton v. First Merch.'s Bank*, 820 F. App'x 450, 455 (7th Cir.), *reh'g and suggestion for reh'g en banc denied* (July 31, 2020), *cert. denied*, 141 S. Ct. 626 (2020), *reh'g denied*, 141 S. Ct. 949 (2020) (finding implicit waiver of right to enforce jury waiver by failing to raise issue

timely in any filings and anticipating a jury trial in federal court in case management plan); *Bank of New York Mellon v. Riley*, 2021 WL 2688615, at *2 (E.D. Tex. Feb. 17, 2021) (finding waiver when waited fifteen months to oppose jury demand and filed proposed scheduling order and two motions to amend the scheduling order with settings for a jury trial); *Alfaro v. Bank of Am.*, *N.A.*, 2020 WL 13348831, at *1 (S.D. Fla. Aug. 31, 2020) (finding waiver when Rule 26(f) report indicated ten day jury trial and scheduling order reflected jury trial); *Team Contractors, LLC v. Waypoint NOLA, LLC*, 2019 WL 1545177, at *2 (E.D. La. Apr. 9, 2019) (waiver when delay in filing jury demand); *Entourage Custom Jets, LLC v. Air One MRO, LLC*, 2019 WL 5597453, at *2–4 (S.D. Fla. Oct. 30, 2019) (finding waiver when party filed motion to strike late in case and filed joint status report requesting jury trial); *Sprint Nextel Corp. v. Middle Man, Inc.*, 2017 WL 119583, at *2 (D. Kan. Jan. 12, 2017) (finding waiver when party demanded jury itself with no qualification, agreed to jury trial in pretrial orders, and moved to strike jury demand late); *Affiliati Network, Inc. v. Wanamaker*, 2017 WL 7311893, at *4 (S.D. Fla. Aug. 21, 2017) (finding waiver when waited extended period of time and requested jury trial in Rule 26(f) report); *CBR Funding, LLC v. Jones*, 2015 WL 5431969, at *2 (W.D. Tenn. Sept. 15, 2015) (finding waiver when party seeking to strike jury demand filed a jury demand itself and filed all motions with jury demand in caption); *Police & Fire Ret. Sys. of City of Detroit v. Watkins*, 2013 WL 817929, at *2 (E.D. Mich. Mar. 5, 2013) (finding waiver when long delay in moving to strike jury demand, failing to object to scheduling order setting jury trial, and moved to preclude expert testimony as confusing to the jury); *Landmark Fin. Corp. v. Fresenius Med. Care Holdings, Inc.*, 863 F. Supp. 2d 118, 121 (D. Mass. 2012) (finding party estopped from invoking jury waiver provision after months of delay and when raising it six weeks before trial); *Macquarie Bank Ltd. v. Knickel*, 2012 WL 12937027, at *1 (D.N.D. Oct. 10, 2012) (finding waiver when party "essentially consented to the Court setting [the] matter for a jury trial on seven (7) occasions over the course of four years, without filing any objection or otherwise seeking to invoke any jury contractual waiver"); *with Ocean Sky Int'l, L.L.C. v. LIMU Co., L.L.C.*, 2021 WL 8532668, at *4 (W.D. La. Jan. 22, 2021) (no waiver due to time delay in raising jury waiver issue); *Cramton v. Grabbagreen Franchising LLC*, 2020 WL 5880153, at *12–13 (D. Ariz. Oct. 2, 2020) (finding no waiver); *Huntingford v. Pharmacy Corp. of Am.*, 2019 WL 1472319, at *4–6 (D.N.M. Apr. 3, 2019) (finding no waiver when delayed moving to strike); *in re RFC & ResCap Liquidating Tr. Action*, 2018 WL 6696788, at *2 (D. Minn. Dec. 20, 2018) (no waiver); *Engines, Inc.*, 2012 WL 589558, at *2 (finding no waiver when filed joint pretrial report with jury demand); *Tetra Fin. Grp., LLC v. Cell Tech Intern, Inc.*, 2009 WL 3818373, at *5 (D. Utah Nov. 13, 2009) (no waiver when plaintiff made jury demand in complaint but later tried to withdraw demand and strike defendant's demand based on contractual jury waiver); *Telephia Inc. v. Cuppy*, 2005 WL 8178031, at *4 (N.D. Cal. Dec. 5, 2005) (finding plaintiff not estopped from invoking jury waiver when made own jury demand because demanding jury "not 'clearly inconsistent'" with jury waive provision and demand sufficiently limited to preserve its rights under the contract).

[85] D.I. 12, 34, 59, 114, 277.

[86] *Id.*

[87] And for the same reasons, we cannot find the jury demands in the answers and counterclaims amount to a "writing . . . signed by the Party" making such waiver as required by the Merger Agreement. D.I. 450-1 at 81–82, JA 329–30. A "Party" did not sign the pleadings. And we do not

know what is being waived, if anything, from the jury demands in the answers and counterclaims for the reasons discussed above.

[88] *Tracinda Corp.*, 502 F.3d at 226–27 (further citation omitted).

[89] While we cannot find waiver based on the adduced evidence, we also cannot condone Mr. Toleti's lawyers' conduct. Their lack of diligent candor is unsettling. Mr. Toleti surely could have provided this information to the Court in a written submission, such as the Motion for more trial days, consistent with his raising this at the Rule 16 conference before filing his motion to strike the jury demand. He could have included a footnote qualifying although he seeks additional jury trial days, some claims will be tried to the Court as no jury right exists due to the jury waiver or the claim seeks equitable relief. We could have addressed the trial scheduling more aptly had he done so. We accept the issue may have been moot if we granted summary judgment. And we do not suggest Mr. Toleti needed to file the motion to strike the jury demand sooner than he did. We already found his motion timely and not inexcusably delayed. We caution counsel and litigants such as Mr. Toleti raising this issue at this late stage in the case raises a myriad of issues for the litigants and the Court which can be avoided with candor and just a little diligence.

[90] *Engines, Inc.*, 2012 WL 589558, at *1–2; *Coface Collections N. Am., Inc.*, 2012 WL 3782432, at *4; *Quinn Constr., Inc.*, 2010 WL 4909587, at *4.

[91] Fed. R. Civ. P. 38(d).

[92] Fed. R. Civ. P. 39(a)(1)–(2).

[93] D.I. 287–88.

[94] *Ross Dress for Less, Inc. v. Makarios-Oregon, LLC*, --- F.4th---, 2022 WL 2564019 (9th Cir. July 8, 2022) (publication in F.4th forthcoming).

[95] *Id.* at *3.

[96] *Id.*

[97] *Id.*

[98] *Id.*

[99] *Id.* at *6.

[100] *Id.*

[101] *Quinn Constr., Inc.*, 2010 WL 4909587.

[102] *Id.* at *1.

[103] *Id.*

[104] *Id.*

[105] *Id.*

[106] *Id.*

[107] *Id.* at *2.

[108] *Id.*

[109] *Id.*

[110] *Id.*

[111] *Id.* at *3.

[112] 366 F.3d 279 (3d Cir. 1966).

[113] *Quinn Constr., Inc.*, 2010 WL 4909587, at *3 (citing *Collins*, 366 F.2d at 283).

[114] *Id.*

[115] *Id.* at *4.

[116] Federal Rule of Civil Procedure 38(d) provides: "A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent."

[117] *Quinn Constr., Inc.*, 2010 WL 4909587, at *4.

[118] *Id.*

[119] *Id.*

[120] *Engines, Inc.*, 2012 WL 589558.

[121] *Coface Collections N. Am., Inc.*, 2012 WL 3782432.

[122] *Engines, Inc.*, 2012 WL 589558, at *1.

[123] *Id.*

[124] *Coface Collections N. Am., Inc.*, 2012 WL 3782432, at *4.

[125] *Id.*

[126] *Id.*

[127] *Id.*

[128] D.I. 450-1 at 5, JA 332.

[129] *Id.*

[130] D.I. 617 at 15–16.

[131] *DTN, LLC v. Pioneer Hi-Bred Int'l, Inc.*, 2018 WL 5961083, at *1 (D. Del. Nov. 14, 2018) (quoting *Coface Collections N. Am., Inc.*, 2012 WL 378432, at *1 n.2) (then citing *Collins v. Gov't of Virgin Islands*, 366 F.2d 279, 284 (3d Cir. 1966)) (internal quotations omitted).

[132] *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 99 (3d Cir. 2018).

[133] RELATED, Black's Law Dictionary (11th ed. 2019); *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2022 WL 1515120, at *10 (S.D.N.Y. May 13, 2022) (further citation and internal quotations omitted).

[134] BASE, Black's Law Dictionary (11th ed. 2019).

[135] Allscripts sued Mahathi, Andor, and Mr. Toleti for breach of the Merger Agreement. D.I. 41, Count XVIII. We granted Andor and Mahathi's Motion for summary judgment as to this claim. D.I. 548.

[136] D.I. 617 at 16.

[137] *CTF Dev., Inc. v. BML Properties Ltd.*, 2022 WL 42041, at *6 (Del. Ch. Jan. 5, 2022) (construing specific performance as equitable remedy); *see also* SPECIFIC PERFORMANCE, Black's Law Dictionary (11th ed. 2019) ("Specific performance is an equitable remedy that lies within the court's discretion to award whenever the common-law remedy is insufficient, either because damages would be inadequate or because the damages could not possibly be established."); *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 224 (3d Cir. 2009) ("An action for specific performance without a claim for damages is purely equitable and historically has always been tried to the court.") (quoting *Owens–Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185 (3d Cir. 1979)).

[138] We note Allscripts sued Mahathi and Andor for breach of the Merger Agreement. D.I. 41. We granted summary judgment in favor of Mahathi and Andor for the breach of the Merger Agreement claim. D.I. 548 ¶ A.3. Thus, Allscripts's entire claim for breach of the Merger Agreement will be tried to the Court, not the jury.

[139] Allscripts also sues Mahathi, Andor, and Mr. Tyriver for the computer-based claims. We already held they cannot enforce the jury waiver. Allscripts's computer-based claims against Mahathi, Andor, and Mr. Tyriver (Counts II and III) will be decided by the jury.

[140] D.I. 592.

[141] D.I. 4, Counts II and III.

[142] D.I. 568 at 14–15.

[143] D.I. 624 at 13.

[144] D.I. 617 at 17.

[145] D.I. 41 ¶ 2, 12–23, 27, 354–64.

[146] D.I. 524 ¶¶ 153–58; D.I. 448 ¶ 131.

[147] D.I. 447 at 22–26.

[148] D.I. 502 at 23–27.

[149] *Id.*

[150] *Id.* at 28.

[151] *Id.*

[152] Allscripts also sues Mahathi and Andor for breach of the Inventions Restrictive Covenant Agreement. We granted Mahathi and Andor's Motion for summary judgment as to this claim. D.I. 548.

Mr. Toleti also references Count "XV" as a claim upon which Allscripts waived its right to a jury trial. But this is Allscripts's claim against Mr. Bulsara for breach of his Inventions Restrictive Covenant Agreement. Mr. Bulsara did not join this Motion (D.I. 566) and is represented by separate counsel. We believe this is a typographical error as the briefing only addresses Count XIV, which is Allscripts's claim against Mr. Toleti for breach of the Restrictive Covenant Agreement. And no argument is made about this Count. Nor could Mr. Toleti raise this issue on behalf of Mr. Bulsara. Thus, we deny Mr. Toleti's Motion to the extent he sought relief to strike the jury demand for another represented party for a claim to which he is not a party.

[153] D.I. 41, Count XIV.

[154] D.I. 568 at 7–8.

[155] D.I. 617 at 18.

[156] *Id.*

[157] D.I. 450-1 at 82, JA 330 § 12.14 (emphasis added).

[158] *Id.* at 6, JA 254.

[159] *Id.* at 52, JA 300 § 7.1(e).

[160] D.I. 457-3 at 15, JA 6271 (Schedule 7.1(e) Specified Continuing Employees).

[161] D.I. 458-3 at 353–60, JA 6966–73 (Toleti executed Restrictive Covenant Agreement).

[162] Allscripts also sues Andor, Mahathi, and Mr. Tyriver for misappropriation of trade secrets. We previously held they cannot enforce the jury waiver against Allscripts. Allscripts's misappropriation of trade secrets claim against Mahathi, Andor, and Mr. Tyriver (Count VI) will be decided by the jury.

[163] D.I. 592.

[164] D.I. 568 at 11–12.

[165] *Id.*

[166] D.I. 617 at 17–18.

[167] *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021) (internal quotations omitted) (emphasis added).

[168] D.I. 41 ¶¶ 412–14.

[169] *Id.* ¶ 413.

[170] *Id.* ¶¶ 154, 167, 174–75.

[171] Allscripts also sues Andor and Mahathi for breach of the settlement agreement. We previously held they cannot enforce the jury waiver against Allscripts. Allscripts's breach of the settlement agreement claim against Andor and Mahathi (Count XIII) will be decided by the jury.

[172] D.I. 617 at 18.

[173] *Id.*

[174] D.I. 457-1 at 3, JA 5606.

[175] *Id.*

[176] D.I. 41 ¶ 515(a)–(g).

[177] D.I. 41, Count XII.

---

[178] D.I. 617 at 18.

[179] D.I. 41, Counts VIII, X, XI. Allscripts also sues Mahathi, Andor, and Mr. Tyriver for these claims. *Id.* We previously held they cannot enforce the jury waiver against Allscripts. Allscripts's claims against Mahathi, Andor, and Mr. Tyriver (Counts VIII, X, XI) will be decided by the jury.

[180] D.I. 568 at 13–14.

[181] *Id.*

[182] Allscripts also sues Mahathi and Andor for declaratory judgment. D.I. 41, Count XX. We previously held they cannot enforce the jury waiver against Allscripts. Allscripts's declaratory judgment claim against Mahathi and Andor (Count XX) will be decided by the jury.

[183] *Id.*

[184] D.I. 568 at 15–16.

[185] D.I. 617.

[186] D.I. 443.

[187] D.I. 41, Count XIX.

[188] D.I. 548.

[189] D.I. 276.

[190] Fed. R. Civ. P. 39(c)(1).

[191] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 249 (3d Cir. 2013).